# Supreme Court of Florida

_____

No. SC21-1049

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION, FLORIDA RULES OF CRIMINAL PROCEDURE, FLORIDA PROBATE RULES, FLORIDA RULES OF TRAFFIC COURT, FLORIDA SMALL CLAIMS RULES, FLORIDA RULES OF JUVENILE PROCEDURE, FLORIDA RULES OF APPELLATE PROCEDURE, AND FLORIDA FAMILY LAW RULES OF PROCEDURE.**

October 28, 2021

PER CURIAM.

Before the Court is the Joint Report on Correction of References to the Florida Rules of General Practice and Judicial Administration filed by The Florida Bar's Rules of Court Committees (Committees) proposing amendments to several rules of procedure used in Florida Courts.[1] We have jurisdiction. *See* art. V, § 2(a), Fla. Const. *See also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

---

1. The joint report was filed by the following committees: the Rules of Civil Procedure Committee, the Rules of General Practice and Judicial Administration Committee, the Criminal Procedure Rules Committee, the Probate Rules Committee, the Traffic Court

Recently, in *In re Amendments to the Florida Rules of Judicial Administration—2020 Regular-Cycle Report*, 310 So. 3d 374 (Fla. 2021), the Court amended Florida Rule of General Practice and Judicial Administration 2.110 (Scope and Purpose) to change the title of the "Florida Rules of Judicial Administration" to "Florida Rules of General Practice and Judicial Administration." *Id.* at 375-76. The Court made this change to emphasize to all Bar members that such rules are relevant not just to judges, but to those engaged in the day-to-day practice of law as well. *Id.* at 376.

To ensure the title is accurately referenced throughout the Florida rules of court procedure, the Committees propose amending several bodies of rules to replace references to the "Florida Rules of Judicial Administration" with the "Florida Rules of General Practice and Judicial Administration." The Board of Governors of The Florida Bar unanimously approved the Committees' proposal.

---

Rules Committee, the Small Claims Rules Committee, the Juvenile Court Rules Committee, the Appellate Court Rules Committee, and the Family Law Rules Committee.

Upon consideration of these straightforward amendments, the Court hereby amends various Florida rules of court procedure as proposed by the Committees, except that it declines, in this proceeding, to adopt the proposed amendments to Florida Rules of Civil Procedure 1.280 (General Provisions Governing Discovery) and 1.340 (Interrogatories to Parties), because the needed revisions have already been made by our recent decision in *In re Amendments to Florida Rules of Civil Procedure 1.280 & 1.340*, No. SC21-120 (Fla. Oct. 7, 2021).

Accordingly, the Florida Rules of Civil Procedure, Florida Rules of General Practice and Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic Court, Florida Small Claims Rules, Florida Rules of Juvenile Procedure, Florida Rules of Appellate Procedure, and Florida Family Law Rules of Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The Florida Family Law Rules of Procedure forms are fully engrossed and ready to use; these forms may be accessed and downloaded from the Florida Courts website at https://www.flcourts.org/Resources-

Services/Court-Improvement/Family-Courts/Family-Law-

Forms.  By adoption of the amended family law forms, we express

no opinion as to their correctness or applicability.

The amendments shall become effective immediately upon the

release of this opinion.  Because the amendments were not

published for comment previously, interested persons shall have

seventy-five days from the date of this opinion in which to file

comments with the Court.[2]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ,
COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER
THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

2.  All comments must be filed with the Court on or before January 11, 2022, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – Florida Rules of Civil Procedure, Florida Rules of General Practice and Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic Court, Florida Small Claims Rules, Florida Rules of Juvenile Procedure, Florida Rules of Appellate Procedure, and Florida Family Law Rules of Procedure

Jason Paul Stearns, Chair, Civil Procedure Rules Committee, Tampa, Florida; Stanford R. Solomon, Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida; Alan Scott Apte, Chair, Criminal Procedure Rules Committee, Orlando, Florida; Cady L. Huss, Chair, Florida Probate Rules Committee, Sarasota, Florida; Carter T. Hillstrom, Chair, Traffic Court Rules Committee, Fort Lauderdale, Florida; Kevin McKinley Stone, Chair, Small Claims Rules Committee, Mount Dora, Florida; Candice Kaye Brower, Chair, Juvenile Court Rules Committee, Gainesville, Florida; Laura Roe, Chair, Appellate Court Rules Committee, St. Petersburg, Florida; Ashley Elizabeth Taylor, Chair, Family Law Rules Committee, Tampa, Florida; and Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Andies Davis, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioners

**APPENDIX**

**FLORIDA RULES OF CIVIL PROCEDURE**

**RULE 1.020.   PRIVACY AND COURT RECORDS**

Every pleading or other document filed with the court must comply with Florida Rules of <u>General Practice and </u>Judicial Administration 2.420, Public Access to and Protection of Judicial Branch Records and 2.425, Minimization of the Filing of Sensitive Information.

**RULE 1.090.   TIME**

**(a)   Computation.** Computation of time shall be governed by Florida Rule of <u>General Practice and </u>Judicial Administration 2.514.

**(b)**   [NO CHANGE]

**(c)**   [NO CHANGE]

**(d)**   [NO CHANGE]

**RULE 1.170.   COUNTERCLAIMS AND CROSSCLAIMS**

**(a)-(f)** [NO CHANGE]

**(g)   Crossclaim against Co-Party.** A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action. The crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. Service of a crossclaim on a party who has appeared in the action must be made ~~pursuant to~~<u>under</u> Florida Rule of <u>General Practice and</u>

Judicial Administration 2.516. Service of a crossclaim against a party who has not appeared in the action must be made in the manner provided for service of summons.

**(h)-(j)**     [NO CHANGE]

## Committee Notes

[NO CHANGE]

## RULE 1.310.   DEPOSITIONS UPON ORAL EXAMINATION

**(a)-(e)**     [NO CHANGE]

**(f)    Filing; Exhibits.**

(1)-(2)     [NO CHANGE]

(3)    A copy of a deposition may be filed only under the following circumstances:

(A)    It may be filed in compliance with Florida Rule of <u>General Practice and </u>Judicial Administration 2.425 and rule 1.280(g) by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition must be given to all parties unless notice is waived. A party filing the deposition must furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B)    [NO CHANGE]

**(g)-(h)**     [NO CHANGE]

## Committee Notes

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**RULE 1.350.  PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES**

**(a)-(c)** [NO CHANGE]

**(d)  Filing of Documents.** Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 1.280(g) when they should be considered by the court in determining a matter pending before the court.

**Committee Notes**

[NO CHANGE]

**RULE 1.351.  PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION**

**(a)**  [NO CHANGE]

**(b)  Procedure.** A party desiring production under this rule shall serve notice as provided in Florida Rule of General Practice and Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery or e-mail and 15 days before the subpoena is issued if the service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the

documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person upon whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced pending resolution of the objection in accordance with subdivision (d).

**(c)-(f)** [NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 1.440.   SETTING ACTION FOR TRIAL

**(a)-(b)** [NO CHANGE]

**(c)     Setting for Trial**. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of <u>General Practice and </u>Judicial Administration 2.516.

**(d)**     [NO CHANGE]

### Committee Notes

[NO CHANGE]

**RULE 1.442.     PROPOSALS FOR SETTLEMENT**

**(a)-(b)**     [NO CHANGE]

**(c)     Form and Content of Proposal for Settlement.**

     (1)     [NO CHANGE]

     (2)     A proposal shall:

     (A)-(F) [NO CHANGE]

     (G)     include a certificate of service in the form required by Florida Rule of <u>General Practice and </u>Judicial Administration 2.516.

     (3)-(4) [NO CHANGE]

**(d)-(e)**     [NO CHANGE]

**(f)     Acceptance and Rejection.**

     (1)     A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal. The provisions of Florida Rule of <u>General Practice and </u>Judicial Administration 2.514(b) do not apply to this subdivision. No oral communications shall constitute an acceptance, rejection, or counteroffer under the provisions of this rule.

     (2)     [NO CHANGE]

**(g)-(j)**     [NO CHANGE]

**RULE 1.470.    EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS**

**(a)**    [NO CHANGE]

**(b)    Instructions to Jury.** The Florida Standard Jury Instructions appearing on The Florida Bar's website may be used, as provided in Florida Rule of <u>General Practice and </u>Judicial Administration 2.570, by the trial judges in instructing the jury in civil actions. Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.

**(c)**    [NO CHANGE]

**Committee Notes**

[NO CHANGE]

# FORM 1.983.  PROSPECTIVE JUROR QUESTIONNAIRE

**DIRECTIONS TO ATTORNEYS AND PRO SE LITIGANTS: Before you file a copy of this form, redact the month and date of the prospective juror's birth in question #3, but retain the year of birth. Fla. R. Gen. Prac. & Jud. Admin. 2.425(a)(2).**

QUESTIONNAIRE FOR PROSPECTIVE JURORS

1.  Name (print)

..............................................................................................
            (first)            (middle)               (last)

2.  Residence address

.........................................................................................
                        (street and number)

.........................................................................................
            (city)                        (zip)

3.  Date of Birth

.........................................................................................
Sex .................................. Occupation...............................

4.  Do you understand the English language?

......................................          ......................................
        (yes)                                (no)

5.  Do you read and write the English language?

......................................          ......................................
        (yes)                                (no)

6.  Have you ever been convicted of a crime and not restored to your civil rights?

......................................          ......................................
        (yes)                                (no)

If "yes," state the nature of crime(s), the date of the

conviction(s), and the name of the court(s) in which you were convicted:

.......................................................................................
.......................................................................................

7.   Are there any criminal charges pending against you of which you are aware?

.................................                    ...................................
        (yes)                                                (no)

If "yes," state the nature of the charge and the name of the court (s) in which the case(s) is pending:

.......................................................................................
.......................................................................................

8.   FULL TIME LAW ENFORCEMNT OFFICERS AND LAW ENFORCEMENT INVESTIGATIVE PERSONNEL ONLY. Section 40.013(2)(b), Florida Statues, provides that "[a]ny full-time federal state, or local law enforcement officer or such entities' investigative personal shall be excused from jury service unless such persons choose to serve." Do you choose to serve?

.............................                    ...................................
        (yes)                                                (no)

9.   List any official executive office you now hold with the federal, state, or .......... county government:

.......................................................................................
.......................................................................................

10.   Is your hearing good?  ...........................   ..........................
                                                (yes)                              (no)

Is your eyesight good?  ..........................   ...........................
                                        (yes)                              (no)
(The court may require a medical certificate.)

11.   Do you have any physical or mental disability that would interfere with your service as a juror?

...............................                    ...................................

|                (yes)                    |                (no)                    |

If "yes," state the nature:

.............................................................................................

(The court may require a medical certificate.)

12. Do you know of any reason (s) why you cannot serve as a juror?

|    ..............................    |    .......................................    |
|                (yes)                 |                (no)                           |

If "yes," state the reason (s):

...............................................................................................

...............................................................................................

13. EXPECTANT MOTHERS AND PARENTS ONLY: Section 30.013(4), Florida Statutes, provides that "[a]ny expectant mother and parent who is not employed full time and who has custody of a child under 6 years of age, upon request, shall be excused from jury service. Do you want to be excused under this provision?

|    ..............................    |    .......................................    |
|                (yes)                 |                (no)                           |

If "yes," what are the ages of your children?

...............................................................................................

_____

Signature

This is not a summons for jury duty. If your name is later drawn for jury service, you will be summoned by clerk of court by mail.

**NOTE:** This form does not use a caption as shown in form 1.901. It may be headed with the designation of the jury authority charged by law with the selection of prospective jurors.

# FORM 1.997.  CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.**   [NO CHANGE]

**II.**   [NO CHANGE]

**III.**   [NO CHANGE]

**IV.**   [NO CHANGE]

**V.**   [NO CHANGE]

**VI.**   [NO CHANGE]

**VII.**   [NO CHANGE]

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
_____ yes
_____ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of General Practice and Judicial Administration 2.425.

Signature _____ Fla. Bar # _____
              Attorney or party                        (Bar # if attorney)

_____
(type or print name)                         Date

## FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.** [NO CHANGE]

**II.** [NO CHANGE]

**III.** [NO CHANGE]

**IV.** [NO CHANGE]

**V.** [NO CHANGE]

**VI.** [NO CHANGE]

**VII.** [NO CHANGE]

**VIII.** [NO CHANGE]

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of <u>General Practice and </u>Judicial Administration 2.425.**

**FORM 1.999.  ORDER DESIGNATING A CASE COMPLEX**

This form order is for designating a case complex under rule 1.201 and directing the clerk of court to update the court's records and to report the case activity to the Supreme Court.

### ORDER DESIGNATING CASE A "COMPLEX CASE"

### DIRECTIONS TO THE CLERK OF COURT

THIS CAUSE was considered on [the court's own motion] [the motion of a party] to designate this case a "complex case" as defined in rule 1.201, Fla. R. Civ. P.  Being fully advised in the circumstances, the court determines that the case meets the criteria for proceeding under the rule and designates it as a "complex case."

The clerk of the court shall designate this case a "complex case," update the court's records accordingly, and report such designation and the case activity to the Supreme Court pursuant to section 25.075, Florida Statutes, and rule 2.245(a), Fla. R. <u>Gen. Prac. &</u> Jud. Admin.

DONE AND ORDERED at ………. County, Florida, on …..(date)……

_____
Judge

### FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION

### RULE 2.140.   AMENDING RULES OF COURT

**(a)   Amendments Generally.** The following procedure shall be followed for consideration of rule amendments generally other than those adopted under subdivisions (d), (e), (f), and (g):

(1)-(2) [NO CHANGE]

(3)   The Florida Bar shall appoint the following committees to consider rule proposals: Civil Procedure Rules Committee, Criminal Procedure Rules Committee, Small Claims Rules Committee, Traffic Court Rules Committee, Appellate Court

Rules Committee, Juvenile Court Rules Committee, Code and Rules of Evidence Committee, Rules of <u>General Practice and</u> Judicial Administration Committee, Probate Rules Committee, and Family Law Rules Committee.

(4) Each committee shall be composed of attorneys and judges with extensive experience and training in the committee's area of concentration. Members of the Rules of <u>General Practice and</u> Judicial Administration Committee shall also have previous rules committee experience or substantial experience in the administration of the Florida court system. The chair of each rules committee shall appoint one of its members to the Rules of <u>General Practice and</u> Judicial Administration Committee to serve as a regular member of the Rules of <u>General Practice and</u> Judicial Administration Committee to facilitate and implement routine periodic reporting by and to the Rules of <u>General Practice and</u> Judicial Administration Committee on the development and progress of rule proposals under consideration and their potential impact on other existing or proposed rules. The members of each rules committee shall serve for 3-year staggered terms, except members appointed by a rules committee chair to the Rules of <u>General Practice and</u> Judicial Administration Committee who shall serve at the pleasure of the respective rules committee chairs. The president-elect of The Florida Bar shall appoint sitting members of each rules committee to serve as chair(s) and vice chair(s) for each successive year.

(5) [NO CHANGE]

(6) The Rules of <u>General Practice and</u> Judicial Administration Committee shall serve as the central rules coordinating committee. All committees shall provide a copy of any proposed rules changes to the Rules of <u>General Practice and</u> Judicial Administration Committee within 30 days of a committee's affirmative vote to recommend the proposed change to the supreme court. The Rules of <u>General Practice and</u> Judicial Administration Committee shall then refer all proposed rules changes to those rules committees that might be affected by the proposed change.

(7)     Whenever the Rules of <u>General Practice and </u>Judicial Administration Committee receives a request to coordinate the submission of a single comprehensive report of proposed rule amendments on behalf of multiple rules committees, the general procedure shall be as follows:

(A)     The subcommittee chairs handling the matter for each committee will constitute an ad hoc committee to discuss the various committees' recommendations and to formulate time frames for the joint response. The chair of the ad hoc committee will be the assigned Rules of <u>General Practice and </u>Judicial Administration Committee subcommittee chair.

(B)     [NO CHANGE]

(C)     The Rules of <u>General Practice and </u>Judicial Administration Committee shall be responsible for filing the comprehensive final report.

**(b)-(f)** [NO CHANGE]

**(g)     Amendments to the Rules of <u>General Practice and</u> Judicial Administration.**

(1)     *Amendments Without Referral to Rules Committee.* Changes to the Rules of <u>General Practice and </u>Judicial Administration contained in Part II, State Court Administration, of these rules, and rules 2.310, and 2.320, contained in Part III, Judicial Officers, generally will be considered and adopted by the supreme court without reference to or proposal from the Rules of <u>General Practice and </u>Judicial Administration Committee. The supreme court may amend rules under this subdivision at any time, with or without notice. If a change is made without notice, the court shall fix a date for future consideration of the change and the change shall be published on the websites of the supreme court and The Florida Bar, and in *The Florida Bar News.* Any person may file comments concerning the change, in accordance with the procedures set forth in subdivision (b)(6). The court may hear oral argument on the change. Notice of the oral argument on the

- 19 -

change, if scheduled, and a copy of the change shall be provided in accordance with subdivision (d).

(2)  *Other Amendments.* Amendments to all other Rules of <u>General Practice and </u>Judicial Administration shall be referred to or proposed by the Rules of <u>General Practice and </u>Judicial Administration Committee and adopted by the supreme court as provided in subdivisions (a), (b), (c), (d), (e), and (f).

**(h)** [NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 2.215.   TRIAL COURT ADMINISTRATION

**(a)-(d)** [NO CHANGE]

**(e)   Local Rules and Administrative Orders.**

(1)   Local court rules as defined in rule 2.120 may be proposed by a majority of the circuit and county judges in the circuit. The judges shall notify the local bar within the circuit of the proposal, after which they shall permit a representative of the local bar, and may permit any other interested person, to be heard orally or in writing on the proposal before submitting it to the supreme court for approval. When a proposed local rule is submitted to the supreme court for approval, the following procedure shall apply:

(A)-(C) [NO CHANGE]

(D)   The supreme court shall consider the recommendations of the committee and may resubmit the proposals with modifications to the committee for editorial comment only. The supreme court may set a hearing on any proposals, or consider them on the recommendations and comments as submitted. If a hearing is set, notice shall be given to the chief judge of the circuit from which the proposals originated, the executive director of The Florida Bar, the chair of the Rules of <u>General Practice and </u>Judicial Administration Committee of The Florida Bar, any local bar

associations, and any interested persons who made comments on the specific proposals to be considered. The supreme court shall act on the proposals promptly after the recommendations are received or heard.

(E)-(F) [NO CHANGE]

(2)-(4) [NO CHANGE]

**(f)-(i)** [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**Criminal Court Steering Committee Note**

[NO CHANGE]

**RULE 2.240.   DETERMINATION OF NEED FOR ADDITIONAL JUDGES**

**(a)**   [NO CHANGE]

**(b)   Criteria.**

(1)   *Trial Courts.*

(A)   Assessment of judicial need at the trial court level is based primarily upon the application of case weights to circuit and county court caseload statistics supplied to the Office of the State Courts Administrator by the clerks of the circuit courts, pursuant to rule 2.245, Florida Rules of <u>General Practice and</u> Judicial Administration.  Such case weights provide a quantified measure of judicial time spent on case-related activity, translating judicial caseloads into judicial workload by factoring in the relative complexity by case type in the following manner:

(i)-(ii) [NO CHANGE]

(B)-(C)    [NO CHANGE]

(2)    *District Courts of Appeal.*

(A)    The criteria for determining the need to certify the need for increasing or decreasing the number of judges on a district court of appeal shall include the following factors:

(i)    [NO CHANGE]

(ii)    efficiency factors to be considered include: a court's ability to stay current with its caseload, as indicated by measurements such as trend in clearance rate; trends in a court's percentage of cases disposed within the time standards set forth in the Rules of <u>General Practice and </u>Judicial Administration and explanation/justification for cases not resolved within the time standards; and a court's utilization of resources, case management techniques and technologies to maximize the efficient adjudication of cases, research of legal issues, and preparation and distribution of decisions.

(iii)-(iv) [NO CHANGE]

(B)    [NO CHANGE]

**(c)**    [NO CHANGE]

**(d)    Certification Process.** The process by which certification of the need to increase or decrease the number of judges shall include:

(1)-(4)    [NO CHANGE]

(5)    The supreme court, in conjunction with the certification process under this rule, shall also consider the necessity for increasing, decreasing, or redefining appellate districts and judicial circuits as required by article V, section 9, of the Florida Constitution and as set forth in Florida Rule of <u>General Practice and </u>Judicial Administration 2.241.

**1983 Adoption.** [NO CHANGE]

**2004 Amendment.** [NO CHANGE]

**2006 Amendment.** [NO CHANGE]

**2013 Amendment.** Subdivision (d)(5) was added to ensure the certification process under rule 2.240(d) is conducted in conjunction with the related process for determinations regarding increases, decreases, or redefinition of appellate districts and judicial circuits under Florida Rule of <u>General Practice and</u> Judicial Administration 2.241.

## RULE 2.241.   DETERMINATION OF THE NECESSITY TO INCREASE, DECREASE, OR REDEFINE JUDICIAL CIRCUITS AND APPELLATE DISTRICTS

**(a)**   [NO CHANGE]

**(b)**   **Certification Process.** A certification process shall be completed in conjunction with the supreme court's annual determination regarding the need for judges under Florida Rule of <u>General Practice and</u> Judicial Administration 2.240(d) and in accordance with the following:

(1)-(8)   [NO CHANGE]

**(c)**   **Criteria for Judicial Circuits.** The following criteria shall be considered when determining the necessity for increasing, decreasing, or redefining judicial circuits as required by article V, section 9, of the Florida Constitution:

(1)   [NO CHANGE]

(2)   *Efficiency.* Factors to be considered for this criterion are the extent to which each court:

(A)   [NO CHANGE]

(B)  adjudicates a high percentage of its cases within the time standards set forth in the Rules of <u>General Practice and</u> Judicial Administration and has adequate procedures to ensure efficient, timely disposition of its cases; and

(C)  [NO CHANGE]

(3)-(5)  [NO CHANGE]

(6)  *Additional criteria.* Such other factors as are regularly considered when making a determination with respect to the need for additional judges under Florida Rule of <u>General Practice and</u> Judicial Administration 2.240(b)(1) and (c).

**(d)  Criteria for District Courts.** The following criteria shall be considered when determining the necessity for increasing, decreasing, or redefine/ng appellate districts as required by article V, section 9, of the Florida Constitution:

(1)  [NO CHANGE]

(2)  *Efficiency.* Factors to be considered for this criterion are the extent to which each court:

(A)  [NO CHANGE]

(B)  adjudicates a high percentage of its cases within the time standards set forth in the Rules of <u>General Practice and</u> Judicial Administration and has adequate procedures to ensure efficient, timely disposition of its cases; and

(C)  [NO CHANGE]

(3)-(5) [NO CHANGE]

**(e)**  [NO CHANGE]

**Committee Notes**

[NO CHANGE]

## RULE 2.420. PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS

**(a)-(j)** [NO CHANGE]

**(k) Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential.**

(1) [NO CHANGE]

(2) Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule on any affected non-party whose name or address is not confidential, the filer or movant shall use reasonable efforts to locate the affected non-party and may serve such affected non-party by any method set forth in Florida Rule of <u>General Practice and</u> Judicial Administration 2.516.

(3) Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule and the name or address of any party or affected non-party is confidential, the filer or movant must state prominently in the caption of the notice or motion "Confidential Party or Confidential Affected Non-Party — Court Service Requested." When a notice or motion so designated is filed, the court shall be responsible for providing a copy of the notice or motion to the party or affected non-party, by any method permitted in Florida Rule of <u>General Practice and</u> Judicial Administration 2.516, in such a way as to not reveal the confidential information.

**(*l*)-(m)** [NO CHANGE]

### Committee Note

[NO CHANGE]

# APPENDIX TO RULE 2.420

IN THE .....(NAME OF COURT)....., FLORIDA

CASE NO.: ..........

_____

Plaintiff/Petitioner,

v.

_____

Defendant/Respondent.

_____/

## NOTICE OF CONFIDENTIAL INFORMATION
## WITHIN COURT FILING

Pursuant to Florida Rule of <u>General Practice and</u> Judicial Administration 2.420(d)(2), I hereby certify:

(  )(1) I am filing herewith a document containing confidential information as described in Rule 2.420(d)(1)(B) and that:

(a) The title/type of document is _____, and:

(b)(  ) the entire document is confidential, or

(  ) the confidential information within the document is precisely located at : _____.

OR

(  )(2) A document was previously filed in this case that contains confidential information as described in Rule 2.420(d)(1)(B), but a Notice of Confidential Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential by the clerk of the court. I hereby notify the clerk that this confidential information is located as follows:

(a) Title/type of document: _____;

(b) Date of filing (if known): _____;

(c) Date of document: _____;

(d) Docket entry number: _____;

(e) (  ) Entire document is confidential, or

(  ) Precise location of confidential information in document:

_____.

_____
Filer's Signature

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by (e-mail) (delivery) (mail) (fax) on: (All parties and Affected Non-Parties. Note: If the name or address of a Party or Affected Non-Party is confidential DO NOT include such information in this Certificate of Service. Instead, serve the State Attorney or request Court Service. See Rule 2.420(k)) _____, on _____, 20___.

_____

Name ..........

Address ..........

Phone ..........

Florida Bar No. (if applicable) ..........

E-mail address ..........

**Note:** The clerk of court shall review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under subdivision (d)(1)(B).  The clerk shall notify the filer in writing within 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pursuant to subdivision (d)(3) of the Rule.  Fla. R. Gen. Prac. & Jud. Admin. 2.420(d)(2).

## RULE 2.451.   USE OF ELECTRONIC DEVICES

**(a)-(c)** [NO CHANGE]

### Committee Note

**2013 Adoption.** Subdivision (c), Use of Electronic Devices by Others, parallels Florida Rule of <u>General Practice and </u>Judicial Administration 2.450(a) regarding the use of electronic devices by the media.

## RULE 2.514.   COMPUTING AND EXTENDING TIME

**(a)   Computing Time.** The following rules apply in computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.

(1)   *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A)-(B) [NO CHANGE]

(C)   include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, or falls within any period of time extended through an order of the chief justice under Florida Rule of <u>General Practice and </u>Judicial Administration 2.205(a)(2)(B)(iv), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice.

(2)   *Period Stated in Hours.* When the period is stated in hours

(A)-(B) [NO CHANGE]

(C)   if the period would end on a Saturday, Sunday, or legal holiday, or during any period of time extended through an order of the chief justice under Florida Rule of <u>General Practice and </u>Judicial Administration 2.205(a)(2)(B)(iv), the period

continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice.

(3)-(6) [NO CHANGE]

**(b)** [NO CHANGE]

## RULE 2.545.   CASE MANAGEMENT

**(a)-(c)** [NO CHANGE]

**(d) Related Cases.**

(1)-(3) [NO CHANGE]

(4) The notice of related cases shall be filed with the initial pleading by the filing attorney or self-represented petitioner. The notice shall be filed in each of the related cases that are currently open and pending with the court and served on all other parties in each of the related cases, and as may be directed by the chief judge or designee. Parties may file joint notices. A notice of related cases filed pursuant to this rule is not an appearance. If any related case is confidential and exempt from public access by law, then a Notice of Confidential Information Within Court Filing as required by Florida Rule of General Practice and Judicial Administration 2.420 shall accompany the notice. Parties shall file supplemental notices as related cases become known or reasonably ascertainable.

(5)-(6) [NO CHANGE]

**(e)** [NO CHANGE]

### Committee Notes

[NO CHANGE]

**GENERAL APPLICATION**

This record retention schedule does not impose a duty to create records contained in the schedule. The purpose of the schedule is to authorize destruction of records after the retention period has elapsed. The records custodian may retain records longer than required by the schedule. This schedule authorizes destruction of records unless otherwise provided by court rule.

The retention period should be calculated from the time that the record is completed. For purposes of calculating the retention period, fiscal records should be considered completed at the end of a fiscal year. All retention periods are subject to the caveat "provided that applicable audits have been released."

The records custodian of the judicial branch entity that creates a record creates the "record copy" and is responsible for its retention in accordance with this schedule. The records custodian of the judicial branch entity that properly receives a record from outside the judicial branch has the "record copy" and is responsible for its retention in accordance with this schedule. Duplicates are only required to be retained until obsolete, superseded or administrative value is lost.

"Record Series" means a group of related documents arranged under a single filing arrangement or kept together as a unit because they consist of the same form, relate to the same subject, result from the same activity, or have certain common characteristics.

**ACQUISITION RECORDS: LIBRARY** [NO CHANGE]

**ADMINISTRATIVE CONVENIENCE RECORDS** [NO CHANGE]

**ADMINISTRATIVE RECORDS: PUBLIC OFFICIALS/COURT**

**ADMINISTRATORS** [NO CHANGE]

**ADMINISTRATIVE SUPPORT RECORDS** [NO CHANGE]

**ADVERTISEMENTS: LEGAL** [NO CHANGE]

**AFFIRMATIVE ACTION RECORDS** [NO CHANGE]

**APPLICATIONS: GUARDIAN AD LITEM, MEDIATION, OTHERS**
[NO CHANGE]

**APPLICATIONS: LIBRARY CARDS** [NO CHANGE]

**APPRAISALS: LAND PURCHASES (NOT PURCHASED)**
[NO CHANGE]

**APPRAISALS: LAND PURCHASES (PURCHASED)** [NO CHANGE]

**ARCHITECTURAL PLANS/SPECIFICATIONS: PRELIMINARY
DRAWINGS** [NO CHANGE]

**ATTENDANCE AND LEAVE RECORDS** [NO CHANGE]

**AUDITS: INDEPENDENT** [NO CHANGE]

**AUDITS: INTERNAL** [NO CHANGE]

**AUDITS: STATE/FEDERAL** [NO CHANGE]

**AUDITS: SUPPORTING DOCUMENTS** [NO CHANGE]

**BACKGROUND/SECURITY CHECKS** [NO CHANGE]

**BANK ACCOUNT AUTHORIZATION RECORDS** [NO CHANGE]

**BAR APPLICANTS: ADMITTED** [NO CHANGE]

**BAR APPLICANTS: NOT ADMITTED (WITH NO RECOMMENDATION)** [NO CHANGE]

**BAR APPLICANTS: NOT ADMITTED (WITH UNFAVORABLE RECOMMENDATION)** [NO CHANGE]

**BAR EXAMINATION/ANSWERS** [NO CHANGE]

**BAR EXAMINATION/FLORIDA PREPARED PORTION** [NO CHANGE]

**BID RECORDS: CAPITAL IMPROVEMENT SUCCESSFUL BIDS** [NO CHANGE]

**BID RECORDS: CAPITAL IMPROVEMENT UNSUCCESSFUL BIDS** [NO CHANGE]

**BID RECORDS: NON-CAPITAL IMPROVEMENT** [NO CHANGE]

**BIOGRAPHICAL FILES** [NO CHANGE]

**BUDGET RECORDS: APPROVED ANNUAL BUDGET** [NO CHANGE]

**BUDGET RECORDS: SUPPORTING DOCUMENTS** [NO CHANGE]

**BUILDING PLANS** [NO CHANGE]

**CALENDARS** [NO CHANGE]

**CASE RELATED RECORDS NOT IN THE CUSTODY OF THE CLERK AND/OR NOT IN CASE FILE**
This record series includes records that are related to a trial court records as defined in Rule 2.420, Florida Rules of <u>General Practice and</u> Judicial Administration, because they are not filed with the clerk of court and are not included in the court file. These records include, but are not limited to, drug court evaluation and progress reports, mediation reports, deferred prosecution and diversion records, and arbitration reports.  Case-related trial court

documents may be destroyed or disposed of after a judgment has become final in record accordance with the following schedule: **RETENTION:**

    (A)-(H) [NO CHANGE]

**CERTIFICATION FORWARD DOCUMENTS** [NO CHANGE]

**CHILD SUPPORT/ALIMONY DISBURSEMENT RECORDS: DETAIL** [NO CHANGE]

**CHILD SUPPORT/ALIMONY DISBURSEMENT RECORDS: SUMMARY** [NO CHANGE]

**CHILD SUPPORT/ALIMONY RECEIPT/REVENUE RECORDS: DETAIL** [NO CHANGE]

**CHILD SUPPORT/ALIMONY RECEIPT/REVENUE RECORDS: SUMMARY** [NO CHANGE]

**COMPLAINTS: CITIZENS/CONSUMERS/EMPLOYEES** [NO CHANGE]

**CONTINUING EDUCATION RECORDS** [NO CHANGE]

**CONTRACTS/LEASES/AGREEMENTS: CAPITAL IMPROVEMENT/REAL PROPERTY** [NO CHANGE]

**CONTRACTS/LEASES/AGREEMENTS: NON-CAPITAL IMPROVEMENT** [NO CHANGE]

**CORRESPONDENCE & MEMORANDA: ADMINISTRATIVE** [NO CHANGE]

**CORRESPONDENCE & MEMORANDA: PROGRAM AND POLICY DEVELOPMENT** [NO CHANGE]

**COURT REGISTRY** [NO CHANGE]

**COURT REPORTS** [NO CHANGE]

**DEEDS: PROPERTY** [NO CHANGE]

**DELAYED BIRTH (APPLICATION/CERTIFICATE/AFFIDAVITS, ETC.)** [NO CHANGE]

**DIRECTIVES/POLICIES/PROCEDURES** [NO CHANGE]

**DISASTER PREPAREDNESS DRILLS** [NO CHANGE]

**DISASTER PREPAREDNESS PLANS** [NO CHANGE]

**DISBURSEMENT RECORDS: DETAIL** [NO CHANGE]

**DISBURSEMENT RECORDS: SUMMARY** [NO CHANGE]

**DISCIPLINARY CASE FILES** [NO CHANGE]

**DRAFTS AND WORKING PAPERS** [NO CHANGE]

**DRUG TEST RECORDS** [NO CHANGE]

**ELECTRONIC FUNDS TRANSFER RECORDS** [NO CHANGE]

**ELECTRONIC RECORDS SOFTWARE** [NO CHANGE]

**EMPLOYEE PRE-COUNSELING RECORDS** [NO CHANGE]

**EMPLOYMENT EXAMINATION RECORDS** [NO CHANGE]

**ENCUMBRANCE RECORDS** [NO CHANGE]

**ENDOWMENTS, BEQUESTS AND TRUST FUND RECORDS** [NO CHANGE]

**ENVIRONMENTAL REGULATION RECORDS** [NO CHANGE]

**EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE RECORDS**
[NO CHANGE]

**EQUIPMENT/VEHICLE MAINTENANCE RECORDS** [NO CHANGE]

**EQUIPMENT/VEHICLE USAGE RECORDS** [NO CHANGE]

**EXPENDITURE PLANS: CAPITAL** [NO CHANGE]

**FACILITY RESERVATION/RENTAL RECORDS** [NO CHANGE]

**FEASIBILITY STUDY RECORDS** [NO CHANGE]

**FEDERAL AND STATE TAX FORMS/REPORTS** [NO CHANGE]

**GENERAL LEDGERS: ANNUAL SUMMARY** [NO CHANGE]

**GRAND JURY NOTES** [NO CHANGE]

**GRAND JURY RECORDS** [NO CHANGE]

**GRANT FILES** [NO CHANGE]

**GRIEVANCE FILES (EMPLOYMENT)** [NO CHANGE]

**HEALTH RECORDS: BLOOD BORNE PATHOGEN/ASBESTOS/ EXPOSURE** [NO CHANGE]

**INCIDENT REPORTS** [NO CHANGE]

**INFORMATION REQUEST RECORDS** [NO CHANGE]

**INSPECTION RECORDS: FIRE/SECURITY/SAFETY**
[NO CHANGE]

**INSPECTION REPORTS: FIRE EXTINGUISHER (ANNUAL)**
[NO CHANGE]

**INSURANCE RECORDS** [NO CHANGE]

**INVENTORY RECORDS: PHYSICAL** [NO CHANGE]

**JQC — JUDICIAL FINANCIAL DISCLOSURE FORMS**
[NO CHANGE]

**JQC — JUDICIAL COMPLAINTS** [NO CHANGE]

**JUROR NOTES** [NO CHANGE]

**JURY RECORDS** [NO CHANGE]

**KEY AND BADGE ISSUANCE RECORDS** [NO CHANGE]

**LAW OFFICE MANAGEMENT ASSISTANCE SERVICE RECORDS**
[NO CHANGE]

**LEAVE TRANSACTION REPORTS** [NO CHANGE]

**LEGISLATION RECORDS** [NO CHANGE]

**LIBRARY CIRCULATION RECORDS** [NO CHANGE]

**LITIGATION CASE FILES** [NO CHANGE]

**MAIL: UNDELIVERABLE FIRST CLASS** [NO CHANGE]

**MAILING LISTS** [NO CHANGE]

**MANAGEMENT SURVEYS/STUDIES: INTERNAL** [NO CHANGE]

**MATERIALS SAFETY RECORDS** [NO CHANGE]

**MEMORANDA — LEGAL: COURT'S DECISION-MAKING**
[NO CHANGE]

**MINUTES: OFFICIAL MEETINGS** [NO CHANGE]

**MINUTES: OFFICIAL MEETINGS (AUDIO/VISUAL RECORDINGS)**
[NO CHANGE]

**MINUTES: OFFICIAL MEETINGS (SUPPORTING DOCUMENTS)**
[NO CHANGE]

**MINUTES: OTHER MEETINGS** [NO CHANGE]

**MONTHLY DISTRIBUTION OF FINES** [NO CHANGE]

**NEWS RELEASES** [NO CHANGE]

**OPERATIONAL AND STATISTICAL REPORT RECORDS: OFFICE**
[NO CHANGE]

**OPINIONS: ETHICS** [NO CHANGE]

**OPINIONS: ETHICS (SUPPORTING DOCUMENTS)** [NO CHANGE]

**OPINIONS: LEGAL (ATTORNEY)** [NO CHANGE]

**OPINIONS: LEGAL (SUPPORTING DOCUMENTS) [NO CHANGE]**

**ORDERS: ADMINISTRATIVE**
This record series consists of administrative orders as defined in
Rule of General Practice and Judicial Administration 2.020(c).
**RETENTION:** Permanent.

**ORGANIZATION CHARTS** [NO CHANGE]

**OTHERWISE UNCATEGORIZED RECORDS** [NO CHANGE]

**PARKING DECAL/PERMIT RECORDS** [NO CHANGE]

**PAYROLL RECORDS** [NO CHANGE]

**PAYROLL RECORDS: REGISTERS (POSTED)** [NO CHANGE]

**PERSONNEL RECORDS** [NO CHANGE]

**PERSONNEL RECORDS: LOCATOR** [NO CHANGE]

**PERSONNEL RECORDS: OPS/TEMPORARY EMPLOYMENT**
[NO CHANGE]

**PETTY CASH DOCUMENTATION RECORDS** [NO CHANGE]

**POSITION DESCRIPTION RECORDS** [NO CHANGE]

**POSTAGE RECORDS** [NO CHANGE]

**PRE-PUBLICATIONS AND MEDIA ITEM RECORDS** [NO CHANGE]

**PROCLAMATIONS/RESOLUTIONS** [NO CHANGE]

**PROCLAMATIONS/RESOLUTIONS: SUPPORTING DOCUMENTS**
[NO CHANGE]

**PROGRAM/SUBJECT/REFERENCE FILES** [NO CHANGE]

**PROJECT FILES: CAPITAL IMPROVEMENT** [NO CHANGE]

**PROJECT FILES: FEDERAL** [NO CHANGE]

**PROJECT FILES: NON-CAPITAL IMPROVEMENT** [NO CHANGE]

**PROPERTY TRANSFER FORMS** [NO CHANGE]

**PUBLIC INFORMATION CASE FILES** [NO CHANGE]

**PUBLIC PROGRAM/EVENT RECORDS: CONTRACTED**
[NO CHANGE]

**PUBLIC PROGRAM/EVENT RECORDS: NON-CONTRACTED**
[NO CHANGE]

**PURCHASING RECORDS** [NO CHANGE]

**RECEIPT/REVENUE RECORDS:** [NO CHANGE]

**RECEIPT/REVENUE RECORDS: SUMMARY** [NO CHANGE]

**RECEIPTS: REGISTERED AND CERTIFIED MAIL** [NO CHANGE]

**RECRUITMENT & SELECTION PACKAGES** [NO CHANGE]

**SALARY COMPARISON REPORTS** [NO CHANGE]

**SALARY SCHEDULES** [NO CHANGE]

**SEARCH COMMITTEE RECORDS** [NO CHANGE]

**SEARCH WARRANTS SERVED: NO ARREST/NO CASE FILED** [NO CHANGE]

**SOCIAL SECURITY CONTROLLED SUMMARY RECORDS** [NO CHANGE]

**STATE AUTOMATED MANAGEMENT ACCOUNTING SYSTEM (SAMAS) REPORTS** [NO CHANGE]

**STATE AWARDS AND RECOGNITION FILES** [NO CHANGE]

**SUPPLY RECORDS** [NO CHANGE]

**SURVEILLANCE VIDEO TAPES** [NO CHANGE]

**TELEPHONE CALL RECORDS: LONG DISTANCE** [NO CHANGE]

**TRAINING MATERIAL RECORDS** [NO CHANGE]

**TRAINING RECORDS: EMPLOYEE** [NO CHANGE]

**TRANSITORY MESSAGES** [NO CHANGE]

**TRAVEL RECORDS** [NO CHANGE]

**UNCLAIMED PROPERTY RECORDS** [NO CHANGE]

**UNEMPLOYMENT COMPENSATION RECORDS** [NO CHANGE]

**VEHICLE ACCIDENT REPORTS** [NO CHANGE]

**VEHICLE RECORDS** [NO CHANGE]

**VENDOR FILES** [NO CHANGE]

**VISITOR LOGS** [NO CHANGE]

**WIRE AND ORAL COMMUNICATIONS: APPLICATIONS, ORDERS AND AUDIO RECORDINGS** [NO CHANGE]

**WITNESS SUBPOENAS/LISTS** [NO CHANGE]

**WORK ORDERS** [NO CHANGE]

**WORK SCHEDULES** [NO CHANGE]

**WORKERS' COMPENSATION RECORDS** [NO CHANGE]

## FLORIDA RULES OF CRIMINAL PROCEDURE

**RULE 3.040.    COMPUTATION OF TIME**

Computation of time shall be governed by Florida Rule of General Practice and Judicial Administration 2.514, except for the periods of time of less than 7 days contained in rules 3.130, 3.132(a) and (c), and 3.133(a).

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

## RULE 3.191.    SPEEDY TRIAL

**(a)-(h)** [NO CHANGE]

**(i)    When Time May Be Extended.** The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured. An extension may be procured by:

(1)-(4) [NO CHANGE]

(5)    administrative order issued by the chief justice, under Florida Rule of General Practice and Judicial Administration 2.205(a)(2)(B)(iv), suspending the speedy trial procedures as stated therein.

**(j)-(p)** [NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 3.211.    COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND REPORT

**(a)-(b)** [NO CHANGE]

**(c)    Written Findings of Experts.** Any written report submitted by the experts shall:

(1)-(4) [NO CHANGE]

The procedure for determinations of the confidential status of reports is governed by Rule of General Practice and Judicial Administration 2.420.

**(d)**    [NO CHANGE]

- 41 -

**Committee Notes**

[NO CHANGE]

## RULE 3.218.   COMMITMENT OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY

**(a)    Commitment; 6-Month Report.** The Department of Children and Families shall admit to an appropriate facility a defendant found not guilty by reason of insanity under rule 3.217 and found to meet the criteria for commitment for hospitalization and treatment and may retain and treat the defendant. No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report, and provide copies to all parties, which shall address the issues of further commitment of the defendant. If at any time during the 6-month period, or during any period of extended hospitalization that may be ordered under this rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment, the administrator shall notify the court by such a report and provide copies to all parties.  The procedure for determinations of the confidential status of reports is governed by Rule of <u>General Practice and</u> Judicial Administration 2.420.

**(b)-(c)** [NO CHANGE]

**Committee Notes**

[NO CHANGE]

## RULE 3.219.   CONDITIONAL RELEASE

**(a)    Release Plan.** The committing court may order a conditional release of any defendant who has been committed according to a finding of incompetency to proceed or an adjudication of not guilty by reason of insanity based on an approved plan for providing appropriate outpatient care and

treatment. When the administrator shall determine outpatient treatment of the defendant to be appropriate, the administrator may file with the court, and provide copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. The plan may be submitted by the defendant. The plan shall include:

(1)-(3) [NO CHANGE]

In its order of conditional release, the court shall specify the conditions of release based on the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant's compliance with the conditions of the release, and progress in treatment, and provide copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of <u>General Practice and</u> Judicial Administration 2.420.

**(b)-(c)** [NO CHANGE]

## Committee Notes

[NO CHANGE]

## RULE 3.220.   DISCOVERY

**(a)-(m)** [NO CHANGE]

**(n)   Sanctions.**

(1)-(2) [NO CHANGE]

(3)    Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, shall be signed by at least 1 attorney of record, as defined by Florida Rule of <u>General Practice and </u>Judicial Administration 2.505, in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and list his or her address. The

signature of the attorney constitutes a certification that the document complies with Florida Rule of <u>General Practice and</u> Judicial Administration 2.515. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:

(A)-(C) [NO CHANGE]

**(o)** [NO CHANGE]

## Committee Notes

[NO CHANGE]

## Court Commentary

[NO CHANGE]

## RULE 3.390.   JURY INSTRUCTIONS

**(a)    Subject of Instructions.** The Florida Standard Jury Instructions in Criminal Cases appearing on The Florida Bar's website may be used, as provided in Florida Rule of <u>General Practice and </u>Judicial Administration 2.570, by the presiding judge in instructing the jury in a criminal case. The presiding judge shall instruct the jury only on the law of the case before or after the argument of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial.

**(b)-(e)** [NO CHANGE]

[NO CHANGE]

**RULE 3.851.   COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a)-(b)** [NO CHANGE]

**(c)   Preliminary Procedures.**

(1)   *Judicial Assignment and Responsibilities.* Within 30 days of the issuance of mandate affirming a judgment and sentence of death on direct appeal, the chief judge shall assign the case to a judge qualified under the Rules of <u>General Practice and </u>Judicial Administration to conduct capital proceedings. The assigned judge is responsible for case management to ensure compliance with statutes, rules, and administrative orders that impose processing steps, time deadlines, and reporting requirements for capital postconviction litigation. From the time of assignment, the judge must issue case management orders for every step of the capital postconviction process, including at the conclusion of all hearings and conferences.

(2)-(5) [NO CHANGE]

**(d)-(g)** [NO CHANGE]

**(h)   After Death Warrant Signed.**

(1)   *Judicial Assignment.* The chief judge of the circuit shall assign the case to a judge qualified under the Rules of <u>General Practice and </u>Judicial Administration to conduct capital cases as soon as notification of the death warrant is received.

(2)-(9) [NO CHANGE]

**(i)-(j)** [NO CHANGE]

## Court Commentary

[NO CHANGE]

## FLORIDA PROBATE RULES

## RULE 5.030.   ATTORNEYS

**(a)-(c)** [NO CHANGE]

## Committee Notes

The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.

### Rule History

[NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.041 Service of pleadings and documents

Fla. Prob. R. 5.110(b), (c) Resident agent.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. App. P. 9.440 Attorneys.

## RULE 5.040.   NOTICE

**(a)-(e)** [NO CHANGE]

### Committee Notes

Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining in rem jurisdiction over the person's interest in the estate property. The court does not acquire personal jurisdiction over a person by service of formal notice. "The manner provided for service of formal notice" is as provided in rule 5.040(a)(3).

Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.

Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

### Rule History

[NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.030 Attorneys.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Civ. P. 1.070 Process.

Fla. R. Civ. P. Form 1.902 Summons.

## RULE 5.041.   SERVICE OF PLEADINGS AND DOCUMENTS

Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or document filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons as set forth in Florida Rule of General Practice and Judicial Administration 2.516 unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted. For purposes of this rule an interested person shall be deemed a party under rule 2.516.

If the interested person is a minor whose disabilities of nonage are not removed, and who is not represented by an attorney, then service shall be on the persons designated to accept service of process on a minor under chapter 48, Florida Statutes.

## Committee Notes

Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and documents in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and document served or filed in the administration of a guardianship or decedent's estate.

### Rule History

1984 Revision- 2010 Revision: [NO CHANGE]

2012 Revision: Portions of subdivision (b) and all of subdivisions (d), (e), (f), and (g) deleted in response to creation of Rule 2.516 of the Rules of General Practice and Judicial Administration. Committee notes revised.

2016 Revision: [NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.030 Attorneys.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.150(c) Order requiring accounting.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.240(a) Notice of administration.

Fla. Prob. R. 5.340(d) Inventory.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Civ. P. 1.080 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.042.   TIME

**(a)   Computation.** Computation of time shall be governed by Florida Rule of General Practice and Judicial Administration 2.514.

**(b)-(c)** [NO CHANGE]

**(d)   Additional Time after Service by Mail or E-mail.** Florida Rule of General Practice and Judicial Administration 2.514(b) shall apply to the computation of time following service, except for documents served by formal notice or in the manner provided for service of formal notice.

### Committee Notes

This rule is derived from Florida Rule of Civil Procedure 1.090.

**Rule History**

1984 Revision-2012 Revision: [NO CHANGE]

2016 Revision: Subdivision (d) revised to clarify that Florida Rule of General Practice and Judicial Administration 2.514(b) does not apply if a document is served by formal notice or in the manner provided for service of formal notice. Committee notes revised.

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040(a)(1) Notice.

Fla. Prob. R. 5.150 Order requiring accounting.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.340(a)–(b) Inventory.

Fla. Prob. R. 5.345 Accountings other than personal representatives' final accountings.

Fla. Prob. R. 5.395 Notice of federal estate tax return.

Fla. Prob. R. 5.400 Distribution and discharge.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Civ. P. 1.090 Time.

Fla. R. Gen. Prac. & Jud. Admin. 2.514 Computing and extending time.

## RULE 5.043.  DEPOSIT OF WILLS AND CODICILS

Notwithstanding any rule to the contrary, and unless the court orders otherwise, any original executed will or codicil, including but not limited to an electronic will, deposited with the court must be retained by the clerk in its original form and must not be destroyed or disposed of by the clerk for 20 years after submission regardless of whether the will or codicil has been permanently recorded as defined by Florida Rule of General Practice and Judicial Administration 2.430.

### Committee Notes

2012 Adoption. Florida Rule of General Practice and Judicial Administration 2.525 requires that all documents be filed with the court electronically. Although the Florida Statutes direct the deposit of a will, rather than the filing of the will, the committee believes that original wills and codicils should be retained in their original form longer than other documents filed with the court due to the unique evidentiary aspects of the actual document.  These unique aspects could be lost forever if the original document were converted to electronic form and the original destroyed.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. R. Gen. Prac. & Jud. Admin. 2.430 Retention of court records.

Fla. R. Gen. Prac. & Jud. Admin. 2.525 Electronic filing.

## RULE 5.060.  REQUEST FOR NOTICES AND COPIES OF PLEADINGS

**(a)-(b)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. Prob. R. 5.341 Estate information.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.080.  DISCOVERY, SUBPOENA, AND TAKING TESTIMONY

**(a)-(c)** [NO CHANGE]

### Committee Notes

Subdivision (b) is not intended to result in the assessment of costs, including attorney's fees, in every instance in which discovery is sought. Subdivision (c) is not intended to overrule the holdings in *In re Estate of Shaw*, 340 So. 2d 491 (Fla. 3d DCA 1976), and *In re Estate of Posner*, 492 So. 2d 1093 (Fla. 3d DCA 1986).

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.535 Court reporting.

## RULE 5.120.   ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM

**(a)-(g)** [NO CHANGE]

**Committee Notes**

**Rule History**

1977 Revision- 2012 Revision: [NO CHANGE]

2014 Revision: Amends subdivision (b)(1) to conform to Florida Rule of <u>General Practice and</u> Judicial Administration 2.425. Committee notes revised.

2020 Revision: [NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.200.   PETITION FOR ADMINISTRATION

The petition for administration shall be verified by the petitioner and shall contain:

**(a)-(k)** [NO CHANGE]

### Committee Notes

**Rule History**

1977 Revision-2012 Revision: [NO CHANGE]

2014 Revision: Subdivision (c) amended to conform to Florida Rule of <u>General Practice and</u> Judicial Administration 2.425. Committee notes revised.

2019 Revision-2020 Revision: [NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.201 Notice of petition for administration.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.210.   PROBATE OF WILLS WITHOUT ADMINISTRATION

**(a)-(d)** [NO CHANGE]

### Committee Notes

Examples illustrating when a will might be admitted to probate are when an instrument (such as a will or trust agreement) gives the decedent a power exercisable by will, such as the power to appoint a successor trustee or a testamentary power of appointment. In each instance, the will of the person holding the power has no legal significance until admitted to probate. There may be no assets, creditors' issues, or other need for a probate beyond admitting the will to establish the exercise or non-exercise of such powers.

### Rule History

1975 Revision-2011 Revision: [NO CHANGE]

2014 Revision: Subdivision (a)(3) amended to conform to ~~Florida Rule of Judicial Administration~~<u>Fla. R. Gen. Prac. &. Jud. Admin.</u> 2.425. Committee notes revised.

2020 Revision: [NO CHANGE]

### Statutory References

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.015 General definitions.

Fla. Prob. R. 5.020 Pleadings, verification; motions.

Fla. Prob. R. 5.205(a)(7) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.216 Will written in foreign language.

Fla. Prob. R. 5.230 Commission to prove will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.270 Revocation of probate.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.340.  INVENTORY

**(a)-(h)** [NO CHANGE]

### Committee Notes

Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.

Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.

Constitutional protected homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real

property appearing to be constitutional protected homestead property informs interested persons of the homestead issue.

Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The rights of beneficiaries to information contained in estate inventories is limited by section 733.604(3), Florida Statutes. Inventories of the elective estate under subdivision (f) affects a broader class of interested persons who may obtain information regarding the assets disclosed therein subject to control by the court and the confidentiality afforded such inventories under section 733.604(1) and (2).

**Rule History**

1980 Revision-2010 Revision: [NO CHANGE]

2012 Revision: The last sentence of subdivision (d) is deleted to remove duplicative requirement of filing a proof of service for a document which includes a certificate of service as provided in Fla. R. Gen. Prac. & Jud. Admin. 2.516. If service of the inventory is by service in the manner provided for service of formal notice, then proof of service should be filed as provided in rule 5.040(a)(5). Committee notes revised.

**Constitutional Reference**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.360 Elective share.

Fla. Prob. R. 5.405 Proceedings to determine homestead real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.342.   INVENTORY OF SAFE-DEPOSIT BOX

**(a)-(c)** [NO CHANGE]

### Committee Notes

Inventories and entry records, once filed, shall be afforded the same confidentiality as probate inventories.

If a safe-deposit box is opened pursuant to section 655.935 of the Florida Statutes, no written inventory of the box need be prepared or filed.

### Rule History

2003 Revision: [NO CHANGE]

2012 Revision: The last sentence of subdivision (c) is deleted to remove duplicative requirement of filing a proof of service for a document which includes a certificate of service as provided in Fla. R. Gen. Prac. & Jud. Admin. 2.516. In service of the inventory is by service in the manner provided for service of formal notice, then proof of service should be filed as provided in rule 5.040(a)(5). Committee notes revised.

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.350. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE

**(a)-(d)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory Reference**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES

After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by the personal representative, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court. The petition shall state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by the personal representative. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.

### Committee Notes

This rule represents a rule implementation of the procedure formerly found in section 733.6175, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.360.   ELECTIVE SHARE

**(a)-(e)** [NO CHANGE]

### Committee Notes

The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida's elective share statutes. Sections 732.201 *et seq.,* Florida Statutes. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040. Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the jurisdiction of the court. Rule 5.040(a)(3)(C); chapter 48, Florida Statutes, Process and Service of Process; chapter 49, Florida Statutes, Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. Section 733.604(1) and (2), Florida Statutes In fulfilling his or her obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Preexisting rights to dower and curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.

Counsel's attention is directed to Florida Ethics Opinion 76-16, dated April 4, 1977, for guidance regarding the duties of an attorney with respect to spousal rights.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. App. P. 9.020(h) Definitions.

## RULE 5.370.   SALES OF REAL PROPERTY WHERE NO POWER CONFERRED

**(a)-(b)** [NO CHANGE]

### Committee Notes

Petitions under the rule are governed by section 733.610, Florida Statutes, under which sales are voidable by interested persons if there was a conflict of interest without full disclosure and consent, unless the will or contract entered into by the decedent authorized the transaction or it was approved by the court after

notice to all interested persons, and by section 733.609, Florida Statutes, involving bad faith actions by the personal representative. Note provision for attorneys' fees.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.380.   COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.385.   DETERMINATION OF BENEFICIARIES AND SHARES

**(a)-(c)** [NO CHANGE]

### Committee Notes

This rule represents a rule implementation of the procedure formerly found in section 733.105, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

### Rule History

1988 Revision-2012 Revision: [NO CHANGE]

2014 Revision: Fla. R. Gen. Prac. & Jud. Admin. 2.425(b)(6) provides an exception for the full name of any minor "in any document or order affecting minor's ownership of real property." Committee notes revised.

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.

Fla. Prob. R. 5.205(a)(5) Filing evidence of death.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.386.   ESCHEAT

**(a)-(c)** [NO CHANGE]

### Committee Notes

This rule represents a rule implementation of the procedure formerly found in section 732.107, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.385 Determination of beneficiaries and shares.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.400.   DISTRIBUTION AND DISCHARGE

**(a)-(e)** [NO CHANGE]

### Committee Notes

The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution. If disclosure of the compensation or disclosure of the manner of determining the compensation in the petition for discharge is to be waived, the form of waiver must conform to rule 5.180(b).

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(D) Time standards for trial and appellate courts and reporting requirements.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.401.   OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING

**(a)-(f)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.400 Distribution and discharge.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.402.   NOTICE OF LIEN ON PROTECTED HOMESTEAD

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.403.   PROCEEDINGS TO DETERMINE AMOUNT OF LIEN ON PROTECTED HOMESTEAD

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.402 Notice of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.405.   PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY

**(a)-(c)** [NO CHANGE]

## Committee Notes

This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent's protected homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional protected homestead property was established by *In re Noble's Estate*, 73 So. 2d 873 (Fla. 1954).

### Rule History

1984 Revision-2012 Revision: [NO CHANGE]

2014 Revision: Amends subdivisions (b)(3) and (c) to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

### Constitutional Reference

[NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.205(a)(6) Filing evidence of death.

Fla. Prob. R. 5.340 Inventory.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.406.  PROCEEDINGS TO DETERMINE EXEMPT PROPERTY

**(a)-(c)** [NO CHANGE]

### Committee Notes

This rule establishes the procedure by which the personal representative or any interested person may petition the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and section 732.402, Florida Statutes.

Section 732.402, Florida Statutes, specifies the time within which the petition to determine exempt property must be filed, within 4 months after the date of service of the notice of administration, unless extended as provided in the statute.

### Rule History

1984 Revision-2012 Revision: [NO CHANGE]

2014 Revision: Subdivision (b)(2) amended to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425 and provide the year of birth of a minor. Committee notes revised.

### Statutory References

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.420 Disposition of personal property without administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.407.   PROCEEDINGS TO DETERMINE FAMILY ALLOWANCE

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

2003 Revision-2012 Revision: [NO CHANGE]

2014 Revision: Subdivisions (b)(1) and (b)(2) are amended to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

2019 Revision: Subdivision (c) is revised to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.430.   RESIGNATION OF PERSONAL REPRESENTATIVE

**(a)-(k)** [NO CHANGE]

### Committee Notes

In the event of resignation of a personal representative, if a joint personal representative is not serving, the successor fiduciary must file an oath and designation of a successor resident agent.

This rule was revised to implement the revisions to the probate code that govern resignation of personal representative. The committee intended to separate the procedure with respect to resignation from removal because these proceedings may differ in practice.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.310 Disqualification of personal representative; notification.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.345 Accountings other than personal representatives' final accountings.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.440. PROCEEDINGS FOR REMOVAL OF PERSONAL REPRESENTATIVE

**(a)-(d)** [NO CHANGE]

### Committee Notes

The revision of subdivision (a) of this rule by the addition of its final phrase represents a rule implementation of the procedure found in section 733.505, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.150 Order requiring accounting.

Fla. Prob. R. 5.310 Disqualification of personal representative; notification.

Fla. Prob. R. 5.345 Accountings other than personal representatives' final accountings.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.460.   SUBSEQUENT ADMINISTRATION

**(a)-(c)** [NO CHANGE]

### Committee Notes

This rule establishes a procedure for further administration after estate is closed, which may be summary in nature.

**Rule History**

[NO CHANGE]

**Statutory Reference**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.470.   ANCILLARY ADMINISTRATION

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.

Fla. Prob. R. 5.200 Petition for Administration.

Fla. Prob. R. 5.205(a)(2) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.475 Ancillary administration, short form.

Fed. R. Civ. P. 44(a) Proving an official record.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.475.   ANCILLARY ADMINISTRATION, SHORT FORM

**(a)-(f)** [NO CHANGE]

### Committee Notes

This rule represents a rule implementation of the procedure found in section 734.1025, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.

Fla. Prob. R. 5.205(a)(2) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.470 Ancillary administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM

**(a)-(e)** [NO CHANGE]

### Committee Notes

Subdivision (d) of this rule represents a rule implementation of the procedure found in section 733.704, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.470 Ancillary administration.

Fla. Prob. R. 5.475 Ancillary administration, short form.

Fla. Prob. R. 5.530 Summary administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of Pleadings and Documents

Fla. R. Gen. Prac. & Jud. Admin. 2.520 Documents

Fla. R. Gen. Prac. & Jud. Admin. 2.525 Electronic Filing.

## RULE 5.496.   FORM AND MANNER OF OBJECTING TO CLAIM

**(a)-(c)** [NO CHANGE]

### Committee Notes

This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, and adds a requirement to furnish notice of the time limitation in which an independent action or declaratory action must be filed after objection to a claim.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.498 Personal representative's proof of claim.

Fla. Prob. R. 5.499 Form and manner of objecting to personal representative's proof of claim.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

**RULE 5.498.   PERSONAL REPRESENTATIVE'S PROOF OF CLAIM**

**(a)-(b)** [NO CHANGE]

### Committee Notes

This rule represents an implementation of the procedure found in section 733.703(2), Florida Statutes, with respect to a proof of claim filed by the personal representative.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.499 Form and manner of objecting to personal representative's proof of claim.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

**RULE 5.499.    FORM AND MANNER OF OBJECTING TO PERSONAL REPRESENTATIVE'S PROOF OF CLAIM**

**(a)-(e)** [NO CHANGE]

**Committee Notes**

This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, with respect to a proof of claim filed by the personal representative. The rule recognizes the different treatment between items listed on a proof of claim as having been paid versus items listed as to be paid. An objection to an item listed as to be paid is treated in the same manner as a creditor's claim and there is a requirement to furnish notice of the time limitation in which an independent action or declaratory action must be filed after objection to a claim.

**Rule History**

[NO CHANGE]

**Statutory Reference**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.496 Form and manner of objecting to claim.

Fla. Prob. R. 5.498 Personal representative's proof of claim.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.510.   ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL

**(a)-(e)** [NO CHANGE]

### Committee Notes

This rule represents a rule implementation of the procedure formerly found in section 733.207, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

### Rule History

[NO CHANGE]

### Statutory Reference

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.200 Petition for administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.530.   SUMMARY ADMINISTRATION

**(a)-(d)** [NO CHANGE]

### Committee Notes

Verification and service of a petition for summary administration are governed by rules 5.020, 5.040, and 5.041. Section 735.206(2), Florida Statutes, relating to diligent search for, and service of the petition for summary administration on, reasonably ascertainable creditors is substantive. Nothing in this rule is intended to change the effect of the statutory amendments.

### Rule History

1977 Revision-2013 Revision: [NO CHANGE]

2014 Revision: Subdivision (a)(3) amended to provide only the year of birth of a minor to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.205(a)(3) Filing evidence of death.

Fla. R. Gen. Prac. & Jud. Admin. 2.420 Public access to judicial branch records.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the filing of sensitive information.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.550.  PETITION TO DETERMINE INCAPACITY

**(a)-(f)** [NO CHANGE]

### Committee Notes

### Rule History

1980 Revision-2006 Revision: [NO CHANGE]

2014 Revision: Amends subdivision (a)(7) to conform with Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

2016 Revision-2020 Revision: [NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040(a)(3) Notice.

Fla. Prob. R. 5.800(a) Application of revised chapter 744 to existing guardianships.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

**RULE 5.555.   GUARDIANSHIPS OF MINORS**

**(a)-(f)** [NO CHANGE]

## Committee Notes

The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.

### Rule History

1991 Revision-2006 Revision: [NO CHANGE]

2014 Revision: Fla. R. Gen. Prac. & Jud. Admin. 2.425(b)(4) – (5) provides exceptions for using the birth date of any minor "whenever the birth date is necessary for the court to establish or maintain subject matter jurisdiction," as well as using the full name in situations in which the "name of the minor in any order relating to parental responsibility, time-sharing, or child support." Committee notes revised.

2020 Revision: [NO CHANGE]

### Statutory References

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.541 Recording of hearings.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.620 Inventory.

Fla. Prob. R. 5.636 Settlement of minors' claims.

Fla. Prob. R. 5.690 Initial guardianship report.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.560.  PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON

**(a)-(c)** [NO CHANGE]

### Committee Notes

**Rule History**

1975 Revision-2006 Revision: [NO CHANGE]

2014 Revision: Fla. R. Gen. Prac. & Jud. Admin. 2.425(b)(4) – (5) provides exceptions for using the birth date of any minor "whenever the birth date is necessary for the court to establish or maintain subject matter jurisdiction," as well as using the full name in situations in which the "name of the minor in any order relating to parental responsibility, time-sharing, or child support." Committee notes revised.

2016 Revision-2020 Revision: [NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.590.    APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING

**(a)-(d)** [NO CHANGE]

### Committee Notes

**Rule History**

1988 Revision-2008 Revision: [NO CHANGE]

2014 Revision: Amends subdivisions (a)(1)(B) and (b)(1)(B) to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Creates a rule reference. Committee notes revised.

2014 Revision: [NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.620.   INVENTORY

**(a)-(e)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.690 Initial guardianship report.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.630.   PETITION FOR APPROVAL OF ACTS

**(a)-(d)** [NO CHANGE]

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.636 Settlement of minors' claims.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.636.   SETTLEMENT OF MINORS' CLAIMS

**(a)-(f)** [NO CHANGE]

### Committee Notes

When a civil action is pending, the petition for approval of settlement should be filed in that civil action. In all other circumstances, the petition for approval of settlement should be

filed in the same court and assigned to a judge who would preside over a petition for appointment of guardian of a minor.

The total settlement to be considered under subdivisions (d) and (e) is not limited to the amounts received only by the minor, but includes all settlement payments or proceeds received by all parties to the claim or action. For example, the proposed settlement may have a gross value of $60,000, with $30,000 payable to the minor and $30,000 payable to another party. In that instance the total proposed settlement exceeds $50,000. Further, the "gross amount payable" under subdivision (e) is the total sum payable, without reducing the settlement amount by fees and costs that might be paid from the proceeds of the settlement. For example, if the proposed settlement is $60,000 but $20,000 of that sum will be paid to the attorneys representing the minor's interest in the action, the "gross amount payable" still exceeds $50,000. Likewise, the "gross amount payable" cannot be reduced to reflect the present value of the proposed settlement on behalf of the minor.

**Rule History**

1992 Revision-2006 Revision: [NO CHANGE]

2014 Revision: Amends subdivision (b)(1) to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

2019 Revision: [NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.630 Petition for approval of acts.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.646.   STANDBY GUARDIANS

**(a)-(c)** [NO CHANGE]

### Committee Notes

The standby guardian must file an oath pursuant to rule 5.600 before commencing the exercise of authority as guardian. Prior to appointment, the standby guardian must file an application pursuant to rule 5.590.

Section 393.12(10), Florida Statutes, provides that a guardian advocate shall have all of the duties, responsibilities, and powers of a guardian under Chapter 744, Florida Statutes. However, section 744.304 authorizes the appointment of a standby guardian only for a minor or incapacitated person.

### Rule History

2006 Revision-2008 Revision: [NO CHANGE]

2014 Revision: Subdivision (c)(1)(B) amended to conform to Fla. R. Gen. Prac. & Jud. Admin. 2.425. Committee notes revised.

2016 Revision: [NO CHANGE]

### Statutory Reference

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.590 Application for appointment as guardian; disclosure statement; filing.

Fla. Prob. R. 5.600 Oath.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.650.    RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR

**(a)-(k)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.660.   PROCEEDINGS FOR REMOVAL OF GUARDIAN

**(a)-(e)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. R. Gen. Prac. & Jud. Admin. 2.420 Public access to judicial branch records.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.670.   TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD

**(a)-(h)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.680 Termination of guardianship.

Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.680.   TERMINATION OF GUARDIANSHIP

**(a)-(g)** [NO CHANGE]

### Committee Notes

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.552 Voluntary guardianship of property.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.690.   INITIAL GUARDIANSHIP REPORT

**(a)-(b)** [NO CHANGE]

### Committee Notes

The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a document must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.

In the event the guardian of the property and the guardian of the person are not the same entity or person, they shall make a good faith effort to jointly file the initial guardianship report.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.620 Inventory.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.695.   ANNUAL GUARDIANSHIP REPORT

**(a)-(b)** [NO CHANGE]

### Committee Notes

The annual guardianship report consists of the annual plan for the guardian of the person and the annual accounting for the guardian of the property.

For annual guardianship reports regarding minors, see rule 5.555.

With approval of the court, service on the ward may be accomplished by service on the attorney for the ward, if any. The committee was concerned that actual service on a ward of the accounting or guardianship plan may give uninterested persons access to financial or personal information to the detriment of the ward. The committee believes that under such circumstances, the guardian of the property could seek an order under section

744.371(5), Florida Statutes, even if the ward's circumstances were set out in detail in a pleading other than the annual guardianship report. Such court order may be sought in appropriate circumstances at the time of the initial hearing to determine incapacity.

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.552 Voluntary guardianship of property.

Fla. Prob. R. 5.555 Guardianships of minors.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. Prob. R. 5.800(b) Application of revised chapter 744 to existing guardianships.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.696.   GUARDIAN ACCOUNTING

**(a)-(g)** [NO CHANGE]

## Committee Notes

The purpose of this substantial revision is for guardian accountings to conform to rule 5.346 and the Fiduciary Accounting Principles and Model Formats and commentaries incorporated into rule 5.346. As set forth in subdivision (b)(1), the starting balance shall be the ending balance of the preceding accounting, or if none, the value of assets on the inventory.

Attached, as Appendix A, is a model accounting format which is only a suggested form.

### Rule History

[NO CHANGE]

### Statutory References

[NO CHANGE]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.346 Fiduciary Accounting.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.695 Annual guardianship report.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.700.   OBJECTION TO GUARDIANSHIP REPORTS

**(a)-(c)** [NO CHANGE]

**Committee Notes**

**Rule History**

[NO CHANGE]

**Statutory References**

[NO CHANGE]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## FLORIDA RULES OF TRAFFIC COURT

## RULE 6.350. COMPUTATION OF TIME

Computation of time of time shall be governed by Florida Rule of General Practice and Judicial Administration 2.514.

## RULE 6.575. RETENTION OF CASE FILES

Case files shall be retained as required by Florida Rule of <u>General Practice and</u> Judicial Administration 2.430.

**Committee Notes**

[NO CHANGE]

**FLORIDA SMALL CLAIMS RULES**

**RULE 7.040.  CLERICAL AND ADMINISTRATIVE DUTIES OF CLERK**

**(a)** [NO CHANGE]

**(b)  Records.**  The clerk shall maintain records in which accurate entries of all actions brought before the court and notations of the proceedings shall comply with Florida Rule of <u>General Practice and</u> Judicial Administration 2.425 and shall be made:

(1)-(8) [NO CHANGE]

**Court Commentary**

[NO CHANGE]

**Committee Note**

[NO CHANGE]

**FLORIDA SMALL CLAIMS RULES**

**RULE 7.050.  COMMENCEMENT OF ACTION; STATEMENT OF CLAIM**

**(a)** [NO CHANGE]

**(b)  Parties.** The names, addresses, and, if known, telephone numbers, including area code, of all parties or their attorneys, if

any, must be stated on the statement of claim. A party not represented by an attorney may include an e-mail address. Additionally, attorneys must include their Florida Bar number on all papers filed with the court, as well as an e-mail address, in compliance with the Florida Rules of General Practice and Judicial Administration 2.515 and 2.516.  A statement of claim shall not be subject to dismissal for the failure to include a telephone number.

**(c)-(e)** [NO CHANGE]

## Committee Notes

[NO CHANGE]

## Court Commentary

[NO CHANGE]

**RULE 7.080.     SERVICE AND FILING OF PLEADINGS AND DOCUMENTS OTHER THAN STATEMENT OF CLAIM**

**(a)** [NO CHANGE]

**(b)     How Made.** When a party is represented by an attorney, service of papers other than the statement of claim and summons/notice to appear shall be made on the attorney unless the court orders service to be made on the party. Service on an attorney or a party not represented by an attorney must be made in compliance with Florida Rule of General Practice and Judicial Administration 2.516.

**(c)** [NO CHANGE]

**(d)     Filing with the Court Defined.** The filing of documents with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the documents to

be filed with the judge, in which event the judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge. Parties represented by an attorney must file documents in compliance with the electronic filing (e-filing) requirements set forth in Florida Rule of <u>General Practice and</u> Judicial Administration 2.525. Parties not represented by an attorney may file documents in compliance with the e-filing requirement if permitted by the Florida Rules of <u>General Practice and</u> Judicial Administration.

**(e)-(f)** [NO CHANGE]

## Court Commentary

[NO CHANGE]

## FORM 7.315.   DESIGNATION OF E-MAIL ADDRESS FOR PARTY NOT REPRESENTED BY AN ATTORNEY

(CAPTION)

DESIGNATION OF E-MAIL ADDRESS FOR PARTY
NOT REPRESENTED BY AN ATTORNEY

Pursuant to Florida Rule of <u>General Practice and</u> Judicial Administration 2.516, I, .....(name)....., designate the below e-mail address(es) for electronic service of all documents related to this case.

By completing this form, I am authorizing the court, clerk of court, and all parties to send copies of notices, orders, judgments, motions, pleadings, or other written communications to me by e-mail or through the Florida Courts E-filing Portal.

I will file a written notice with the clerk of court if my current e-mail address changes.

.....(designated e-mail address).....

.....(secondary designated e-mail address(es) (if any)).....

I certify that a copy hereof has been furnished to the clerk of court for .......... County and .....(insert name(s) and address(es) of parties used for service)..... by .....(e-mail) (hand delivery) (mail)..... on .....(date)......

.....(signature).....
.....(printed name).....
.....(e-mail address).....
.....(address).....
.....(phone number).....

## Committee Note

[NO CHANGE]

### FORM 7.322.  SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

(CAPTION)

STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

.....(Plaintiff's Name(s) and Address(es)).....

.....(Defendant's Names(s) and addresses(es)).....

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the ..... in Courtroom #....., located at ...................., on .....(date)....., at .....(time)....., for a PRETRIAL CONFERENCE before this court.

**IMPORTANT—READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES—APPEAR IN PERSON OR BY ATTORNEY**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in

the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on …..(date)……

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### Committee Note

Pursuant to Florida Rule of General Practice and Judicial Administration 2.540(c), the advisement regarding accommodations shall be in bold face, 14-point font Times New Roman or Courier font.

**FORM 7.323.  PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL**


(CAPTION)

.....(Plaintiff's Name).....

.....(Plaintiff's Address).....

.....(Plaintiff's Telephone Number).....

.....(Plaintiff's E-mail Address (optional if pro se)).....

Represented by .....(self, agent, attorney [include agent or attorney's name]).....

.....(Defendant's Name).....

.....(Defendant's Address).....

.....(Defendant's Telephone Number).....

.....(Defendant's E-mail Address (optional if pro se)).....

Represented by .....(self, agent, attorney [include agent or attorney's name]).....

## PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL

1.   DEFENDANT:                                    ISSUES:
　　____ denies liability and damages    ___ Liability and damages
　　____ admits liability – denies damages___ Liability only
　　____ granted ___ days to file a          ____ Damages only
counterclaim and/or third-party complaint

2.   WITNESSES (total)
_____ Plaintiff    ____ Defendant        ____ Parties advised of
                                                      availability of subpoena power

_____ Parties advised of probable need for an expert testimony from

_____
_____.

3.   EXHIBITS, DOCUMENTS, AND TANGIBLE EVIDENCE

Parties are instructed that within ___ days of this order they must furnish the names and addresses of all witnesses they intend to call at trial and to permit inspection, by appointment, or furnish copies of any exhibits, documents, or tangible evidence that they intend to use at trial to the other party in this case.

Plaintiff Witnesses: _____
_____

Description of Plaintiff's exhibits, documents, tangible evidence to be used at trial: _____

_____

Defendant Witnesses: _____

_____

Description of Defendant's exhibits, documents, tangible evidence to be used at trial: _____

_____

_____

4.     DISCOVERY MAY BE HAD IN ACCORDANCE WITH SMALL CLAIMS RULE 7.020.

5.     STIPULATION OR OTHER:
       TRIAL DATE: .....(date)....., at .....(time)....., for ..... hour(s)
       PLACE: ............... County Courthouse, ..............., Courtroom No. ....., ..............., FL
       JUDGE: ..............., Telephone No.: ..........
       ORDERED ON .....(date)......


                                    _____
                                    Judge's Signature

                                    _____
                                    Judge's printed name

IMPORTANT—TURN OVER AND READ TRIAL INSTRUCTIONS ON REVERSE SIDE.

RECEIVED FOR: _____     _____
                 For Plaintiff                      For Defendant
[The following instructions are to be placed on the reverse side of the order and notice of trial.]

IMPORTANT — READ CAREFULLY!

YOU HAVE NOW ATTENDED A PRETRIAL CONFERENCE ON A SMALL CLAIMS ACTION. THIS WILL BE THE ONLY NOTICE YOU WILL RECEIVE CONCERNING YOUR TRIAL DATE AND WHAT YOU NEED TO DO TO PREPARE FOR YOUR TRIAL. DO NOT LOSE THIS ORDER AND NOTICE OF TRIAL. YOU ARE NOW SCHEDULED FOR A TRIAL AS LISTED ON THE REVERSE SIDE OF THIS PAPER. MAKE SURE YOU ARE AWARE OF ALL OF THE FOLLOWING:

1.      NONJURY TRIAL—You are now scheduled for a nonjury trial before a county court judge.

2.      TRIAL DATE—Do not forget your trial date. Failure to come to court on the given date at the right time may result in your losing the case and the other party winning.

3.      EXCHANGE OF DOCUMENTS AND INFORMATION—If the judge told you to submit any documents or give any information to the other party (such as a list of your witnesses' names and addresses), DO IT. Failure to do this as directed by the judge may cause court sanctions against you such as extra court costs, contempt of court, or delays.

4.      COUNTERCLAIMS—If you are the plaintiff and you have been given a written notice that a counterclaim has been filed against you in this lawsuit, this means that you are now being sued by the defendant. Also, if at the pretrial conference the judge allowed the defendant a certain number of days to file a counterclaim, the defendant must file that counterclaim within that number of days from the date of this pretrial conference order. If the defendant does that, the defendant has a claim now pending against you. If, at the time of the trial, the counterclaim has been properly filed, there are 2 lawsuits being considered by the judge at the same time: the plaintiff's suit against the defendant and the defendant's suit against the plaintiff. In the event that both claims are settled by the parties, both parties should notify the Clerk of the County Court, Civil Division, _____, IN WRITING, of the settlement. Only after both the plaintiff and the defendant have notified the

- 110 -

clerk in writing of the settlement is it not necessary for the parties to appear in court. Settlement of one claim, either the plaintiff's claim against the defendant or the defendant's claim against the plaintiff, has no effect as to the other claim, and that remaining claim will proceed to trial on the trial date listed on the pretrial conference order.

5.     THIRD-PARTY COMPLAINTS—If you are the defendant and you believe that the plaintiff may win the suit against you, but, if the plaintiff does, someone else should pay you so you can pay the plaintiff, then you must file a third-party complaint against that person and serve that person with notice of your claim. Once served, that person must appear in court as you have to answer your complaint against that person. This must be done prior to trial within the time allowed you by the judge.

6.     TRIAL PREPARATION—Bring all witnesses and all documents and all other evidence you plan to use at the trial. There is only one trial! Have everything ready and be on time. If the judge advised you at the pretrial conference hearing that you needed something for the trial, such as an expert witness (an automobile mechanic, an automobile body worker, a carpenter, a painter, etc.) or a particular document (a note, a lease, receipts, statements, etc.), make sure that you have that necessary person or evidence at the trial. Written estimates of repairs are usually not acceptable as evidence in court unless both parties agree that the written estimates are proper for the judge to consider or unless the person who wrote the estimates is present to testify as to how that person arrived at the amounts on the estimates and that those amounts are reasonable in that particular line of business.

7.     COURT REPORTER AND APPEALS—Your nonjury trial will not be recorded. If you wish a record of the proceedings, a court reporter is necessary and must be hired at your own expense. Appeals to a higher court because you are not satisfied with the

outcome of the trial are governed by special rules. One of these rules requires that the appellate court have a complete record of the trial to review for errors. If you do not have a court reporter at your trial, your chances for success on appeal will be severely limited.

8.      SETTLEMENT—If all parties agree on settlement of all claims before trial, each party must notify the judge by telephone so that the allotted trial time may be reassigned to someone else. Immediately thereafter, the parties must, in writing, notify the clerk of the settlement, and the court will thereafter dismiss the case. The mailing address is: Clerk of the County Court, Civil Division, _____ _____.

9.      ADDRESS CHANGES—All changes in mailing addresses must be furnished in writing to the clerk and to the opposing party.

10.     ADDITIONAL PROBLEMS—For anything you do not understand about the above information and for any additional questions you may have concerning the preparation of your case for trial, please contact the Clerk of the County Court, Civil Division, in person or by telephone (__) _____. The clerk is not authorized to practice law and therefore cannot give you legal advice on how to prove your case. However, the clerk can be of assistance to you in questions of procedure. If you need legal advice, please contact an attorney of your choice. If you know of none, call the _____ County Bar Association, Lawyer Referral Service, for assistance, (__) _____.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled**

**appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Committee Note**

Pursuant to Florida Rule of <u>General Practice and </u>Judicial Administration 2.540(c), the advisement regarding accommodations shall be in bold face, 14-point font Times New Roman or Courier font.

**FLORIDA RULES OF JUVENILE PROCEDURE**

**RULE 8.004.   ELECTRONIC FILING**

**(a)**    All documents that are court records, as defined in Florida Rule of <u>General Practice and </u>Judicial Administration 2.430(a)(1), are to be filed by electronic transmission, consistent with the requirements of Florida Rule of <u>General Practice and </u>Judicial Administration 2.525, provided that:

(1)-(3) [NO CHANGE]

**(b)**    [NO CHANGE]

**(c)**    The following paper documents or other submissions may be manually submitted to the clerk for filing under the following circumstances:

(1)-(2) [NO CHANGE]

(3) by attorneys excused from e-mail service pursuant to these rules or Florida Rule of <u>General Practice and </u>Judicial Administration 2.516;

(4)-(8) [NO CHANGE]

**(d)**    [NO CHANGE]

**(e)**    Where these rules are silent, Florida Rule of <u>General Practice and </u>Judicial Administration 2.525 controls.

**(f)**    Electronic transmission may be used by a court for the service of all orders, pursuant to Florida Rule of <u>General Practice and </u>Judicial Administration 2.516, and for the service of filings pursuant to any ECF Procedures, provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the supreme court of ECF Procedures containing the specific procedures and program to be used in transmitting the orders and filings.

## RULE 8.085.   PREHEARING MOTIONS AND SERVICE

**(a)**    [NO CHANGE]

**(b)**    **Service of Pleadings and Papers.**

(1)    [NO CHANGE]

(2)    *How Made.* When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.  Service upon the attorney or party shall be made by electronic mail (e-mail) consistent with the requirements of Florida Rule of <u>General Practice and </u>Judicial Administration 2.516, unless the parties stipulate otherwise. Service on or by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy or by mailing it to the attorney or party's last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:

(A)-(E) [NO CHANGE]

(3)-(6) [NO CHANGE]

**(c)-(h)**  [NO CHANGE]

## Committee Notes

[NO CHANGE]

## RULE 8.180.  COMPUTATION AND ENLARGEMENT OF TIME

**(a)**  **Computation.** Computation of time shall be governed by Florida Rule of <u>General Practice and </u>Judicial Administration 2.514, except for rules 8.013 and 8.010, to which rule 2.514(a)(2)(C) shall not apply and the statutory time period shall govern.

**(b)**  [NO CHANGE]

## RULE 8.240.  COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME

**(a)**  **Computation.** Computation of time shall be governed by Florida Rule of <u>General Practice and </u>Judicial Administration 2.514, except for rules 8.300 and 8.305, to which rule 2.514(a)(2)(C) shall not apply and the statutory time period shall govern.

**(b)-(d)** [NO CHANGE]

## RULE 8.257.  GENERAL MAGISTRATES

**(a)-(c)** [NO CHANGE]

**(d)**  **Hearings.**

(1) [NO CHANGE]

(2)  The general magistrate shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of <u>General Practice and </u>Judicial Administration

- 115 -

2.535(g)(3) or by a court reporter. The parties may not waive this requirement.

(3)     The general magistrate shall have authority to examine under oath the parties and all witnesses on all matters contained in the referral, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to use communications equipment as defined and regulated by Florida Rule of General Practice and Judicial Administration 2.530.

(4) [NO CHANGE]

**(e)-(h)**     [NO CHANGE]

## RULE 8.630.   COMPUTATION AND ENLARGEMENT OF TIME

**(a)     Computation.** Computation of time shall be governed by Florida Rule of General Practice and Judicial Administration, except for rule 8.655, to which 2.514(a)(2)(C) shall not apply and the statutory time period shall govern.

**(b)-(c)**     [NO CHANGE]

**FLORIDA RULES OF APPELLATE PROCEDURE**

## RULE 9.010.   EFFECTIVE DATE; SCOPE; APPLICABILITY OF FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION

These rules, cited as "Florida Rules of Appellate Procedure," and abbreviated "Fla. R. App. P.," shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the supreme court, the district courts of appeal,

and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment.

The Florida Rules of General Practice and Judicial Administration are applicable in all proceedings governed by these rules, except as otherwise provided by these rules. These rules shall supersede all conflicting statutes and, as provided in Florida Rule of General Practice and Judicial Administration 2.130, all conflicting rules of procedure.

**Committee Notes**

[NO CHANGE]

## RULE 9.020.   DEFINITIONS

The following terms have the meanings shown as used in these rules:

**(a)-(j)**      [NO CHANGE]

**(k)**    **Signed.** A signed document is one containing a signature as provided by Florida Rule of General Practice and Judicial Administration 2.515(c).

**(*l*)**    [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**RULE 9.040.   GENERAL PROVISIONS**

**(a)-(h)**     [NO CHANGE]

**(i)     Request to Determine Confidentiality of Appellate Court Records.** Requests to determine the confidentiality of appellate records are governed by Florida Rule of General Practice and Judicial Administration 2.420.

**(j)     Public Availability of Written Opinions.** Except for written opinions determined to be confidential under Florida Rule of General Practice and Judicial Administration 2.420, the court shall make publicly available on the court's website all written opinions entered on an appeal or petition. Each written opinion made publicly available shall be text searchable and in a Portable Document Format ("PDF").

**Committee Notes**

[NO CHANGE]

**RULE 9.045.   FORM OF DOCUMENTS**

**(a)     Generally.** All documents, as defined in Florida Rule of General Practice and Judicial Administration 2.520(a), filed with the court shall comply with Florida Rule of General Practice and Judicial Administration 2.520 and with this rule. If filed in electronic format, parties shall file only the electronic version.

**(b)-(c)**     [NO CHANGE]

**(d)     Signature.** All documents filed with the court must be signed as required by Florida Rule of General Practice and Judicial Administration 2.515.

**(e)**     [NO CHANGE]

**RULE 9.050.   MAINTAINING PRIVACY OF PERSONAL DATA**

**(a)  Application.** Unless otherwise required by another rule of court or permitted by leave of court, all briefs, petitions, replies, appendices, motions, notices, stipulations, and responses and any attachment thereto filed with the court shall comply with the requirements of Florida Rule of <u>General Practice and</u> Judicial Administration 2.425.

**(b)-(c)**  [NO CHANGE]

## RULE 9.100.   ORIGINAL PROCEEDINGS

**(a)-(c)**  [NO CHANGE]

**(d)  Orders Excluding or Granting Access to Press or Public.**

(1)  A petition to review an order excluding the press or public from, or granting the press or public access to, any proceeding, any part of a proceeding, or any records of the judicial branch, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral, but no later than 30 days after rendition of the order. A copy of the petition shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, the parties to the proceeding, and any affected non-parties, as defined in Florida Rule of <u>General Practice and</u> Judicial Administration 2.420.

(2)-(3)  [NO CHANGE]

**(e)-(k)**  [NO CHANGE]

### Committee Notes

[NO CHANGE]

### Court Commentary

**RULE 9.140.   APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a)-(e)**     [NO CHANGE]

**(f)    Record.**

(1)    [NO CHANGE]

(2)    *Transcripts.*

(A)-(B)     [NO CHANGE]

(C)    Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall serve the designation on the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the transcripts for the court and sufficient paper copies for all parties exempt from service by e-mail as set forth in Florida Rule of <u>General Practice and </u>Judicial Administration 2.516.

(D)    [NO CHANGE]

(E)    In state appeals, the state shall serve a designation on the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in Florida Rule of <u>General Practice and </u>Judicial Administration 2.516. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.

(F)    [NO CHANGE]

(3)-(6)     [NO CHANGE]

**(g)-(i)**     [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**RULE 9.146.** **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a)-(e)**  [NO CHANGE]

**(f)**  **Confidentiality.** All documents that are filed in paper format under seal shall remain sealed in the office of the clerk of the court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered, pursuant to Florida Rule of <u>General Practice and</u> Judicial Administration 2.420.

**(g)**  **Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

(1)  [NO CHANGE]

(2)  *The Record.*

(A)  [NO CHANGE]

(B)  Transcripts of Proceedings. The appellant shall file a designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation shall be served on the court reporter on the date of filing and shall state that the appeal is from a final order of termination of parental rights or of dependency, and that the court

reporter shall provide the transcript(s) designated within 20 days of the date of service.  Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in Florida Rule of General Practice and Judicial Administration 2.516. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter shall request an extension of time, shall state the number of additional days requested, and shall state the extraordinary reasons that would justify the extension.

(C)    Directions to the Clerk, Duties of the Clerk, Preparation and Transmission of the Record. The appellant shall file directions to the clerk with the notice of appeal. The clerk shall electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is electronically transmitted to the court, the clerk shall simultaneously electronically transmit the record to the Department of Children and Families, the guardian ad litem, counsel appointed to represent any indigent parties, and shall simultaneously serve copies of the index to all nonindigent parties, and, upon their request, copies of the record or portions thereof. The clerk shall provide the record in paper format to all parties exempt from electronic service as set forth in the Florida Rules of General Practice and Judicial Administration.

(3)-(7)    [NO CHANGE]

**(h)**   [NO CHANGE]

**(i)    Ineffective Assistance of Counsel for Parents' Claims—Special Procedures and Time Limitations Applicable to**

**Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims.**

(1)-(3)   [NO CHANGE]

(4)   *Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal.* If an appeal is pending, a parent may file a motion claiming ineffective assistance of counsel pursuant to Florida Rule of Juvenile Procedure 8.530 if the filing occurs within 20 days of rendition of the order terminating parental rights.

(A)   [NO CHANGE]

(B)   Supplemental Record; Transcripts of Proceedings. The appellant shall file a second designation to the court reporter, including the name(s) of the individual court reporter(s). The appellant shall serve the designation on the court reporter on the date of filing and shall state that the appeal is from an order of termination of parental rights, and that the court reporter shall provide the transcript of the hearing on the motion claiming ineffective assistance of counsel within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the transcript and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of <u>General Practice and </u>Judicial Administration. If extraordinary reasons prevent the reporter from preparing the transcript within the 20 days, the reporter shall request an extension of time, state the number of additional days requested, and state the extraordinary reasons that would justify the extension.

(C)   [NO CHANGE]

**Committee Notes**

**RULE 9.200.   THE RECORD**

**(a)-(c)**      [NO CHANGE]

**(d)   Preparation and Transmission of Electronic Record.**

(1)    The clerk of the lower tribunal shall prepare the record as follows:

(A)    The clerk of the lower tribunal shall assemble the record on appeal and prepare a cover page and a complete index to the record. The cover page shall include the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48-point bold font. Consistent with Florida Rule of <u>General Practice and</u> Judicial Administration 2.420(g)(8), the index shall indicate any confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record page number. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be kept separate from the remainder of the record on appeal and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.

(B)-(C)      [NO CHANGE]

(2)    [NO CHANGE]

(3)    The clerk of the lower tribunal shall certify the record, redact the PDF files of the record and the transcript of the trial pursuant to Florida Rule of <u>General Practice and</u> Judicial Administration 2.420(d), and transmit the redacted PDF files to the court by the method described in subdivisions (d)(4) of this rule. By request or standing agreement with the clerk of the lower tribunal,

counsel of record or a pro se party may obtain the record and the transcript of the trial that are unredacted to the extent permitted for access by the requestor. No formal motion shall be required. The clerk of the lower tribunal shall certify the less redacted record and transmit the PDF files to the court by the method described in subdivision (d)(4) of this rule or file a notice of inability to complete or transmit the record, specifying the reason.

(4)    [NO CHANGE]

**(e)-(f)**    [NO CHANGE]

### Committee Notes

[NO CHANGE]

**RULE 9.420.    FILING; SERVICE OF COPIES; COMPUTATION OF TIME**

**(a)    Filing.**

(1)    *Generally.* Filing may be accomplished in a manner in conformity with the requirements of Florida Rule of <u>General Practice and </u>Judicial Administration 2.525.

(2)    [NO CHANGE].

**(b)-(c)**    [NO CHANGE]

**(d)    Proof of Service.** A certificate of service by an attorney that complies in substance with the requirements of Florida Rule of <u>General Practice and </u>Judicial Administration 2.516(f) and a certificate of service by a pro se party that complies in substance with the appropriate form below shall be taken as prima facie proof of service in compliance with these rules. The certificate shall specify the party each attorney represents.

(1)-(2)    [NO CHANGE]

**(e)    Computation.** Computation of time shall be governed by Florida Rule of <u>General Practice and </u>Judicial Administration 2.514.

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

## RULE 9.440.    ATTORNEYS

**(a)    Foreign Attorneys.** An attorney who is an active member in good standing of the bar of another state may be permitted to appear in a proceeding upon compliance with Florida Rule of <u>General Practice and </u>Judicial Administration 2.510.

**(b)-(d)**    [NO CHANGE]

**Committee Notes**

[NO CHANGE]

## RULE 9.800.    UNIFORM CITATION SYSTEM

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a)-(i)**    [NO CHANGE]

**(j)    Florida Rules.** When citing a rule that has been repealed, superseded, or amended, provide the year of adoption of the rule or the version thereof being cited.

(1)-(2)    [NO CHANGE]

- 126 -

(3)    Florida Rules of <u>General Practice and </u>Judicial Administration: Fla. R. <u>Gen. Prac. & </u>Jud. Admin. 2.110.

(4)-(23)    [NO CHANGE]

**(k)-(q)**    [NO CHANGE]

### Committee Notes

[NO CHANGE]

**RULE 9.900.   FORMS**

**(a)-(g)**    [NO CHANGE]

**(h)    Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

|  |  |
|---|---|
| _____,<br>Plaintiff/Appellant, | DESIGNATION TO APPROVED COURT REPORTER, CIVIL COURT REPORTER, OR APPROVED TRANSCRIPTIONIST, AND REPORTER'S OR APPROVE TRANSCRIPTIONIST'S ACKNOWLEDGEMENT |
| v. |  |
| _____,<br>Defendant/Appellee. |  |

I. DESIGNATION

Plaintiff/Appellant, _____, files this Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist and directs .....(name of approved court reporter, civil court reporter, or approved transcriptionist)..... to transcribe the following portions of the trial proceedings to be used in this appeal [for cases where a party is exempt from service by electronic mail as set forth in the Florida Rules of <u>General Practice and Judicial Administration</u>, state the following, and provide paper copies of the transcript(s) in paper format]:

1. The entire trial proceedings recorded by the reporter on .....(date)....., before the Honorable .....(judge)....., except _____ _____.

2. [Indicate all other portions of reported proceedings.]

3. The approved court reporter, civil court reporter, or approved transcriptionist is directed to file the original with the clerk of the lower tribunal and to serve one copy on each of the following:

     1.

     2.

     3.

I, counsel for appellant, certify that I have made satisfactory financial arrangements with the approved court reporter, civil court reporter, or approved transcriptionist for preparation of the transcript, and I have served a designation on the approved court reporter, civil court reporter, or approved transcriptionist.

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

II.    APPROVED COURT REPORTER'S, CIVIL COURT REPORTER'S, OR APPROVED TRANSCRIPTIONIST'S ACKNOWLEDGMENT

1.    The foregoing designation was served on .....(date)....., and received on .....(date)......

2.    Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript cost. These financial arrangements were completed on .....(date)......

3.    Number of trial or hearing days ____.

4.    Estimated number of transcript pages ____.

5a.    The transcript will be available within 30 days of service of the foregoing designation and will be filed on or before .....(date)......

OR

5b.    For the following reason(s) the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time of ____ days for preparation of the transcript that will be filed on or before .....(date)......

6.    Completion and filing of this acknowledgment by the approved court reporter, civil court reporter, or approved transcriptionist constitutes submission to the jurisdiction of the court for all purposes in connection with these appellate proceedings.

7.    The undersigned approved court reporter, civil court reporter, or approved transcriptionist certifies that the foregoing is true and correct and that a copy has been furnished by mail ( )

hand delivery ( ) e-mail ( ) on .....(date)....., to each of the parties or their counsel.

_____
Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist
.....(address).....

Note: The foregoing approved court reporter's, civil court reporter's, or approved transcriptionist's acknowledgment to be placed "at the foot of" or attached to a copy of the designation, shall be properly completed, signed by the approved court reporter, and filed with the clerk of the appellate court within 5 days of service of the designation on the approved court reporter, civil court reporter, or approved transcriptionist. A copy shall be served on all parties or their counsel, who shall have 5 days to object to any requested extension of time. See Fla. R. App. P. 9.200(b)(1), (b)(2), & (b)(3).

**(i)-(n)**       [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**FLORIDA FAMILY LAW RULES OF PROCEDURE**

**RULE 12.003.   COORDINATION OF RELATED FAMILY CASES AND HEARINGS**

**(a)   Assignment to One Judge.**

(1)   [NO CHANGE]

(2)   If it is impractical for one judge to handle all related family cases, the judges assigned to hear the related cases involving the same family and/or children may confer for the purpose of case management and coordination of the cases. Notice and

communication shall comply with Canon 3.B.(7) of the Code of Judicial Conduct. The party who filed the notice of related cases or the court may coordinate a case management conference under rule 12.200 between the parties and the judges hearing the related cases. In addition to the issues that may be considered, the court shall:

(A)-(C) [NO CHANGE]

(D)   determine the access of the parties to court records if a related case is confidential pursuant to Florida Rule of General Practice and Judicial Administration 2.420.

**(b)** [NO CHANGE]

## RULE 12.007.  ACCESS AND REVIEW OF RELATED FAMILY FILES BY PARTIES

**(a)   In General.** Access to confidential files in related cases shall not be granted except as authorized by Florida Rule of General Practice and Judicial Administration 2.420.

**(b)   Confidentiality of Address.** When a petitioner for domestic violence injunction requests that his or her address be kept confidential pursuant to section 741.30, Florida Statutes, this information is exempt from the public records provisions of section 119.07(1), Florida Statutes and article I, section 24(a), Florida Constitution, and is a confidential court record under Rule of General Practice and Judicial Administration 2.420(d). Persons with authorized access to confidential information shall develop methods to ensure that the address remains confidential as provided by law.

**(c)** [NO CHANGE]

## RULE 12.010.  SCOPE, PURPOSE, AND TITLE

**(a)   Scope.**

(1) [NO CHANGE]

(2)    The form, content, procedure, and time for pleading in all proceedings shall be as prescribed by the statutes governing the proceeding unless these rules or the Florida Rules of <u>General Practice and</u> Judicial Administration, where applicable, specifically provide to the contrary. All actions under these rules shall also be governed by the Florida Evidence Code, which applies in cases where a conflict with these rules may occur.

**(b)-(c)** [NO CHANGE]

## RULE 12.012.  MINIMIZATION OF SENSITIVE INFORMATION

Every pleading or other document filed with the court shall comply with Florida Rule of <u>General Practice and</u> Judicial Administration 2.425, Minimization of the Filing of Sensitive Information.

## RULE 12.015.  FAMILY LAW FORMS

**(a)    Forms Adopted as Rules.** The forms listed in this rule shall be adopted by the rulemaking process in Florida Rule of <u>General Practice and</u> Judicial Administration 2.140. The Family Law Rules Committee of The Florida Bar may propose amendments to these forms and any associated instructions. These forms shall be designated "Florida Family Law Rules of Procedure Forms." Forms coming under this provision are:

(1)-(41) [NO CHANGE]

**(b)**    [NO CHANGE]

### Commentary

[NO CHANGE]

## RULE 12.025  APPLICABILITY OF RULES OF <u>GENERAL PRACTICE AND</u> JUDICIAL ADMINISTRATION

**(a)** **Electronic Filing.** Florida Rules of <u>General Practice and</u> Judicial Administration 2.520 and 2.525 are applicable in all family law matters except as otherwise provided in these rules.

**(b)** **Exceptions.** Any document filed pursuant to any proceeding under Chapter 63, Florida Statutes, which may be relied upon by the court to terminate parental rights, including consent for adoption or affidavit of nonpaternity, shall be exempt from the requirements of Rule of <u>General Practice and</u> Judicial Administration 2.525(c).

## RULE 12.030. VERIFICATION OF PLEADINGS

Except as otherwise provided in these rules, verification of pleadings shall be governed by the Florida Rules of <u>General Practice and</u> Judicial Administration or applicable statute.

## RULE 12.090. TIME

**(a)** **Computation.** Computation of time shall be governed by Florida Rule of <u>General Practice and</u> Judicial Administration 2.514.

**(b)-(c)** [NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 12.130. DOCUMENTS SUPPORTING ACTION OR DEFENSE

**(a)-(b)** [NO CHANGE]

**(c)** **Protection of Account and Personal Identifying Numbers.** Any reference in any pleading or exhibit filed with the court to account numbers, social security numbers, employee identification numbers, driver's license numbers, passport numbers, or other personal identifying information must be presented as provided in Florida Rule of <u>General Practice and</u> Judicial Administration 2.425.

**RULE 12.270.  CONSOLIDATION; SEPARATE TRIALS**

Related cases and consolidation of cases are governed by Florida Rule of <u>General Practice and</u> Judicial Administration 2.545.

**RULE 12.280.  GENERAL PROVISIONS GOVERNING DISCOVERY**

**(a)** [NO CHANGE]

**(b)    Redaction of Personal Information.** All filings of discovery information must comply with Florida Rule of <u>General Practice and</u> Judicial Administration 2.425. The court has the authority to impose sanctions for violation of this rule.

**(c)-(h)** [NO CHANGE]

**(i)    Confidentiality of Records.** A determination as to the confidentiality of a court record must be made in accordance with Florida Rule of <u>General Practice and</u> Judicial Administration 2.420. Records found to be confidential under Florida Rule of <u>General Practice and</u> Judicial Administration 2.420 must be sealed on request of a party.

**(j)** [NO CHANGE]

**Commentary**

[NO CHANGE]

**RULE 12.285.  MANDATORY DISCLOSURE**

**(a)    Application.**

(1)-(2) [NO CHANGE]

(3)    *Documents Not to be Filed with Court; Sanctions.*

(A)    [NO CHANGE]

(B)    References to account numbers and personal identifying information to be filed in the court file are governed by Florida Rule of General Practice and Judicial Administration 2.425.

(C)    [NO CHANGE]

**(b)-(m)** [NO CHANGE]

**Commentary**

[NO CHANGE]

**Committee Notes**

[NO CHANGE]

## RULE 12.310.  DEPOSITIONS UPON ORAL EXAMINATION

**(a)-(e)**    [NO CHANGE]

**(f)    Filing; Exhibits.**

(1)-(2) [NO CHANGE]

(3)    A copy of a deposition may be filed only under the following circumstances:

(A)    It may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 12.280(j) by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition must be given to all parties unless notice is waived. A party filing the deposition must furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B)    [NO CHANGE]

**(g)-(h)** [NO CHANGE]

**Committee Note**

[NO CHANGE]

## RULE 12.340.  INTERROGATORIES TO PARTIES

**(a)-(c)** [NO CHANGE]

**(d)  Serving of Responses.** Parties must serve responses to interrogatories on the requesting party. Responses must not be filed with the court unless they are admitted into evidence by the court and are in compliance with Florida Rule of General Practice and Judicial Administration 2.425. The responding party must file with the court Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories.

**(e)-(h)** [NO CHANGE]

### Commentary

[NO CHANGE]

### Committee Note

[NO CHANGE]

## RULE 12.350.  PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY ON LAND FOR INSPECTION AND OTHER PURPOSES

**(a)** [NO CHANGE]

**(b)  Procedure.** Without leave of court the request may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request must specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the

request is directed must serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. For each item or category, the response must state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection must be stated. If an objection is made to part of an item or category, the part must be specified. When producing documents, the response must include an accompanying notice filed in compliance with Rule of General Practice and Judicial Administration 2.425 with the court that states with specificity each document produced. When producing documents, the producing party must either produce them as they are kept in the usual course of business or must identify them to correspond with the categories in the request. A request for electronically stored information may specify the form or forms in which electronically stored information is to be produced. If the responding party objects to a requested form, or if no form is specified in the request, the responding party must state the form or forms it intends to use. If a request for electronically stored information does not specify the form of production, the producing party must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. The party submitting the request may move for an order under rule 12.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit the inspection as requested.

**(c)** [NO CHANGE]

**(d)** **Filing of Documents.** Unless required by the court, a party shall not file any of the documents or things produced with the response, although a party must include an accompanying notice filed in compliance with Rule of General Practice and Judicial Administration 2.425 with the court that states with specificity each document produced. Documents or things may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 12.280(j) when they should be

considered by the court in determining a matter pending before the court.

## RULE 12.351.  PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION

**(a)**   [NO CHANGE]

**(b)**   **Procedure.** A party desiring production under this rule must serve notice as provided in Florida Rule of <u>General Practice and</u> Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail or e-mail. The proposed subpoena must be attached to the notice and must state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; must include a designation of the items to be produced; and must state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things must not be produced pending resolution of the objection in accordance with subdivision (d).

**(c)-(f)** [NO CHANGE]

### Committee Note

[NO CHANGE]

## RULE 12.363.  EVALUATION OF MINOR CHILD

**(a)-(d)** [NO CHANGE]

**(e)    Use of Evidence.** An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert's findings. Any finding or report by an expert appointed by the court may be entered into evidence on the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties. Any report filed with the court shall be in compliance with Florida Rule of <u>General Practice and </u>Judicial Administration 2.425.  The report shall not be filed in the court file unless or until it is properly admitted into evidence and considered by the court.  The court shall consider whether the report should be sealed as provided by Florida Rule of <u>General Practice and </u>Judicial Administration 2.420.

**(f)** [NO CHANGE]

## Committee Note

[NO CHANGE]

## RULE 12.370.  REQUESTS FOR ADMISSION

**(a)    Request for Admission.**

(1)    *Service of Request.* A party may serve on any other party a written request for the admission of the truth of any matters within the scope of rule 12.280(c), set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. The request and any response must comply with Florida Rule of <u>General Practice and </u>Judicial Administration 2.425. Copies of documents must be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. However, documents attached to the request for admission may not be filed with the court and may only be attached to the copy served on the party to whom the request for admission is directed. Without leave of court the request may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party.

(2)-(4) [NO CHANGE]

**(b)** [NO CHANGE]

## RULE 12.400. CONFIDENTIALITY OF RECORDS AND PROCEEDINGS

**(a)  Closure of Proceedings or Records.** Closure of court proceedings or sealing of records may be ordered by the court only as provided by Florida Rule of General Practice and Judicial Administration 2.420.

**(b)  Filing of Sensitive Information.** All documents containing sensitive information must be filed in conformity with Florida Rule of General Practice and Judicial Administration 2.425.

**(c)** [NO CHANGE]

**(d)  Conditional Sealing of Financial Information.**

(1) [NO CHANGE]

(2)  Notice of conditional sealing shall be as required by Florida Rule of General Practice and Judicial Administration 2.420(d).

(3)  [NO CHANGE]

**Commentary**

[NO CHANGE]

## RULE 12.440. SETTING ACTION FOR TRIAL

**(a)-(b)** [NO CHANGE]

**(c)  Setting for Trial.** If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law. In actions

in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of General Practice and Judicial Administration 2.516. Trial shall be set within a reasonable time from the service of the notice for trial. At the pretrial conference, the parties should be prepared, consistent with rule 12.200, to present any matter that will prepare the parties for trial and that can expedite the resolution of the case. The trial court may also direct the parties to reciprocally exchange and file with the court all documents relative to the outcome of the case; a list of all witnesses, all issues to be tried, and all undisposed motions; an estimate of the time needed to try the case; and any other information the court deems appropriate. Any court filings shall be in conformity with Florida Rule of General Practice and Judicial Administration 2.425. This information should be served and filed no later than 72 hours before the pretrial conference or 30 days before the trial.

**(d)** [NO CHANGE]

### Commentary

[NO CHANGE]

## RULE 12.4501.    JUDICIAL NOTICE

In family cases, the court may take judicial notice of any matter described in section 90.202(6), Florida Statutes, when imminent danger to persons or property has been alleged and it is impractical to give prior notice to the parties of the intent to take judicial notice. Opportunity to present evidence relevant to the propriety of taking judicial notice under section 90.204(1), Florida Statutes, may be deferred until after judicial action has been taken. If judicial notice is taken under this rule, the court must, within 2 business days, file a notice in the pending case of the matters judicially noticed. For purposes of this rule, the term "family cases" has the same meaning as provided in the Florida Rules of General Practice and Judicial Administration.

## RULE 12.460.  CONTINUANCES

Continuances are governed by Florida Rule of <u>General Practice and</u> Judicial Administration 2.545(e). If a continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.

## RULE 12.540.  RELIEF FROM JUDGMENT, DECREES, OR ORDERS

**(a)** [NO CHANGE]

**(b)    Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1)-(5) [NO CHANGE]

The motion must be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, order, or proceeding was entered or taken; except that there will be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases. The motion and any attachment or exhibit to it must be in compliance with Florida Rule of <u>General Practice and</u> Judicial Administration 2.425. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action or supplemental proceeding to relieve a party from a judgment, order, or proceeding or to set aside a judgment for fraud on the court.

### Commentary

[NO CHANGE]

## RULE 12.610.  INJUNCTIONS FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, AND SEXUAL VIOLENCE, AND STALKING

**(a)**    [NO CHANGE]

**(b)    Petitions.**

(1)-(3) [NO CHANGE]

(4)    *Forms.*

(A)    [NO CHANGE]

(B)    Confidential Filing of Address. A petitioner's address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of <u>General Practice and</u> Judicial Administration 2.420.

**(c)**    [NO CHANGE]

## Commentary

[NO CHANGE]

## Committee Note

[NO CHANGE]

## RULE 12.615.  CIVIL CONTEMPT IN SUPPORT MATTERS

**(a)** [NO CHANGE]

**(b)    Motion and Notice.** Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served in accordance with Florida Rule of <u>General Practice and</u> Judicial Administration 2.516 provided notice is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: "FAILURE TO APPEAR AT THE HEARING

MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD." This notice must also state whether electronic recording or a court reporter is provided by the court or whether a court reporter, if desired, must be provided by the party.

**(c)-(g)** [NO CHANGE]

### Commentary

[NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 12.620.  RECEIVERS

**(a)-(c)** [NO CHANGE]

**(d)    Contents of Inventory.** Any inventory filed with the court must be in compliance with Florida Rule of <u>General Practice and</u> Judicial Administration 2.425.

## RULE 12.650.  OVERRIDE OF FAMILY VIOLENCE INDICATOR

**(a)-(g)** [NO CHANGE]

**(h)    Hearing on Order to Show Cause.**

(1) [NO CHANGE]

(2)    Notwithstanding the provisions of Florida Rule of <u>General Practice and</u> Judicial Administration 2.530, the court may conduct a hearing on the order to show cause by means of communications equipment without consent of the parties and without a limitation on the time of the hearing. The communications equipment shall be configured to ensure that the location of the respondent is not disclosed.

**(i)** [NO CHANGE]

**Commentary**

[NO CHANGE]

**Committee Note**

[NO CHANGE]

## RULE 12.745. COLLABORATIVE LAW PROCESS

**(a)**    [NO CHANGE]

**(b)    Collaborative Law Process.**

(1)-(2) [NO CHANGE]

(3)    *Discharge or Withdrawal from Representation.*  A party's collaborative lawyer shall give prompt notice to all other parties in a record of a discharge or withdrawal.  If a proceeding was pending prior to the initiation of the collaborative process, the party's collaborative lawyer shall comply with the requirements of Florida Rule of <u>General Practice and</u> Judicial Administration 2.505. Notwithstanding the discharge or withdrawal of a collaborative lawyer, a collaborative law process continues, if not later than 30 days after the date that the notice of the discharge or withdrawal of a collaborative lawyer is sent to the parties:

(A)-(B) [NO CHANGE]

**(c)-(f)** [NO CHANGE]

## RULE 12.750.  FAMILY SELF-HELP PROGRAMS

**(a)-(k)** [NO CHANGE]

**(*l*)    Records.** All records made or received in connection with the official business of a self-help program are judicial records and

access to such records shall be governed by Florida Rule of <u>General Practice and</u> Judicial Administration 2.420.

**(m)** [NO CHANGE]

## Commentary

[NO CHANGE]

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b)
# NOTICE OF LIMITED APPEARANCE (10/21)

## When should this form be used?

This form should be used to provide notice to the court and the other **attorney** or **party** when an attorney is making a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing and signing this form, the attorney should **file** this document with the **clerk of the circuit court** in the county in which the action is pending and keep a copy for his or her records.

## What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF LIMITED APPEARANCE

*{Attorney's name}* _____ files this Notice of Limited
Appearance on behalf of *{name}* _____, [choose **one** only] (    )
Petitioner     (    ) Respondent, for the following limited purpose(s).
[choose **all** that apply]:

1.  ___  The hearing set for *{date}* _____, at *{time}* _____on the
    issue(s) of *{specify}* _____.

2.  ___  To represent [check **one** only] (    ) Petitioner (    ) Respondent on the following issues throughout
    the proceedings:
    a.  ___  Parental responsibility and time-sharing.
    b.  ___  Equitable distribution of marital assets and liabilities.
    c.  ___  Alimony.
    d.  ___  Child support.
    e.  ___  Other *{specify}*: _____

    The clerk of the above-styled court is requested to enter this notice of record.

Copies of all future court papers should be served on the undersigned attorney at the address listed and
on the [choose **one** only] (    ) Petitioner (    ) Respondent at *{name, address, e-mail address(es),telephone
number, and fax number}* _____
_____

**I certify that a copy of this notice of limited appearance was: [check all used] (  ) e-mailed (  ) mailed (  ) faxed (  ) hand delivered to the person(s) listed below on** *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

_____
Signature of Petitioner/Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(c)
# CONSENT TO LIMITED APPEARANCE BY ATTORNEY
# (10/21)

## When should this form be used?

This form should be used for a client to give consent when an **attorney** is making a limited appearance for the client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing this form, the client should sign the document. The attorney or client should then **file** the document with the **clerk of the circuit court** in the county in which the action is pending. The attorney and client should each keep a copy for his or her records.

## What should I do next?

A copy of this form must be served on the other **party** or his or her **attorney**.  The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General

Instructions for Florida Family Law Rules of Procedure Form 12.900(c), Consent to Limited Appearance by Attorney (10/21)

- 151 -

Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

Instructions for Florida Family Law Rules of Procedure Form 12.900(c), Consent to Limited Appearance by Attorney (10/21)

- 152 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                    Petitioner,
      and

_____,
                    Respondent.

# CONSENT TO LIMITED APPEARANCE BY ATTORNEY

*{Name}* _____, the [check **one** only]
(    ) Petitioner  (    ) Respondent, consents to the limited representation by counsel,
*{attorney's name}* _____, for the following limited
purpose(s) [ check **all** that apply]:

1.   ____The hearing set for *{date}* _____, at *{time}* _____ on the issue(s) of
     *{specify}* _____.

2.   ____To represent [ check **one** only] (    ) Petitioner (    ) Respondent on the following issues
     throughout the proceedings:
     a.   ___Parental responsibility and time-sharing.
     b.   ___ Equitable distribution of marital assets and liabilities.
     c.   ___ Alimony.
     d.   ___ Child support.
     e.   ___ Other *{specify}*: _____

The clerk of the above-styled court is requested to enter this notice of record.

**I certify that a copy of this consent to limited appearance was: [check all used]  (    ) e-mailed (    )
mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Petitioner/Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(d)
# TERMINATION OF LIMITED APPEARANCE (10/21)

## When should this form be used?

This form should be used by an **attorney** who is terminating a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing this form, the attorney should sign this document and then **file** this document with the **clerk of the circuit court** in the county in which the action is pending. The attorney should keep a copy for his or her records.

## What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so**. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TERMINATION OF LIMITED APPEARANCE

*{Attorney's name}* _____, files this Termination of Limited
Appearance on behalf of the [**check one** only] (    ) Petitioner (    ) Respondent, *{name}*, _____
_____, and certifies that the proceeding or matter is concluded.
The clerk of the above-styled court is requested to enter this Notice of Termination of Limited
Appearance of record. Copies of all future court papers should be served on the [**check one only**]
(    ) Petitioner (    ) Respondent at: *{name, address, e-mail address(es), fax number, and telephone
number}* _____
_____.

**I certify that a copy of this termination of limited appearance was: [check all used] (    ) e-mailed
(    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Client Party:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____

Florida Family Law Rules of Procedure Form 12.900(d), Termination of Limited Appearance (10/21)

Telephone Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(e)
# ACKNOWLEDGMENT OF ASSISTANCE BY ATTORNEY
# (10/21)

## When should this form be used?

This form, when added to the signature page of any petition, pleading, or motion, should be filed with the court when an attorney making a limited appearance under Florida Family Law Rule of Procedure 12.040 has assisted the petitioner or respondent in the preparation of the document. The petitioner or respondent should then sign the pleading and include his/her name and address.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I get more information?

See the instructions to Florida Family Law Rules of Procedure Forms 12.900(b)-(d) and Rule 12.040. Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For more information, see rule 12.080, Florida Family Law Rules of Procedure.

*{Name},* _____, **[check one only] (     ) Petitioner**
**(     ) Respondent, certifies that he/she has received the assistance of the following attorney in the**
**preparation of this document.**

**Attorney Name:** _____

**Address:** _____

**City, State, Zip:** _____

**Telephone Number:** _____

**E-mail Address(es):** _____

**Florida Bar Number:** _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(h), NOTICE OF RELATED CASES (10/21)

## When should this form be used?

Florida Rule of General Practice and Judicial Administration 2.545(d) requires the **petitioner** in a family law case to file with the court a notice of related cases, if any. Your circuit may also require this form to be filed even if there are no related cases. A case is considered related if:

- it involves the same parties, children, or issues and is pending when the family law case is filed; or
- it affects the court's jurisdiction to proceed; or
- an order in the related case may conflict with an order on the same issues in the new case; or
- an order in the new case may conflict with an order in the earlier case.

This form is used to provide the required notice to the court.

This form should be typed or printed in black ink. It must be **filed** with the **clerk of the circuit court** with the initial pleading in the family law case.

## What should I do next?

A copy of the form must be served on the presiding judges, either the chief judge or the family law administrative judge, and all parties in the related cases. You should also keep a copy for your records. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in "**bold underline**" in these instructions are defined there. For further information, see Florida Rule of General Practice and Judicial Administration 2.545(d).

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
          Petitioner,
   and

_____,
          Respondent.

# NOTICE OF RELATED CASES

1. Petitioner submits this Notice of Related Cases as required by Florida Rule of General Practice and Judicial Administration 2.545(d). A related case may be an open or closed civil, criminal, guardianship, domestic violence, juvenile delinquency, juvenile dependency, or domestic relations case. A case is "related" to this family law case if it involves any of the same parties, children, or issues and it is pending at the time the party files a family case; if it affects the court's jurisdiction to proceed; if an order in the related case may conflict with an order on the same issues in the new case; or if an order in the new case may conflict with an order in the earlier litigation.

[check **one** only]
____ **There are no related cases.**
____ **The following are the related cases (add additional pages if necessary):**

**Related Case No. 1**
Case Name(s): _____
Petitioner _____
Respondent _____
Case No.: _____ Division: _____

Type of Proceeding:  [check **all** that apply]
____ Dissolution of Marriage         ____ Paternity
____ Custody                        ____ Adoption
____ Child Support              ____ Modification/Enforcement/Contempt Proceedings
____ Juvenile Dependency     ____ Juvenile Delinquency
____ Termination of Parental Rights   ____ Criminal
____ Domestic/Sexual/Dating/Repeat  ____ Mental Health
____ Violence or Stalking Injunctions  ____ Other *{specify}* _____

State where case was decided or is pending: ____ Florida ____ Other: *{specify}* _____

Name of Court where case was decided or is pending (*for example, Fifth Circuit Court, Marion County, Florida*): _____

Florida Family Law Rules of Procedure Form 12.900(h), Notice of Related Cases (10/21)

- 163 -

Title of last Court Order/Judgment (if any): _____
Date of Court Order/Judgment (if any): _____

Relationship of cases check **all** that apply]:
_____ pending case involves same parties, children, or issues;
_____ may affect court's jurisdiction;
_____ order in related case  may conflict with an order in this  case;
_____ order in this case may conflict with previous order in related case.

Statement as to the relationship of the cases:  _____
_____
_____

**Related Case No. 2**
Case Name(s): _____
Petitioner _____
Respondent _____
Case No.: _____ Division: _____

Type of Proceeding:  [check **all** that apply]
_____ Dissolution of Marriage          _____ Paternity
_____ Custody                          _____ Adoption
_____ Child Support                    _____ Modification/Enforcement/Contempt Proceedings
_____ Juvenile Dependency              _____ Juvenile Delinquency
_____ Termination of Parental Rights   _____ Criminal
_____ Domestic/Sexual/Dating/Repeat    _____ Mental Health
_____ Violence or Stalking Injunctions _____ Other *{specify}* _____

State where case was decided or is pending: **____** Florida **____** Other: *{specify}* _____

Name of Court where case was decided or is pending (*for example, Fifth Circuit Court, Marion County, Florida*): _____
Title of last Court Order/Judgment (if any): _____
Date of Court Order/Judgment (if any): _____

Relationship of cases check all that apply]:
_____ pending case involves same parties, children, or issues.
_____ may affect court's jurisdiction;
_____ order in related case  may conflict with an order in this  case;
_____ order in this case may conflict with previous order in related case.

Statement as to the relationship of the cases:  _____
_____
_____

**Related Case No. 3**
Case Name(s): _____
Petitioner _____
Respondent _____
Case No.: _____ Division: _____

Type of Proceeding:  [check **all** that apply]

| | |
|---|---|
| ____ Dissolution of Marriage | ____ Paternity |
| ____ Custody | ____ Adoption |
| ____ Child Support | ____ Modification/Enforcement/Contempt Proceedings |
| ____ Juvenile Dependency | ____ Juvenile Delinquency |
| ____ Termination of Parental Rights | ____ Criminal |
| ____ Domestic/Sexual/Dating/Repeat | ____ Mental Health |
| ____ Violence or Stalking Injunctions | ____ Other *{specify}* _____ |

State where case was decided or is pending: ____ Florida ____ Other: *{specify}* _____

Name of Court where case was decided or is pending (*for example, Fifth Circuit Court, Marion County, Florida*): _____
Title of last Court Order/Judgment (if any): _____
Date of Court Order/Judgment (if any): _____

Relationship of cases check all that apply]:
____ pending case involves same parties, children, or issues;
____ may affect court's jurisdiction;
____ order in related case may conflict with an order in this case;
____ order in this case may conflict with previous order in related case.

Statement as to the relationship of the cases: _____
_____
_____

2. [check **one** only]
    ____ I **do not** request coordination of litigation in any of the cases listed above.
    ____ I **do** request coordination of the following cases: _____
        _____
        _____

3. [check **all** that apply]
    ____ Assignment to one judge
    ____ Coordination of existing cases
        will conserve judicial resources and promote an efficient determination of these cases because:_____.

4. The Petitioner acknowledges a continuing duty to inform the court of any cases in this or any other state that could affect the current proceeding.

Florida Family Law Rules of Procedure Form 12.900(h), Notice of Related Cases (10/21)

Dated: _____

_____
Petitioner's Signature
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

# CERTIFICATE OF SERVICE

**I CERTIFY** that I delivered a copy of this Notice of Related Cases to the _____ County Sheriff's Department or a certified process server for service on the Respondent, and [**check all used**] (   ) e-mailed (   ) mailed (   ) hand delivered, a copy to {name}_____, who is the [**check all that apply**] (   ) judge assigned to new case, (   ) chief judge or family law administrative judge, (   ) {name}_____ a party to the related case, (   ) {name} _____, a party to the related case on {date} _____.

_____
Signature of Petitioner/Attorney for Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the {choose **only** one}: (   ) Petitioner (   ) Respondent. This form was completed with the assistance of:
{name of individual} _____,
{name of business}_____,
{address} _____,
{city} _____{state} _____, {telephone number} _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.902(b)
## FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
## (10/21)

## When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is UNDER $50,000 per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of a financial affidavit;
(2) You have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) The court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink.  You should **file** this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

- 167 -

electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## Special notes . . .

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| Hourly amount | x | Hours worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| Weekly amount | x | 52 Weeks per year | = | Yearly amount |

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

- 169 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)

(Under $50,000 Individual Gross Annual Income)

I, *{full legal name}*_____, being sworn, certify that the following information is true:

My Occupation: _____ Employed by: _____

Business Address: _____

Pay rate: $ _____ (  ) every week (  ) every other week (  ) twice a month (  ) monthly (  ) other: _____

___ Check here if unemployed and explain on a separate sheet your efforts to find employment.

**SECTION I. PRESENT MONTHLY GROSS INCOME:**
**All amounts must be MONTHLY.** See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Monthly gross salary or wages

2. _____ Monthly bonuses, commissions, allowances, overtime, tips, and similar payments

3. _____ Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expenses.)

4. _____ Monthly disability benefits/SSI

5. _____ Monthly Workers' Compensation

6. _____ Monthly Unemployment Compensation

7. _____ Monthly pension, retirement, or annuity payments

8. _____ Monthly Social Security benefits

9. _____ Monthly alimony actually received (Add 9a and 9b)

   9a. From this case: $ _____

   9b. From other case(s): $ _____

10. _____ Monthly interest and dividends

11. _____ Monthly rental income (gross receipts minus ordinary and necessary expenses

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

required to produce income) (Attach sheet itemizing such income and expense items.)

12. _____ Monthly income from royalties, trusts, or estates

13. _____ Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses

14. _____ Monthly gains derived from dealing in property (not including nonrecurring gains)

15. _____ Any other income of a recurring nature (list source) _____

16. _____

17. **$ _____ TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1–16)

**PRESENT MONTHLY DEDUCTIONS:**

18. $_____ Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)

    a.  Filing Status _____

    b.  Number of dependents claimed _____

19. _____ Monthly FICA or self-employment taxes

20. _____ Monthly Medicare payments

21. _____ Monthly mandatory union dues

22. _____ Monthly mandatory retirement payments

23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship

24. _____ Monthly court-ordered child support actually paid for children from another relationship

25. _____ Monthly court-ordered alimony actually paid (Add 25a and 25b)

       25a. from this case:     $ _____

       25b. from other case(s): $ _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES** (Add lines 18 through 25)

27. **$_____ PRESENT NET MONTHLY INCOME** (Subtract line 26 from line 17)

**SECTION II. AVERAGE MONTHLY EXPENSES**

**Proposed/Estimated Expenses.** If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**A. HOUSEHOLD:**

| | |
|---|---|
| Mortgage or rent | $ _____ |
| Property taxes | $ _____ |
| Utilities | $ _____ |
| Telephone | $ _____ |
| Food | $ _____ |
| Meals outside home | $ _____ |
| Maintenance/Repairs | $ _____ |
| Other: _____ | $ _____ |

**B. AUTOMOBILE**

| | |
|---|---|
| Gasoline | $ _____ |
| Repairs | $ _____ |
| Insurance | $ _____ |

**C. CHILD(REN)'S EXPENSES**

| | |
|---|---|
| Day care | $ _____ |
| Lunch money | $ _____ |
| Clothing | $ _____ |
| Grooming | $ _____ |
| Gifts for holidays | $ _____ |
| Medical/Dental (uninsured) | $ _____ |
| Other: _____ | $ _____ |

**D. INSURANCE**

| | |
|---|---|
| Medical/Dental (if not listed on lines 23 or 45) | $ _____ |
| Child(ren)'s medical/dental | $ _____ |
| Life | $ _____ |
| Other: _____ | $ _____ |

**E. OTHER EXPENSES NOT LISTED ABOVE**

| | |
|---|---|
| Clothing | $ _____ |
| Medical/Dental (uninsured) | $ _____ |
| Grooming | $ _____ |
| Entertainment | $ _____ |
| Gifts | $ _____ |
| Religious organizations | $ _____ |
| Miscellaneous | $ _____ |
| Other: _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

**F. PAYMENTS TO CREDITORS**

| CREDITOR: | MONTHLY PAYMENT |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

28. **$_____ TOTAL MONTHLY EXPENSES** (add **ALL** monthly amounts in A through F above)

**SUMMARY**

29. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I.  INCOME)
30. **$_____ TOTAL MONTHLY EXPENSES**  (from line 28 above)
31. **$_____ SURPLUS** (If line 29 is more than line 30, subtract line 30 from line 29. This is the amount of your surplus.  Enter that amount here.)
32. **($_____) (DEFICIT)** (If line 30 is more than line 29, subtract line 29 from line 30. This is the amount of your deficit.  Enter that amount here.)

**SECTION III.  ASSETS AND LIABILITIES**
**Use the nonmarital column only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.**  You should indicate to whom you believe the item(s) or debt belongs. (Typically, you will only use this column if property/debt was owned/owed by one spouse before the marriage.  See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

**A.   ASSETS:**

| DESCRIPTION OF ITEM(S). List a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any asset(s) which you are requesting the judge award to you. | Current Fair Market Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Cash (on hand) | $ | | |
| Cash (in banks or credit unions) | | | |
| Stocks, Bonds, Notes | | | |
| Real estate: (Home) | | | |
| (Other) | | | |
| Automobiles | | | |
| Other personal property | | | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| ____Check here if additional pages are attached. | | | |
| **Total Assets**  (add next column) | $ | | |

**B. LIABILITIES:**

| DESCRIPTION OF ITEM(S). List a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any debt(s) for which you believe you should be responsible. | Current Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Mortgages on real estate: First mortgage on home | $ | | |
| Second mortgage on home | | | |
| Other mortgages | | | |
| | | | |
| Auto loans | | | |
| | | | |
| Charge/credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| ____Check here if additional pages are attached. | | | |
| **Total Debts** (add next column) | **$** | | |

**C. CONTINGENT ASSETS AND LIABILITIES:**

INSTRUCTIONS: If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| Contingent Assets Check the line next to any contingent asset(s) which you are requesting the judge award to you. | Possible Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| **Total Contingent Assets** | **$** | | |

| Contingent Liabilities Check the line next to any contingent debt(s) for which you believe you should be responsible. | Possible Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| **Total Contingent Liabilities** | **$** | | |

**SECTION IV.  CHILD SUPPORT GUIDELINES WORKSHEET**
(Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.)

[Check **one** only]
_____     **A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.
_____     **A Child Support Guidelines Worksheet IS NOT being filed in this case.**  The establishment or modification of child support is not an issue in this case.

I certify that a copy of this document was [**check all used**]: (    ) e-mailed (    ) mailed (    ) faxed
(    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address:_____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

                                    _____
                                    Signature of Party
                                    Printed Name: _____
                                    Address: _____
                                    City, State, Zip: _____
                                    Telephone Number: _____
                                    Fax Number: _____
                                    E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(c)
## FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)
## (10/21)

### When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is $50,000 OR MORE per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;
(2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) the court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should then **file** this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

### What should I do next?

A copy of this form must be served on the other **party** in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

- 177 -

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

- 178 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)

($50,000 or more Individual Gross Annual Income)

I, *{full legal name}* _____, being sworn, certify
that the following information is true:

| SECTION I.  INCOME |
|---|

1.  My age is: _____

2.  My occupation is: _____

3.  I am currently

    *[Check **all** that apply]*

    a. _____ Unemployed

    Describe your efforts to find employment, how soon you expect to be employed, and the pay
    you expect to receive: _____
    _____

    b. _____ Employed by: _____

    Address: _____

    City, State, Zip code: _____ Telephone Number: _____

    Pay rate: $ _____ (   ) every week (   ) every other week (   ) twice a month

    (   ) monthly (   ) other: _____

    If you are expecting to become unemployed or change jobs soon, describe the change you
    expect and why and how it will affect your income: _____
    _____
    _____.

    _____ Check here if you currently have more than one job.  List the information above for the
    second job(s) on a separate sheet and attach it to this affidavit.

c. _____ Retired.  Date of retirement: _____

    Employer from whom retired: _____

    Address: _____

    City, State, Zip code: _____  Telephone Number: _____

**LAST YEAR'S GROSS INCOME:**          Your Income          Other Party's Income *(if known)*

    YEAR _____          $ _____          $ _____

**PRESENT MONTHLY GROSS INCOME:**

**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Monthly gross salary or wages
2. _____ Monthly bonuses, commissions, allowances, overtime, tips, and similar payments
3. _____ Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.)(Attach sheet itemizing such income and expenses.)
4. _____ Monthly disability benefits/SSI
5. _____ Monthly Workers' Compensation
6. _____ Monthly Unemployment Compensation
7. _____ Monthly pension, retirement, or annuity payments
8. _____ Monthly Social Security benefits
9. _____ Monthly alimony actually received (Add 9a and 9b)
      9a. From this case:  $_____
      9b. From other case(s): $_____
10. _____ Monthly interest and dividends
11. _____ Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expense items.)
12. _____ Monthly income from royalties, trusts, or estates
13. _____ Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses (Attach sheet itemizing each item and amount.)
14. _____ Monthly gains derived from dealing in property (not including nonrecurring gains)
      _____ Any other income of a recurring nature (identify source):
15. _____
16. _____
17. **$_____ TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1 through 16.)

**PRESENT MONTHLY DEDUCTIONS:**
**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.
18. $_____  Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)
      a. Filing Status _____
      b. Number of dependents claimed _____
19. _____  Monthly FICA or self-employment taxes
20. _____  Monthly Medicare payments
21. _____  Monthly mandatory union dues

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

22. _____ Monthly mandatory retirement payments
23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship
24. _____ Monthly court-ordered child support actually paid for children from another relationship
25. _____ Monthly court-ordered alimony actually paid (Add 25a and 25b)
   25a. from this case: $ _____
   25b. from other case(s): $ _____

26. **$**_____ **TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES**
   (Add lines 18 through 25.)

27. **$**_____ **PRESENT NET MONTHLY INCOME**
   (Subtract line 26 from line 17.)

## SECTION II.  AVERAGE MONTHLY EXPENSES

**Proposed/Estimated Expenses.**  If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**HOUSEHOLD:**
1. $_____ Monthly mortgage or rent payments
2. _____ Monthly property taxes (if not included in mortgage)
3. _____ Monthly insurance on residence (if not included in mortgage)
4. _____ Monthly condominium maintenance fees and homeowner's association fees
5. _____ Monthly electricity
6. _____ Monthly water, garbage, and sewer
7. _____ Monthly telephone
8. _____ Monthly fuel oil or natural gas
9. _____ Monthly repairs and maintenance
10. _____ Monthly lawn care
11. _____ Monthly pool maintenance
12. _____ Monthly pest control
13. _____ Monthly misc. household
14. _____ Monthly food and home supplies
15. _____ Monthly meals outside home
16. _____ Monthly cable t.v.
17. _____ Monthly alarm service contract
18. _____ Monthly service contracts on appliances
19. _____ Monthly maid service
Other:
20. _____
21. _____
22. _____
23. _____
24. _____
25. **$_____ SUBTOTAL** (Add lines 1 through 24.)

**AUTOMOBILE:**

26. $_____ Monthly gasoline and oil
27. _____ Monthly repairs
28. _____ Monthly auto tags and emission testing
29. _____ Monthly insurance
30. _____ Monthly payments (lease or financing)
31. _____ Monthly rental/replacements
32. _____ Monthly alternative transportation (bus, rail, car pool, etc.)
33. _____ Monthly tolls and parking
34. _____ Other: _____
35. **$_____ SUBTOTAL** (Add lines 26 through 34.)

**MONTHLY EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:**

36. $_____ Monthly nursery, babysitting, or day care
37. _____ Monthly school tuition
38. _____ Monthly school supplies, books, and fees
39. _____ Monthly after school activities
40. _____ Monthly lunch money
41. _____ Monthly private lessons or tutoring
42. _____ Monthly allowances
43. _____ Monthly clothing and uniforms
44. _____ Monthly entertainment (movies, parties, etc.)
45. _____ Monthly health insurance
46. _____ Monthly medical, dental, prescriptions (nonreimbursed only)
47. _____ Monthly psychiatric/psychological/counselor
48. _____ Monthly orthodontic
49. _____ Monthly vitamins
50. _____ Monthly beauty parlor/barber shop
51. _____ Monthly nonprescription medication
52. _____ Monthly cosmetics, toiletries, and sundries
53. _____ Monthly gifts from child(ren) to others (other children, relatives, teachers, etc.)
54. _____ Monthly camp or summer activities
55. _____ Monthly clubs (Boy/Girl Scouts, etc.)
56. _____ Monthly time-sharing expenses
57. _____ Monthly miscellaneous
58. **$_____ SUBTOTAL** (Add lines 36 through 57.)

**MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER RELATIONSHIP**
(other than court-ordered child support)

59. $_____
60. _____
61. _____
62. _____
63. **$_____ SUBTOTAL** (Add lines 59 through 62.)

**MONTHLY INSURANCE:**

64. $_____ Health insurance (if not listed on lines 23 or 45)

65. _____ Life insurance

66. _____ Dental insurance.

   Other:

67._____

68._____

69. **$_____ SUBTOTAL** (Add lines 66 through 68, exclude lines 64 and 65.)


**OTHER MONTHLY EXPENSES NOT LISTED ABOVE:**

70. $_____ Monthly dry cleaning and laundry

71. _____ Monthly clothing

72. _____ Monthly medical, dental, and prescription (unreimbursed only)

73. _____ Monthly psychiatric, psychological, or counselor (unreimbursed only)

74. _____ Monthly non-prescription medications, cosmetics, toiletries, and sundries

75. _____ Monthly grooming

76._____ Monthly gifts

77._____ Monthly pet expenses

78._____ Monthly club dues and membership

79._____ Monthly sports and hobbies

80._____ Monthly entertainment

81._____ Monthly periodicals/books/tapes/CDs

82._____ Monthly vacations

83._____ Monthly religious organizations

84._____ Monthly bank charges/credit card fees

85._____ Monthly education expenses

86._____ Other: (include any usual and customary expenses not otherwise mentioned in the items
     listed above)_____

87._____

88._____

89._____

90. **$_____ SUBTOTAL** (Add lines 70 through 89.)


**MONTHLY PAYMENTS TO CREDITORS:** (only when payments are currently made by you on outstanding balances). List only last 4 digits of account numbers.

MONTHLY PAYMENT AND NAME OF CREDITOR(s):

91. $_____

92._____

93._____

94._____

95._____

96._____

97._____

98._____

99._____

100._____

101._____

102._____

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

103._____

104. **$_____ SUBTOTAL** (Add lines 91 through 103.)

105. **$_____ TOTAL MONTHLY EXPENSES:**

(Add lines 25, 35, 58, 63, 69, 90, and 104 of Section II, Expenses.)

**SUMMARY**

106. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I. INCOME)

107. **$_____ TOTAL MONTHLY EXPENSES** (from line 105 above)

108. **$_____ SURPLUS** (If line 106 is more than line 107, subtract line 107 from line 106. This is the amount of your surplus. Enter that amount here.)

109. **($_____) (DEFICIT)** (If line 107 is more than line 106, subtract line 106 from line 107. This is the amount of your deficit. Enter that amount here.)

---

**SECTION III.  ASSETS AND LIABILITIES**

A. **ASSETS  (This is where you list what you OWN.)**

   **INSTRUCTIONS:**

   **STEP 1:  In column A,** list a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage).  Blank spaces are provided if you need to list more than one of an item.

   **STEP 2:** If this is a petition for dissolution of marriage, check the line **in Column A** next to any item that you are requesting the judge award to you.

   **STEP 3:  In column B,** write what you believe to be the current fair market value of all items listed.

   **STEP 4:  Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.**  You should indicate to whom you believe the item belongs.  (Typically, you will only use Column C if property was owned by one spouse before the marriage.  See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>ASSETS:  DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS. Check the line next to any asset(s) which you are requesting the judge award to you. | | B<br>Current Fair Market Value | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|---|
| | | | Petitioner | Respondent |
| | Cash (on hand) | $ | | |
| | Cash (in banks or credit unions) | | | |
| | | | | |
| | Stocks/Bonds | | | |
| | | | | |
| | | | | |
| | Notes (money owed to you in writing) | | | |
| | | | | |
| | | | | |
| | Money owed to you (not evidenced by a note) | | | |
| | | | | |
| | | | | |
| | Real estate: (Home) | | | |
| | (Other) | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Business interests | | | |
| | | | | |
| | | | | |
| | | | | |
| | Automobiles | | | |
| | | | | |
| | | | | |
| | | | | |
| | Boats | | | |
| | | | | |
| | | | | |
| | Other vehicles | | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

| | | | |
|---|---|---|---|
| | | | |
| | Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| | | | | |
| | | | | |
| | | | | |
| | Furniture & furnishings in home | | | |
| | | | | |
| | Furniture & furnishings elsewhere | | | |
| | | | | |
| | Collectibles | | | |
| | | | | |
| | Jewelry | | | |
| | | | | |
| | Life insurance (cash surrender value) | | | |
| | | | | |
| | | | | |
| | Sporting and entertainment (T.V., stereo, etc.) equipment | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Other assets: | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Assets** (add column B) | | $ | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

**B. LIABILITIES/DEBTS (This is where you list what you OWE.)**

**INSTRUCTIONS:**

<u>STEP 1</u>: **In column A**, list a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.

<u>STEP 2</u>: If this is a petition for dissolution of marriage, check the line **in Column A** next to any debt(s) for which you believe you should be responsible.

<u>STEP 3</u>: **In column B**, write what you believe to be the current amount owed for all items listed.

<u>STEP 4</u>: **Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning the debt belongs to only one of you and should not be divided.** You should indicate to whom you believe the debt belongs. (Typically, you will only use Column C if the debt was owed by one spouse before the marriage. See the **"General Information for <u>Self-Represented</u> Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>LIABILITIES:  DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Check the line next to any debt(s) for which you believe you should be responsible. | B<br>Current Amount Owed | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Mortgages on real estate: First mortgage on home | $ | | |
| Second mortgage on home | | | |
| Other mortgages | | | |
| | | | |
| Charge/credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Auto loan | | | |
| Auto loan | | | |
| Bank/Credit Union loans | | | |
| | | | |
| | | | |
| | | | |
| Money you owe (not evidenced by a note) | | | |
| | | | |
| Judgments | | | |
| | | | |
| Other: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Debts**  (add column B) | $ | | |

**C. NET WORTH (excluding contingent assets and liabilities)**

$_____Total Assets (enter total of Column B in Asset Table; Section A)
$_____Total Liabilities (enter total of Column B in Liabilities Table; Section B)
$_____**TOTAL NET WORTH (Total Assets minus Total Liabilities)**
   (excluding contingent assets and liabilities)

**D. CONTINGENT ASSETS AND LIABILITIES**
   **INSTRUCTIONS:**

   If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| A<br>**Contingent Assets**<br><br>**Check the line next to any contingent asset(s) which you are requesting the judge award to you.** | | B<br><br>**Possible Value** | C<br>**Nonmarital**<br>**(Check correct column)** | |
|---|---|---|---|---|
| | | | Petitioner | Respondent |
| | | $ | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Contingent Assets** | | $ | | |

| A<br>**Contingent Liabilities**<br><br>**Check the line next to any contingent debt(s) for which you believe you should be responsible.** | | B<br>**Possible Amount Owed** | C<br>**Nonmarital**<br>**(Check correct column)** | |
|---|---|---|---|---|
| | | | Petitioner | Respondent |
| | | $ | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Contingent Liabilities** | | $ | | |

**E. CHILD SUPPORT GUIDELINES WORKSHEET.** Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

[Check **one** only]

_____ **A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.

_____ **A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

**I certify that a copy of this financial affidavit was [check all used]: (   ) e-mailed (   ) mailed, (   ) faxed (   ) hand delivered to the person(s) listed below on** *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____ _____,
*{city}* _____, *{state}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.902(f)(3)
## MARITAL SETTLEMENT AGREEMENT FOR
## SIMPLIFIED DISSOLUTION OF MARRIAGE (10/21)

## When should this form be used?

This form should be used when a **Petition for Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.901(a), has been **filed** and the **parties** have reached an agreement on all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney in your case. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial

Instructions for Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 191 -

Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.

## Special notes . . .

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 192 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# MARITAL SETTLEMENT AGREEMENT FOR
# SIMPLIFIED DISSOLUTION OF MARRIAGE

We, *{Petitioner's full legal name}*_____, and *{Respondent's full legal name}* _____, being sworn, certify that the following statements are true:

1.  We were married to each other on *{date}* _____.

2.  Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3.  Each of us agrees to execute and exchange any documents that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows:  Any personal item(s) not listed below is the property of the party currently in possession of the item(s). 1. Petitioner shall receive as his/her own and Respondent shall have no further rights or responsibilities regarding these assets:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 193 -

| ASSETS:  DESCRIPTION OF ITEM(S) PETITIONER SHALL RECEIVE<br><br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 194 -

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Petitioner** | $ _____ |

2. Respondent shall receive as his/her own and Petitioner shall have no further rights or responsibilities regarding these assets:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 195 -

| ASSETS: DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any title/deed/account described below is in one spouse's name or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Respondent** | $ _____ |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 197 -

B. **Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:
1. Petitioner shall pay as his/her own the following and will not at any time ask Respondent to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY PETITIONER To avoid confusion at a later date, describe each item as clearly as possible. LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS. Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Petitioner** | $ | $ |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 198 -

2. Respondent shall pay as his/her own the following and will not at any time ask Petitioner to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY RESPONDENT To avoid confusion at a later date, describe each item as clearly as possible. LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS. Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or, or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Respondent** | **$** | **$** |

**C.  Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____ .

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

**SECTION II. SPOUSAL SUPPORT (ALIMONY)** Each of us forever gives up any right to spousal support (alimony) that we may have.

**SECTION III. OTHER**

_____

_____

_____

_____

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
_{Print, type, or stamp commissioned name of notary or clerk.}_

_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for the Petitioner.
This form was completed with the assistance of:
_{name of individual}_ _____,
_{name of business}_ _____,
_{address}_ _____,
_{city}_ _____, _{state}_ _____, _{zip code}_ _____, _{telephone number}_ _____.

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 200 -

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
     Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks]
This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (10/21)

- 201 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.910(a)
## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## (10/21)

### When should this form be used?

This form should be used to obtain **personal service** on the other **party** when you begin your lawsuit. **Service** is required for **all** documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by email, mail, or hand delivery. A third method for service is called **constructive service**; however, the relief a court may grant may be limited in a case where constructive service has been used.

The law requires that certain documents be served by **personal service** if personal service is possible. **Personal service** means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server

   a.   directly to the other party, **or**
   b.   to someone over the age of fifteen with whom the other party lives.

Personal service is required for **all petitions**, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriff's department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.

In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under **process servers** in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case **except** a petition for injunction for protection against domestic or repeat violence.

### How do I start?

When you begin your lawsuit, you need to complete this form (summons) and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, **file** your petition with the **clerk of the circuit court** in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriff's office or to a private process server for service on the other party.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (10/21)

- 202 -

**IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED:** Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and you want the sheriff's department to serve the papers, you will file the summons along with a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

**IF THE OTHER PARTY LIVES IN ANOTHER COUNTY:** If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriff's office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use. Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (10/21)

**IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA:** If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as **constructive service**. You may also be able to use constructive service if the other party does not live in Florida. **However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service**; that is, the judge's power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.

Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: "Respondent last lived in Florida from *{date}* _____ to *{date}* _____ ."

**This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.**

## What happens when the papers are served on the other party?

The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. **It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.**

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (10/21)

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and Florida Family Law Rule of Procedure 12.070, as well as the instructions for **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), **Affidavit of Diligent Service and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and **Affidavit of Diligent Search**, Florida Family Law Rules of Procedure Form 12.913(c).

## Special notes . . .

If you have been unable to obtain proper service on the other party within **120 days** after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within **120 days**. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (10/21)

If the other party fails to respond, i.e., fails to file a written response with the court, within **20 days** after the service of the summons, you are entitled to request a **<u>default</u>**. See the instructions to **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922 (a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b), for further information. You will need to file an **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (10/21)

- 206 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: *{enter other party's full legal name}* _____,
*{address (including city and state)/location for service}* _____.

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: *{street address}* _____.

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

*{Name and address of party serving summons}* _____

_____.

**If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you. Service must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file**

Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (10/21)

- 207 -

**Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.)  Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**WARNING:  Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information.  Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

# IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Localizado en: _____.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar ____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].)  Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion.  El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.**

# IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* _____.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du

Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (10/21)

numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: _____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier.  Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle.  (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.)  Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

**ATTENTION: La regle 12.285, des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
     Deputy Clerk

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(b)
## AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
## (10/21)

### When should this form be used?

This form is to be used with **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1) and **Notice of Action For Family Cases With Minor Child(ren),** Form 12.913(a)(2), to obtain **constructive service** (also called service by publication).

The other party is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the other party. A last known address cannot be unknown. This form includes a checklist of places you can look for information on the location of the other party. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the other party's location and that you have followed up on any information you received.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should **file** this document and a **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), or **Notice of Action For Family Cases With Minor Child(ren),** Form 12.913(a)(2), with the **clerk of the circuit court** in the county where your petition is filed. You should keep a copy for your records.

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure and chapter 49, Florida Statutes.

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1.  I have made diligent search and inquiry to discover the name and current residence of
    Respondent: *{Specify details of search}* **Refer to checklist below and identify all actions taken
    (any additional information included such as the date the action was taken and the person
    with whom you spoke is helpful) (attach additional sheet if necessary):**
    [Check **all** that apply]

_____ United States Post Office inquiry through Freedom of Information Act for current address or any
relocations.

_____ Last known employment of Respondent, including name and address of employer.  You should
also ask for any addresses to which W-2 Forms were mailed, and, if a pension or profit-sharing
plan exists, then for any addresses to which any pension or plan payment is and/or has been
mailed.

_____ Unions from which Respondent may have worked or that governed his or her particular trade or
craft.

_____ Regulatory agencies, including professional or occupational licensing.

_____ Names and addresses of relatives and contacts with those relatives, and inquiry as to
Respondent's last known address. You are to follow up any leads of any addresses where
Respondent may have moved.  Relatives include, but are not limited to: parents, brothers,
sisters, aunts, uncles, cousins, nieces, nephews, grandparents, great-grandparents, former in-
laws, stepparents, stepchildren.

_____ Information about the Respondent's possible death and, if dead, the date and location of the
death.

_____ Telephone listings in the last known locations of Respondent's residence.

_____ Internet at http://www.switchboard.com or other Internet databank locator service. Please
indicate if a public library assisted you in your search.

_____ Law enforcement arrest and/or criminal records in the last known residential area of
Respondent.

_____ Highway Patrol records in the state of Respondent's last known address.

_____ Department of Motor Vehicle records in the state of Respondent's last known address.

_____ Department of Corrections records in the state of Respondent's last known address.

_____ Title IV-D (child support enforcement) agency records in the state of Respondent's last known address.

_____ Hospitals in the last known area of Respondent's residence.

_____ Utility companies, which include water, sewer, cable TV, and electric, in the last known area of Respondent's residence.

_____ Letters to the Armed Forces of the U.S. and their response as to whether or not there is any information about Respondent. (See Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a).)

_____ Tax Assessor's and Tax Collector's Office in the area where Respondent last resided.

_____ Other: *{explain}* _____

_____

_____

_____

_____

2. The age of Respondent is [Choose only **one**] (   ) known *{enter age}* _____ **or** (   ) unknown.

3. **Respondent's current residence**
[Choose only **one**]

a. _____Respondent's current residence is unknown to me.

b. _____Respondent's current residence is in some state or country other than Florida.
_____

c. _____The Respondent, having residence in Florida, has been absent from Florida for more than 60 days prior to the date of this affidavit, or conceals him/her self so that process cannot be served personally upon him or her, and I believe there is no person in the state upon whom service of process would bind this absent or concealed Respondent.

4. **Respondent's last known address** as of *{date}*_____, was:
Address _____City _____State _____ Zip _____
Telephone No. _____Fax No. _____.

Respondent's last known employment, as of *{date}*_____, was
Name of Employer _____
Address _____City _____State _____ Zip _____
Telephone No. _____ Fax No. _____.

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**


Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(c)
# AFFIDAVIT OF DILIGENT SEARCH
# (10/21)

## When should this form be used?

This form is to be used with **Notice of Action For Family Cases With Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), to obtain **constructive service** (also called service by publication) on the legal father in any action or proceeding to determine paternity which may result in termination of the legal father's parental rights.

The legal father is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the legal father. A last known address cannot be unknown. This form includes a checklist of places you must look for information on the location of the legal father. You have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person's location and that you have followed up on any information you received.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should **file** this document and a **Notice of Action For Family Cases With Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.913(a)(2), with the **clerk of the circuit court** in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure, chapter 49, Florida Statutes, and section 409.257, Florida Statutes.

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____

Division:_____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF DILIGENT SEARCH

I, *{full legal name}*_____, being sworn, certify that the following information is true:

1.  The last known address of the child(ren)'s legal father *{name}* _____, as of *{date}* _____, was:
    Address _____ City _____ State _____ Zip _____
    Telephone No. _____ Fax No. _____.

    His last known employment, as of *{date}* _____, was:
    Name of Employer _____
    Address _____ City _____ State _____ Zip _____
    Telephone No. _____ Fax No. _____

2.  The legal father is over the age of 18.

3.  The legal father's current residence is not known and cannot be determined, although I have made a diligent search and inquiry to locate him through the following:
    **You must search ALL of the following sources of information and state the results.**

    _____  United States Post Office inquiry through the Freedom of Information Act for the legal father's current address or any previous address.
    Result of search: _____

    _____  Last known employment of the legal father, including name and address of employer.
    Result of search: _____

    _____  Regulatory agencies, including professional or occupational licensing, in the area where the legal father last resided.
    Result of search: _____

Florida Family Law Rules of Procedure Form 12.913(c), Affidavit of Diligent Search (10/21)

_____ Names and addresses of relatives to the extent such can be reasonably obtained from the petitioner or other sources, contacts with those relatives and inquiry as to the legal father's last known address. You are to follow up any leads of any addresses where the legal father may have moved.
Result of search: _____

_____ Information about the legal father's possible death and, if dead, the date and location.
Result of search: _____

_____ Telephone listings in the area where the legal father last resided.
Result of search: _____

_____ Law enforcement agencies in the area where the legal father last resided.
Result of search: _____

_____ Highway Patrol records in the state where the legal father last resided.
Result of search: _____

_____ Department of Corrections records in the state where the legal father last resided.
Result of search: _____

_____ Hospitals in the last known area of the legal father's residence.
Result of search: _____

_____ Records of utility companies, which include water, sewer, cable TV, and electric in the last known area of the legal father's residence.
Result of search: _____

_____ Records of the Armed Forces of the U.S. and their response as to whether or not there is any information about the legal father. (See Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)
Result of search: _____

_____ Records of the tax assessor's and tax collector's office in the area where the legal father last resided.
Result of search: _____

_____ Search of one Internet databank locator service.
Result of search: _____

_____ Title IV-D (child support enforcement) agency records in the state of the legal father's last known address.
Result of search: _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]

This form was prepared for: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.928
# COVER SHEET FOR FAMILY COURT CASES (10/21)

## When should this form be used?

The Cover Sheet for Family Court Cases and the information contained in it does not replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner/party opening or reopening a case for the use of the **clerk of the circuit court** for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

This form should be typed or printed in black ink. The petitioner must **file** this cover sheet with the first pleading or motion filed to open or reopen a case in all domestic and juvenile cases.

## What should I do next?

Follow these instructions for completing the form:

I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of the petitioner(s) and respondent(s).

II. Type of Action /Proceeding. Place a check beside the proceeding you are initiating. If you are filing more than one type of proceeding, (such as a modification and an enforcement proceeding) against the same party at the same time, then you must complete a separate cover sheet for each action being filed.

   (A) Initial Action/Petition
   (B) Reopening Case. If you check "Reopening Case," indicate whether you are filing a modification or supplemental petition or an action for enforcement by placing a check beside the appropriate action/petition.
   1.   Modification/Supplemental Petition
   2.   Motion for Civil Contempt/ Enforcement
   3.   Other – All reopening actions not involving modification/supplemental petitions or petition enforcement.

III. Type of Case. Place a check beside the appropriate case. If the case fits more than one category, select the most definitive. Definitions of the categories are provided below.
   (A) Simplified Dissolution of Marriage- petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
   (B) Dissolution of Marriage - petitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.

(C) Domestic Violence - all matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.

(D) Dating Violence - all matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes.

(E) Repeat Violence - all matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes.

(F) Sexual Violence - all matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes.

(G) Stalking-all matters relating to injunctions for protection against stalking pursuant to section 784.0485, Florida Statutes

(H) Support - IV-D - all matters relating to child or spousal support in which an application for assistance has been filed with the Department of Revenue, Child Support Enforcement under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.

(I) Support-Non IV-D - all matters relating to child or spousal support in which an application for assistance has **not** been filed under Title IV-D, Social Security Act.

(J) UIFSA- IV-D - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.

(K) UIFSA - Non IV-D - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has **not** been filed under Title IV-D, Social Security Act.

(L) Other  Family Court - all matters involving time-sharing and/or parenting plans relating to minor child(ren), support unconnected with dissolution of marriage, annulment, delayed birth certificates pursuant to Florida Statutes section 382.0195, expedited affirmation of parental status pursuant to Florida Statutes section 742.16, termination of parental rights proceedings pursuant to Florida Statutes section 63.087, declaratory judgment actions related to premarital, marital, post-marital agreements, or other matters not included in the categories above.

(M) Adoption Arising Out Of Chapter 63 - all matters relating to adoption pursuant to Chapter 63, Florida Statutes, excluding any matters arising out of Chapter 39, Florida Statutes.

(N)  Name Change - all matters relating to name change, pursuant to section 68.07, Florida Statutes.

(O) Paternity/Disestablishment of Paternity – all matters relating to paternity pursuant to Chapter 742, Florida Statutes.

(P) Juvenile Delinquency - all matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes.

(Q) Petition for Dependency - all matters relating to petitions for dependency.

(R) Shelter Petition – all matters relating to shelter petitions pursuant to Chapter 39, Florida Statutes.

(S) Termination of Parental Rights Arising Out Of Chapter 39 – all matters relating to termination of parental rights pursuant to Chapter 39, Florida Statutes.

(T) Adoption Arising Out Of Chapter 39 – all matters relating to adoption pursuant to Chapter 39, Florida Statutes.

(U) CINS/FINS – all matters relating to children in need of services (and families in need of services) pursuant to Chapter 984, Florida Statutes.

(V) Petition for Temporary or Concurrent Custody by Extended Family-all matters relating to petitions for temporary or concurrent custody pursuant to Chapter 751.

(W) Emancipation of a Minor-all matters relating to emancipation of a minor pursuant to Chapter 743.

**ATTORNEY OR PARTY SIGNATURE.** Sign the Cover Sheet for Family Court Cases. Print legibly the name of the person signing the Cover Sheet for Family Court Cases. Attorneys must include a Florida Bar number. Insert the date the Cover Sheet for Family Court Cases is signed. Signature is a certification that filer has provided accurate information on the Cover Sheet for Family Court Cases.

**Nonlawyer** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases (10/21)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see Rule 12.100, Florida Family Law Rules of Procedure.

# COVER SHEET FOR FAMILY COURT CASES

**I.** Case Style

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Judge: _____

_____,
Petitioner,

and

_____,
Respondent.

**II.** Type of Action/Proceeding. Place a check beside the proceeding you are initiating. If you are filing more than one type of proceeding (such as a modification and an enforcement proceeding) against the same party at the same time, then you must complete a separate cover sheet for each action being filed. **If you are reopening a case, choose one of the three options below it.**

(A) _____ Initial Action/Petition
(B) _____ Reopening Case
    1. _____ Modification/Supplemental Petition
    2. _____ Motion for Civil Contempt/Enforcement
    3. _____ Other

**III.** Type of Case. If the case fits more than one type of case, select the most definitive.

(A) _____ Simplified Dissolution of Marriage
(B) _____ Dissolution of Marriage
(C) _____ Domestic Violence
(D) _____ Dating Violence
(E) _____ Repeat Violence
(F) _____ Sexual Violence
(G) _____ Stalking
(H) _____ Support IV-D (Department of Revenue, Child Support Enforcement)
(I) _____ Support Non-IV-D (**not** Department of Revenue, Child Support Enforcement)
(J) _____ UIFSA IV-D (Department of Revenue, Child Support Enforcement)
(K) _____ UIFSA Non-IV-D (**not** Department of Revenue, Child Support Enforcement)
(L) _____ Other Family Court
(M) _____ Adoption Arising Out Of Chapter 63
(N) _____ Name Change
(O) _____ Paternity/Disestablishment of Paternity

Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases (10/21)

(P) ____ Juvenile Delinquency
(Q) ____ Petition for Dependency
(R) ____ Shelter Petition
(S) ____ Termination of Parental Rights Arising Out Of Chapter 39
(T) ____ Adoption Arising Out Of Chapter 39
(U) ____ CINS/FINS
(V) ____ Petition for Temporary or Concurrent Custody by Extended Family
(W) ____ Emancipation of a Minor

**IV.** Rule of General Practice and Judicial Administration 2.545(d) requires that a Notice of Related Cases Form, Family Law Form 12.900(h), be filed with the initial pleading/petition by the filing attorney or self-represented litigant in order to notify the court of related cases.  Is Form 12.900(h) being filed with this Cover Sheet for Family Court Cases and initial pleading/petition?

____ No, to the best of my knowledge, no related cases exist.
____ Yes, all related cases are listed on Family Law Form 12.900(h).

**ATTORNEY OR PARTY SIGNATURE**

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.


Signature _____ FL Bar No.: _____
       Attorney or party                               (Bar number, if attorney)


_____     _____
       (Type or print name)                         (E-mail Address(es))


_____
       Date


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only **one**}* _____Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a)
# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
# (10/21)

## When should this form be used?

You should use this form to tell the court that you are asking the other **party** in your case to answer certain standard questions in writing.  These questions are called **interrogatories**, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.

This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings **or** the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer.  After completing this form you should **file** this document with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

You must serve the other party with a copy of this form along with an original and a copy of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), if service is by mail or hand delivery.  You must serve a copy of this form and a copy of the interrogatories if service is by email.  **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## You may want to inform the other party of the following information:

As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in compliance with Florida Rule of General Practice and Judicial Administration 2.516.  His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself.  All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party.  Do **not** file the original or a copy with the clerk of the circuit court except as provided in Florida Family Law Rule of Procedure 12.340(d).

The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. **If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.**

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (10/21)

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rules of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (10/21)

**Special notes . . .**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (10/21)

- 228 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}* _____, have on *{date}* _____,
served upon *{name of person served}* _____,
to be answered under oath within 30 days after service, the Standard Family Law Interrogatories for
[check **one** only]

**(     ) Original or Enforcement Proceedings    (     ) Modification Proceedings**

I am requesting that the following standard questions be answered: [check **all** that apply]

| _____1 | _____2 | _____3 | _____4 | _____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached *{#}* _____ questions be answered.

I certify that a copy of this document was **[check all used]**: (   ) emailed (   ) mailed (   ) faxed
(   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____
Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories
(10/21)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____ , *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b)
# STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
# (10/21)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **original proceedings** or **enforcement proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice**, if by email. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure 12.930(a), to tell the court that you have sent this form to the other party.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 231 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 232 -

serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories.  He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 233 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

---

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES**
I am requesting that the following standard questions be answered: [check **all** that apply]

| _____1 | _____2 | _____3 | _____4 | _____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

---

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, *{name of person answering interrogatories}* _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained.
   b. List all of your education including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment during the last 3 years, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.
      (5) name of all persons involved in the business, commercial, or professional activity with you.
      (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement;

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 235 -

reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   c.   If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.

4. **ASSETS:**
   a.  **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
      (1)  the names and addresses of any other persons or entities holding any interest and their percentage of interest.
      (2)  the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
      (3)  the fair market value on the date of your separation from your spouse.
      (4)  the fair market value on the date of the filing of the petition for dissolution of marriage.

   b.  **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
      (1)  the percentage and type interest you hold.
      (2)  the names and addresses of any other persons or entities holding any interest.
      (3)  the date you acquired your interest.
      (4)  the purchase price.
      (5)  the present fair market value.
      (6)  the fair market value on the date of your separation from your spouse.
      (7)  the fair market value on the date of the filing of the petition for dissolution of marriage.

   c.  **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

(including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1)  the percentage and type interest you hold.
(2)  the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3)  the date you acquired your interest.
(4)  the purchase price, acquisition cost, or loaned amount.
(5)  the fair market value or the amounts you claim are owned by or owed to you:
    (a)  presently, at the time of answering these interrogatories.
    (b)  on the date of your separation from your spouse.
    (c)  on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

d.  **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer.  For each account, state the following:
(1)  the name and last 4 digits of the account number of each account/plan and where it is located.
(2)  the type of account/plan.
(3)  the name and address of the fiduciary plan administrator/service representative.
(4)  the fair market value of your interest in each account/plan.
    (a)  present value.
    (b)  value on the date of separation.
    (c)  value on the date of filing of the petition for dissolution of marriage
(5)  whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
(6)  the date at which you became/become eligible to receive some funds in this account/plan.
(7)  monthly benefits of the account/plan if no fair market value is ascertained.
(8)  beneficiary(ies) and/or alternate payee(s).

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 237 -

e. **Financial Accounts.** For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) the last 4 digits of account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years.
(6) lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f. **Closed Financial Accounts.** For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) the last 4 digits of account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.

g. **Trust.** For any interest in an estate, trust, insurance policy, or annuity, state the following:

(1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
    (a) identification of the estate, trust, insurance policy, or annuity.
    (b) the nature, amount, and frequency of any distributions of benefits.
    (c) the total value of the beneficiaries' interest in the benefit.
    (d) whether the benefit is vested or contingent.
(2) If you have established any trust or are the trustee of a trust, state the following:
    (a) the date the trust was established.
    (b) the names and addresses of the trustees.
    (c) the names and addresses of the beneficiaries.
    (d) the names and addresses of the persons or entities who possess the trust documents.
    (e) each asset that is held in each trust, with its fair market value.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 238 -

h. **Canceled Life Insurance Policies.** For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:

(1) name of company that issued the policy and last 4 digits of policy number.

(2) name, address, and telephone number of agent who issued the policy.

(3) amount of coverage.

(4) name of insured.

(5) name of owner of policy.

(6) name of beneficiaries.

(7) premium amount.

(8) date the policy was surrendered.

(9) amount, if any, of monies distributed to the owner.

i. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

j. **Safe Deposit Boxes, Lock Boxes, Vaults, Etc.** For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:

(1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:

(a) had a safe deposit box, lock box, or vault.

(b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.

(c) had access to a safe deposit box, lock box, or vault.

(d) maintained property.

(2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.

(3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.

(4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.

(5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.

5. **LIABILITIES:**

a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 239 -

(1)  name and address of the creditor.
(2)  name in which the obligation is or was incurred.
(3)   last 4 digits of the loan or account number, if any.
(4)  nature of the security, if any.
(5)  payment schedule.
(6)  present balance and current status of your payments.
(7)  total amount of arrearage, if any.
(8)  balance on the date of your separation from your spouse.
(9)  balance on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.   You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

 

b.  **Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1)  name and address of the creditor.
(2)  name in which the account is or was maintained.
(3)  names of each person authorized to sign on the accounts.
(4)  last 4 digits of account numbers.
(5)  present balance and current status of your payments.
(6)  total amount of arrearage, if any.
(7)  balance on the date of your separation from your spouse.
(8)  balance on the date of the filing of the petition for dissolution of marriage.
(9)  highest and lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

 

c.  **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
    (1)  name and address of each creditor.
    (2)  name in which the account is or was maintained.
    (3)   last 4 digits of account numbers.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 240 -

        (4)  names of each person authorized to sign on the accounts.

        (5)  date the balance was paid off.

        (6)  amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6. **MISCELLANEOUS:**

    a.  If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.

    b.  If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.

    c.  If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.

    d.  Detail your proposed parenting plan for the minor child(ren), including your proposed time-sharing schedule.  Alternatively, attach a copy of your proposed parenting plan.

    e.  If you are claiming that the other parent's  time-sharing with the minor child(ren) should be limited,  supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)'s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.

7. **LONG FORM AFFIDAVIT:**  If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 241 -

I certify that a copy of this document was [**check all used**]: (    ) emailed (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (10/21)

- 242 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c)
# STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
# (10/21)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **modification proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice,** if by email. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

After you receive the completed answers to the interrogatories, **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425**

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 243 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** in these instructions are defined there.

For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and**

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

– 244 –

**E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINSTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 245 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR MODIFICATION PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES** I am requesting that the following standard questions be answered: [check all that apply]

| _____1 | _____2 | _____3 | _____4 | _____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, *{name of person answering interrogatories}* _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 246 -

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
   b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 247 -

    (2)  dates you were connected with such activity.

    (3)  position title and brief description of activities.

    (4)  starting and ending compensation.

    (5)  name of all persons involved in the business, commercial, or professional activity with you.

    (6)  all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

c.  If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.

4.  **ASSETS:**

a.  **Real Estate.**  State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.  For each property, state the following:

    (1)  the names and addresses of any other persons or entities holding any interest and their percentage of interest.

    (2)  the present fair market value.

b.  **Tangible Personal Property.**  List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

    (1)  the percentage and type interest you hold.

    (2)  the names and addresses of any other persons or entities holding any interest.

    (3)  the present fair market value.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 248 -

c.  **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1)  the percentage and type interest you hold.

(2)  the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you

(3)  the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

d.  **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer.  For each account, state the following:

(1)  the name and last 4 digits of the account number of each account/plan and where it is located.

(2)  the type of account/plan.

(3)  the name and address of the fiduciary plan administrator/service representative.

(4)  the present fair market value of your interest in each account/plan.

(5)  whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.

(6)  the date at which you became/become eligible to receive some funds in this account/plan.

(7)  monthly benefits of the account/plan if no fair market value is ascertained.

(8)  beneficiary(ies) and/or alternate payee(s).

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 249 -

e. **Financial Accounts.** For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
   (1) name and address of each institution.
   (2) name in which the account is or was maintained.
   (3) last 4 digits of account numbers.
   (4) name of each person authorized to make withdrawals from the accounts.
   (5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
   (6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

   **You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f. **Closed Financial Accounts.** For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
   (1) name and address of each institution.
   (2) name in which the account is or was maintained.
   (3) last 4 digits of account numbers.
   (4) name of each person authorized to make withdrawals from the accounts.
   (5) date account was closed.

g. **Trust.** For any interest in an estate, trust, insurance policy, or annuity, state the following:
   (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
      (a) identification of the estate, trust, insurance policy, or annuity.
      (b) the nature, amount, and frequency of any distributions of benefits.
      (c) the total value of the beneficiaries' interest in the benefit.
      (d) whether the benefit is vested or contingent.
   (2) If you have established any trust or are the trustee of a trust, state the following:

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 250 -

(a) the date the trust was established.
(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.

h. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

5. **LIABILITIES:**

a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) last 4 digits of loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

b. **Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of the creditor.
(2) name in which the account is or was maintained.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 251 -

(3) names of each person authorized to sign on the accounts.
(4)  last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

c. **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
   (1) name and address of each creditor.
   (2) name in which the account is or was maintained.
   (3) last 4 digits of account numbers.
   (4) name of each person authorized to sign on the accounts.
   (5) date the balance was paid off.
   (6) amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6. **MISCELLANEOUS:**
   a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim.  If unemployed, state how, why, and when you lost your job.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

b.  If you are claiming a change in mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts on which you rely in your claim.  Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.

c.  If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change.  State when the change of circumstances occurred, how the change or circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change.  Attach your proposed parenting plan.

d.  If you do not feel the requested change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof,  for the minor child(ren) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change.  State what requested change, if any, in shared or sole parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).

7.  **LONG FORM AFFIDAVIT:**  If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (10/21)

- 253 -

I certify that a copy of this document was [check **all used**]:  (   ) emailed   (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____ .


**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(d) NOTICE OF SERVICE OF ANSWERS TO STANDARD FAMILY LAW INTERROGATRIES (10/21)

## When should this form be used?

You should use this form to tell the court that you have responded to the other **party**'s request to answer certain standard questions (**interrogatories**) in writing.

This form should be typed or printed in black ink. You must indicate whether you are sending the answers to interrogatories for original and enforcement proceedings, Florida Family Law Rules of Procedure Form 12.930(b), or modification proceedings, Florida Family Law Rules of Procedure Form 12.930(c). You must also indicate whether you have additional questions that you were asked to answer. After completing this form you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

A copy of this form and the original completed answers to the interrogatories must be mailed or hand delivered to the other party in your case. However, **file** only this form with the clerk. **DO NOT FILE THE ORIGINAL ANSWERS TO THE INTERROGATORIES OR ANY ATTACHMENTS WITH THE CLERK UNLESS THEY ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425.**

## Where can I look for more information?

Before proceeding, you should read **General Information for Self-Represented Litigants found at the beginning of these forms**. For further information see Florida Family Law Rules of Procedure Rules 12.280, 12.285, 12.340, and 12.380.

## Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories (10/21)

- 255 -

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,
and
_____,
Respondent.

# NOTICE OF SERVICE OF ANSWERS TO
# STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}*_____ have on *{date}*_____ served on
*{name}*_____ fully completed and sworn answers to the standard family law
interrogatories served on me, and additional interrogatories if requested. The interrogatories were for
[check **one** only] (   ) original or enforcement proceedings (   ) modification proceedings.

**I UNDERSTAND THAT I SHOULD NOT FILE THE ANSWERS TO INTERROGATORIES WITH THE CLERK OF
THE CIRCUIT COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d).**

I certify that a copy of this document was [**check all used**] (   ) e-mailed (   ) mailed (   ) faxed
(   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
E-mail Address(es):_____

Dated: _____          _____

Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

Instructions for Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard
Family Law Interrogatories (10/21)

- 256 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}* _____ ,
*{city}* _____ , *{state}* _____ , *{telephone number}* _____ .

Instructions for Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories (10/21)

- 257 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.932 CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE (10/21)

## When should this form be used?

**Mandatory disclosure** requires each **party** in a family matter to provide the other party with certain financial information and documents. These documents must be served on the other party within 45 days of **service** of the initial petition or supplemental petition for modification on the **respondent**. The mandatory disclosure rule applies to all original and **supplemental** cases, except simplified dissolution of marriage cases and cases where the respondent is served by **constructive service** and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.

**Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. ONLY THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED ON THE FORM ARE TO BE GIVEN TO THE OTHER PARTY.** If your individual gross annual income is under $50,000, you should complete the **Family Law Financial Affidavit (Short Form)**, Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the **Family Law Financial Affidavit (Long Form)**, Florida Family Law Rules of Procedure Form 12.902(c).

In addition, there are separate mandatory disclosure requirements that apply to **temporary financial hearings**, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must serve the required documents on the party seeking temporary relief. Any documents that have already been served under the requirements for temporary or initial proceedings do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.

You must state with specificity the documents that you are producing to the other party. References to account numbers and personal identifying information are governed by Florida Rule of General Practice and Judicial Administration 2.425, which you should review prior to completing this form.

This form should be typed or printed in black ink. After completing this form, you should **file** this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records. A copy of this form must be served on any other party in your case. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (10/21)

# What should I do next?

After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and the child support guidelines worksheet. Refer to the instructions regarding the **petition** in your case to determine how you should proceed after filing this form.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (10/21)

- 259 -

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.

Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the **Family Law Financial Affidavit (Long Form),** Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See **Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).

Any portion of the mandatory disclosure rule may be modified by order of the **judge** or agreement of the parties. Therefore, you and the other party may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does **not** apply to the **Financial Affidavit**, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (10/21)

- 260 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.


# CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE


# ONLY THE COMPLETED FORM IS FILED WITH THE COURT.
# EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED BELOW ARE TO BE GIVEN TO THE OTHER PARTY.


I, *{full legal name}* _____, certify that I have complied with the mandatory disclosure required by Florida Family Law Rule 12.285 as follows:

**1. FOR TEMPORARY FINANCIAL RELIEF, ONLY:**
The date the following documents were served: _____.
[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not provided, you may attach additional papers with this form and refer to them in the space provided.]

    a. _____ Financial Affidavit
        _____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
        _____ Florida Family Law Rules of Procedure Form 12.902(c) (long form)

    b. _____ All complete federal and state personal income tax, gift tax, and foreign tax returns for the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and all accompanying schedules and worksheets comprising the entire tax return; **or**
        _____ Transcript of tax return as provided by IRS form 4506-T; **or**
        _____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past year has not been prepared; and for any of the prior 2 years beyond the past year if tax returns for any of those years have not been filed.

    c. _____ Pay stubs or other evidence of earned income for the 6 months before the compliance with the disclosure requirements for temporary relief. The following are produced:
        _____

_____
_____
_____
                                                                  .

**2.  FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:**
The date the following documents were served: _____.
[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not
provided, you may attach additional papers with this form and refer to them in the space provided.]

a. _____ Financial Affidavit
          _____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
          _____ Florida Family Law Rules of Procedure Form 12.902(c) (long form)

b. _____ All complete federal and state personal income tax, gift tax, and foreign tax returns, for
          the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and
          all accompanying schedules and worksheets comprising the entire tax return;
          _____ Transcript of the tax return as provided by IRS form 4506-T; **or**
          _____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for
          the past year has not been prepared; and for any of the prior 2 years beyond the
          past year if tax returns for any of those years have not been filed.

c. _____ Pay stubs or other evidence of earned income for the 6 months before the compliance
          with these disclosure requirements for initial or supplemental proceedings. The
          following are produced: _____
          _____
                                                                  .

d. _____ A statement identifying the source and amount of all income for the 6 months before the
          compliance with these disclosure requirements for initial or supplemental proceedings, if
          not reflected on the pay stubs produced. The following are produced: _____
          _____
                                                                  .

e. _____ All loan applications, financial statements, credit reports, or any other form of financial
          disclosure, including financial aid forms, prepared for any purpose or used for any
          purpose within the 24 months preceding the compliance with these disclosure
          requirements for initial or supplemental proceedings. The following are produced: _____
          _____
          _____
                                                                  .

f. _____ All deeds to real estate in which I presently own or owned an interest within the past 3
          years. All promissory notes or other documents evidencing money owed to me or my
          spouse at any time within the last 24 months. All leases, whether in my name
          individually, in my name jointly with any other person or entity, in my name as trustee
          or guardian for a party or a minor or adult dependent child of both parties, or in
          someone else's name on my behalf wherein either party (A) is receiving or has received
          payments at any time within the last 3 years, or (B) owns or owned an interest. The
          following are produced: _____
          _____
          _____
                                                                  .

g.____ All periodic statements for the last 12 months for all checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc., whether in my name individually, in my name jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced: _____

_____

_____

_____.

h.____ All brokerage account statements for the last 12 months, in either party's name individually or jointly with any person or entity, or as a trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced:

_____

_____

_____.

i. ____ Most recent statement and statements for the past 12 months for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or an alternate payee receiving payments. The following are produced: ____

_____

_____

_____.

j. ____ Most recent statement and statements for the past 12 months for any virtual currency transactions in which either party participated within the last 12 months or holds an interest in, either individually, jointly with any other person or entity, as trustee or guardian for a party or minor or adult dependent child of both parties, or in someone else's name on my behalf, and a listing of all current holdings of virtual currency. The following are produced: _____

_____

_____

_____.

k.____ The declaration page, the last periodic statement, statements for the past 12 months and the certificate for any group insurance for all life insurance policies insuring my life or the life of my spouse. The following are produced: _____

_____

_____

_____.

l. ____ All health and dental insurance cards covering either me or my spouse and/or our dependent child(ren). The following are produced: _____

_____

_____.

m. _____ Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownership or interest. The following are produced: _____

_____

_____ .

n. _____ All credit card and charge account statements and other records showing my (our) indebtedness as of the date of the filing of this action and for the prior 24 months preceding compliance with these disclosure requirements for initial or supplemental proceedings. All promissory notes on which I presently owe or owned within the past 24 months, whether paid or not.  All lease agreements I presently owe, either in my name individually, jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf. The following are produced: _____

_____

_____ .

o. _____ All premarital and marital agreements between the parties to this case, and all affidavits and declaration of non-paternity or judgments of disestablishment of paternity for any minor or dependent children born or conceived during the marriage. The following are produced: _____

_____

_____ .

p. _____ If a modification proceeding, all written agreements entered into between the parties at any time since the order to be modified was entered. The following are produced: _____

_____

_____

_____ .

q. _____ All documents relating to claims for an unequal distribution of marital property, enhancement or appreciation in nonmarital property, or nonmarital status of an asset or debt. The following are produced: _____

_____

_____ .

r. _____ Any court order directing that I pay or receive spousal support (alimony) or child support. The following are produced: _____

_____

_____ .

I certify that a copy of this document was [**check all used**]:  (   ) e-mailed (   ) mailed
(   ) faxed (   ) hand delivered to the person(s) listed below on *{date}*_____ .

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.975(a)
# PETITION FOR GRANDPARENT VISITATION WITH MINOR CHILD(REN) (10/21)

## When should this form be used?

This form should be used when a grandparent is filing for visitation rights as provided in Section 752.011, Florida Statutes. You may file a petition for grandparent visitation with minor child(ren) in Florida if **one** of the following is true:
- One or both of the minor child(ren)'s parents died;
- One or both of the minor child(ren)'s parents are missing;
- One or both of the minor child(ren)'s parents are in a persistent vegetative state; or a combination of these three situations.

 If only one of the minor child(ren)'s parents qualifies in one of the three categories above, the other parent must have been convicted of a felony **or an offense of violence evincing behavior that poses a substantial threat of harm to the minor child's health or welfare**.

This petition should be typed or printed in black ink.

## What should I do next?

After completing this form, you should **file** this form with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

You must file Florida Supreme Court Approved Family Law Form 12.902(d), **Uniform Child Custody Jurisdiction and Enforcement Affidavit**.

You must pay the appropriate **filing fees** to the clerk of the circuit court. If you or you and your spouse cannot afford to pay the filing fees, you may fill out **an Application for Determination of Civil Indigent Status**, and file it with your petition for Grandparent Visitation with Minor Child(ren). You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.

Either you or the clerk of court will need to complete a **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928. The clerk's office can provide this form.

For your case to proceed, you must properly notify the parents of the minor child(ren) unless they have died. If either or both parents have died, you must file a certified copy of the death certificate.

If you know where either or both parents live, you should use **personal service**.

If the basis of your petition is that one or both parents are missing, you must file an affidavit of diligent search with regard to that parent(s) to demonstrate to the court that one or both are in fact missing. See Florida Family Law Rules of Procedure Form 12.913(b).

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (10/21)

- 266 -

If you absolutely do not know where one or both parents live, you may also use constructive service. You may also be able to use constructive service if one or both parents reside in another state or country. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).

The parents will have 20 days to answer your petition after being served with your petition. Your case will then generally proceed in one of the following three ways:

> **DEFAULT**. If after 20 days, none of the parties have filed an answer or any other document, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, depending on your jurisdiction, you may call the clerk, family law intake staff, or the judicial assistant to set a final hearing. You must notify the parents of the hearing by using a **Notice of Final Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

> **UNCONTESTED**. If all parties file an answer that agrees with everything in your petition, depending on your jurisdiction, you may call the clerk, family law intake staff, or judicial assistant to schedule a final hearing. You must notify the other party of the hearing by using a **Notice of Final Hearing (General),** Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

> **CONTESTED**. If any of the parties file an answer, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924.

Unless the reason for filing the petition is that both parents have died, some circuits may require the completion of **mediation** before a final hearing may be scheduled. Depending on your jurisdiction, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing) and to inquire if mediation is required before a final hearing.

You must obtain a date and time for any court appearance, including the final hearing, from the clerk of court, family law intake staff or judicial assistant. On that date of the hearing, all petitioners **must appear before a judge**. If required by your jurisdiction, you should bring an **Order On Grandparent's Petition for Visitation with Minor Child(ren),** Florida Family Law Rules of Procedure Form 12.975(b), with you to the hearing.

**If you fail to complete this procedure, the court may dismiss the case.**

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in "**bold underline**" in these instructions are defined there. For further information, see chapter 752, Florida Statutes, and Florida Family Law Rules of Procedure Rule 12.105.

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (10/21)

- 267 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. if a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (10/21)

- 268 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In Re:

Case No.: _____
Division: _____

Petitioner,

and

_____,
Respondent(s).


# PETITION FOR GRANDPARENT VISITATION WITH MINOR CHILD(REN)


The Petitioner(s), _____, files this Petition for Grandparent Visitation Rights pursuant to section 752.011, Florida Statutes, and states as follows:

1. Action for Grandparent Visitation Rights: This is an action for Grandparent Visitation Rights pursuant to section 752.011, Florida Statutes.

2. Children: Petitioner(s), _____ is (are) the grandparent(s) [or great-grandparent(s)] of the following minor children subject to this action: [Please use initials for each of the minor children]

**Name**                                              **Birth date**

_____
_____
_____
_____
_____
_____

3. Parents: The parents of the children are as follows:

Parent Name                    Date of Birth          Last Known Address

_____

_____


Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (10/21)

- 269 -

4. Petitioner's current address is: *{street address, city, state, zip code}* _____

_____

5. Petitioner's relationship to the minor child(ren) is: _____

_____

6. Petitioner's relationship to any of the parents listed in paragraph 3 above is as follows:

_____

7. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

8. The minor child(ren) subject to this action has (have) a parent who is one of the following:

[**Select one**]

      a. _____ Deceased. Name of Deceased Parent *{name}* _____ and Date of Death *{date}* _____.

      b. _____ Missing. Name of Missing Parent *{name}* _____ and last known address _____ and date of last known address: _____.

      c. _____ in a persistent vegetative state since *{date}* _____ pursuant to section 752.001, Florida Statutes.

If the minor child(ren) has/have one parent who is not deceased, missing, or in a persistent vegetative state: [**Select One**]

      d. _____ parent who has been convicted of a felony. For each felony, please provide the following: type of felony, county, state, court case number, and date of conviction:

      _____
      _____
      _____
      _____.

      e. _____ parent who has been convicted of an offense of violence that poses a substantial threat of harm to the minor child(ren)'s health or welfare pursuant to section 752.011, Florida Statutes. For each offense, please provide the following: the offense, county, state, and date of conviction: _____

      _____
      _____
      _____.

9. The parent of the minor child(ren) is unfit or poses significant harm to the child because:

_____
_____
_____
_____.

10. Visitation: Based on the forgoing, Petitioner(s) request(s) reasonable visitation with the minor child(ren) as follows: _____
_____
_____
_____.

11. Explain why this visitation with Petitioner(s) is in the best interests of the child(ren):

_____
_____
_____
_____.

12. Visitation will not materially harm the parent-child relationship because: _____
_____
_____
_____
_____.

13. _____ Petitioner(s) has (have) not filed an original action requesting visitation with the minor child(ren) within the preceding two (2) years.

**OR**

_____ Petitioner(s) has (have) filed an original action requesting visitation with the minor child(ren) within the preceding two (2) years and good cause exists for this Petition because the minor child(ren) is suffering or may suffer significant and demonstrable mental or emotional harm caused by a parental decision to deny visitation with Petitioner(s) that was not known to Petitioner(s) at the time of filing of the earlier action.

WHEREFORE, Petitioner(s) respectfully request(s) that the Court grant the following relief:

A. Take jurisdiction over the subject matter and the parties and find that venue is proper;

B. Find that Petitioner(s) is (are) the grandparent(s) [or great-grandparent(s)] of minor child(ren) subject to this action;

C. Find that both parents of the minor child(ren) are deceased, missing, or in a permanent vegetative state, or one parent is deceased, missing, or in a persistent vegetative state and the other parent is unfit or poses significant harm to the child;

Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (10/21)

D. Appoint a Guardian ad Litem to represent the interests of the minor child(ren);

E. Enter an order referring this matter to family mediation as provided in section 752.015, Florida Statutes;

F. Establish a visitation schedule granting Petitioner(s) frequent and liberal time-sharing with the minor child(ren); and

G. Grant such other and further relief as the Court deems appropriate under the circumstances to protect the rights and interests of the minor child(ren).

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(b) RESPONSE BY PARENTING COORDINATOR (10/21)

## When should this form be used?

A person appointed as a parenting coordinator must accept or decline the appointment under Florida Family Law Rule of Procedure 12.742(e). If you accept the appointment, you must complete paragraphs 1(a) and 2 and sign it. If you decline the appointment, you must complete only paragraph 1(b) and sign the form. This form should be typed or printed in black ink.

## Important Consideration Before Responding.

A Qualified Parenting Coordinator or other licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall abide by the ethical and other professional standards imposed by his or her licensing authority, certification board, or both, as applicable.

A person who is not a Qualified Parenting Coordinator or a licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall not accept an appointment to serve as parenting coordinator in a matter that presents an apparent or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and either party compromises or appears to compromise the parenting coordinator's ability to serve. The burden of disclosure of any potential conflict of interest rests on the parenting coordinator. Disclosure shall be made as soon as practical after the parenting coordinator becomes aware of the potential conflict of interest. If a parenting coordinator makes an appropriate disclosure of a conflict of interest or a potential conflict of interest, he or she may serve if all parties agree. However, if a conflict of interest substantially impairs a parenting coordinator's ability to serve, the parenting coordinator shall decline the appointment or withdraw regardless of the express agreement of the parties.

A parenting coordinator shall not provide any services to either party that would impair the parenting coordinator's ability to be neutral.

## What should I do next?

After completing and signing this form, you must file this document with the clerk of the circuit court in the county in which the action is pending and keep a copy for your records.

You must mail, e-mail, or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For more information, see section 61.125; Florida Statutes, Florida Family Law Rule of Procedure 12.742, Rules for Qualified and Court Appointed Parenting

Coordinators and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
　　　　　　　　Petitioner,
　　and

_____,
　　　　　　　　Respondent.

# RESPONSE BY PARENTING COORDINATOR

I, {name}_____notify the Court and affirm the
following:

1. Acceptance.
   [Choose only **one**]
   a. _____ I accept the appointment as parenting coordinator.

   b. _____ I decline the appointment as parenting coordinator.

2. Qualifications.
   [Choose only **one**]
   a. _____ I meet the qualifications in section 61.125(4), Florida Statutes.

   b. _____ I do not meet the qualifications in section 61.125(4), Florida Statutes. However, the parties
   have chosen me by mutual consent and I believe I can perform the services of a parenting
   coordinator because: _____
   _____
   _____

3. I am not aware of any conflict, circumstance, or reason that renders me unable to serve as the
   parenting coordinator in this matter and I will immediately inform the court and the parties if such
   arises.

4. I understand my role, responsibility, and authority under the Order of Referral to Parenting
   Coordinator, Florida Family Law Rules of Procedure Form 12.984(a); section 61.125, Florida Statutes;
   Florida Family Law Rule of Procedure 12.742; and Rules for Qualified and Court Appointed Parenting
   Coordinators.

**I hereby affirm the truth of the statements in this acceptance and understand that if I make any false representations in this acceptance, I am subject to sanctions by the Court.**


_____          _____
Date                                          Signature of Parenting Coordinator
                                                 Printed Name:_____
                                                 Address: _____
                                                 City, State, Zip: _____
                                                 Telephone Number: _____
                                                 E-mail: _____
                                                 Professional License # (if applicable) _____
                                                 Professional Certification # (if applicable) _____


I certify that a copy of this document was [**check all used**] to the person(s) listed below on *{date}* _____.

_____Petitioner _____ e-mailed _____ mailed _____ faxed _____ hand-delivered

_____Attorney for Petitioner _____ e-mailed _____ mailed _____ faxed _____ hand-delivered

_____Respondent _____ e-mailed _____ mailed _____ faxed _____ hand-delivered

_____Attorney for Respondent _____ e-mailed _____ mailed _____ faxed _____ hand-delivered

_____Other: _____ _____ e-mailed _____ mailed _____ faxed _____ hand-delivered


                                                 _____
                                                 Title


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}* _____, *{telephone number}* _____.


Florida Family Law Rules of Procedure Form 12.984(b), Response by Parenting Coordinator (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(c)
# PARENTING COORDINATOR REPORT OF AN EMERGENCY (10/21)

## When should this form be used?

A person appointed as a parenting coordinator must immediately inform the court of an emergency situation pursuant to section 61.125(8), Florida Statutes. This form is used by the parenting coordinator to report an emergency with or without notice to the parties. It is critical to differentiate whether notice to the parties is required under the facts of any emergency.

*Report With Notice.* A parenting coordinator, upon information and belief, must immediately inform the court by affidavit or verified report of an emergency in which a party obtains a final order or injunction of protection against domestic violence or is arrested for an act of domestic violence as provided under chapter 741, Florida Statutes

*Report Without Notice.* A parenting coordinator must immediately inform the court by affidavit or verified report of an emergency situation if:

1. There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect, or abandonment as provided under chapter 39, Florida Statutes;

2. There is a reasonable cause to suspect a vulnerable adult has been or is being abused, neglected, or exploited as provided under chapter 415, Florida Statutes;

3. A party, or someone acting on a party's behalf, is expected to wrongfully remove or is wrongfully removing the child from the jurisdiction of the court without prior court approval or compliance with the requirements of section 61.13001, Florida Statutes. If the parenting coordinator suspects that the parent has relocated within the state to avoid domestic violence, the coordinator may not disclose the location of the parent and child unless required by court order.

This form should be typed or printed in black ink.

## What should I do next?

After completing and signing this form, you must file this document with the clerk of the circuit court in the county in which the action is pending, provide a copy to the presiding judge, and keep a copy for your records.

*Report With Notice*. If notice to the parties is required under section 61.125(8)(b), Florida Statutes, you must also mail or hand deliver a copy of this form to attorney(s) for the parents or, if not represented by an attorney, to the parents.

*Report Without Notice*. If notice to the parties is not required, you must mail or hand-deliver a copy of this form to the Judge presiding over the case.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For more information, see section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; Rules for Qualified and Court Appointed Parenting Coordinators; and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (10/21)

- 278 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (10/21)

- 279 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
        and

_____,
                    Respondent.


# PARENTING COORDINATOR REPORT OF AN EMERGENCY


The undersigned parenting coordinator reports an emergency to the court:

1. _____ With notice to the parties.  A party has obtained a final order or injunction of protection

    against domestic violence or has been arrested for an act of domestic violence as provided

    under chapter 741, F.S.

2. _____ Without notice to the parties pursuant to section 61.125 (8)(a), Florida Statutes, because:
(choose all that apply)

    a. _____ There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect,

        or abandonment as provided under chapter 39, Florida Statutes.

    b. _____ There is a reasonable cause to suspect a vulnerable adult has or is being abused, neglected,

        or exploited as provided under chapter 415, Florida Statutes.

    c. _____ A party, or someone acting on a party's behalf, is expected to wrongfully remove or is

        wrongfully removing the child from the jurisdiction of the court without prior approval or

        compliance with the requirements of section 61.13001, Florida Statutes.

3. Describe the emergency: _____

_____

_____.


**VERIFICATION BY PARENTING COORDINATOR**

I, _____ (name of parenting coordinator) do hereby

swear or affirm that the facts contained in this Parenting Coordinator Report of an Emergency are true

and correct to the best of my knowledge and belief.


_____          _____
Date                                            Signature of Parenting Coordinator
                                                Printed Name: _____
                                                Address: _____
                                                City, State, Zip: _____
                                                Telephone Number: _____
                                                E-mail: _____
                                                Professional License # (if applicable) _____
                                                Professional Certification # (if applicable) _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                                _____
                                                NOTARY PUBLIC or DEPUTY CLERK


                                                _____
                                                [Print, type, or stamp commissioned name of notary or
                                                 deputy clerk.]

_____ Personally known
_____ Produced identification
      Type of identification produced _____

I certify that a copy of this document was [**check all used**] to the persons listed below on
*{date}* _____.

\_\_\_\_\_ Presiding Judge \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Petitioner \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Attorney for Petitioner \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Attorney for Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Other: _____ \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered


                                                _____
                                                Title

Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (10/21)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(a), INCOME DEDUCTION ORDER (10/21)

## When should this form be used?

This form should be used in all cases when the court has ordered that support be paid by the **obligor's payor** through an income deduction order.

This form includes several blanks that must be filled in as applicable. The obligor is the person who is obligated to pay the support ordered by the court and the **obligee** is the person entitled to receive the support awarded by the court.

In Paragraph 1, one of the three lines must be checked off. The court order that establishes the support award and/or the settlement or mediation agreement entered into between the parties should state the effective date of the **Income Deduction Order**. The appropriate effective date should be checked off in Paragraph 1.

The blank lines in Paragraph 2 should be completed tracking the same terms of support as are in the court order that establishes the support award and/or the settlement or mediation agreement. The first blank in each line should state the amount of the support payment and the second blank in each line should state the time period that covers said support award. For example, if the child support is $100 per month the first blank would say $ "*100*" and the second blank in that line would say *"month"*. Similarly, if the payments are to be payable weekly, then the second blank would say "*week*". If there are any arrearages owed at the time the **Income Deduction Order** is entered, they must be included in the line for arrears, along with the amount and frequency of the payments due for the arrears, which must be no less than 20% of the current support obligation. All orders for immediate income deduction must be paid through the State Disbursement Unit. The actual dollar amount of the Clerk's fee for the support awarded in your case (4% of each payment not to exceed $5.25 per payment) must be included on the appropriate line.

Paragraph 6 must be completed to show what percentage, if any, of a one-time payment made to the obligor should be applied to any arrearage in support that may be due to the obligee.

If the **Income Deduction Order** is addressing child support, you must complete the schedule in paragraph 7 to show the amount of child support for all the minor children at the time of the entry of this order and the amount of the child support that will be owed for any remaining child(ren) after one or more of the children are no longer entitled to receive child support. You should also show in the schedule the day, month, and year that the child support obligation terminates for each minor child. The date child support terminates should be listed as the child's 18th birthday unless the court has found that section 743.07(2), Florida Statues, applies, or the parties have otherwise agreed to a different date. You should use the record existing at the time of this order for the basis of computing all child support obligations.

If the **Income Deduction Order** is addressing child support, you must also complete and attach the federal INCOME WITHHOLDING FOR SUPPORT (IWO) FORM (OMB Form 0970-0154) to the Income Deduction Order. When filling out an Income Withholding for Support Form, please note the following additional instructions for that form:
  1.   The Remittance Identifier is the County Code for the county in which the case was heard

followed by the Case Number.  A list of county codes is included with these instructions.

2. The FIPS code may be found on the attached list.  Use the code for the County in which the case is pending.

FIPS and County Codes

| COUNTY | FIPS | COUNTY CODE | COUNTY | FIPS | COUNTY CODE |
|---|---|---|---|---|---|
| ALACHUA | 12001 | 01 | LAKE | 12069 | 35 |
| BAKER | 12003 | 02 | LEE | 12071 | 36 |
| BAY | 12005 | 03 | LEON | 12073 | 37 |
| BRADFORD | 12007 | 04 | LEVY | 12075 | 38 |
| BREVARD | 12009 | 05 | LIBERTY | 12077 | 39 |
| BROWARD | 12011 | 06 | MADISON | 12079 | 40 |
| CALHOUN | 12013 | 07 | MANATEE | 12081 | 41 |
| CHARLOTTE | 12015 | 08 | MARION | 12083 | 42 |
| CITRUS | 12017 | 09 | MARTIN | 12085 | 43 |
| CLAY | 12019 | 10 | MONROE | 12087 | 44 |
| COLLIER | 12021 | 11 | NASSAU | 12089 | 45 |
| COLUMBIA | 12023 | 12 | OKALOOSA | 12091 | 46 |
| DADE | 12025 | 13 | OKEECHOBEE | 12093 | 47 |
| DESOTO | 12027 | 14 | ORANGE | 12095 | 48 |
| DIXIE | 12029 | 15 | OSCEOLA | 12097 | 49 |
| DUVAL | 12031 | 16 | PALM BEACH | 12099 | 50 |
| ESCAMBIA | 12033 | 17 | PASCO | 12101 | 51 |
| FLAGLER | 12035 | 18 | PINELLAS | 12103 | 52 |
| FRANKLIN | 12037 | 19 | POLK | 12105 | 53 |
| GADSDEN | 12039 | 20 | PUTNAM | 12107 | 54 |
| GILCHRIST | 12041 | 21 | ST. JOHNS | 12109 | 55 |
| GLADES | 12043 | 22 | ST. LUCIE | 12111 | 56 |
| GULF | 12045 | 23 | SANTA ROSA | 12113 | 57 |
| HAMILTON | 12047 | 24 | SARASOTA | 12115 | 58 |
| HARDEE | 12049 | 25 | SEMINOLE | 12117 | 59 |
| HENDRY | 12051 | 26 | SUMTER | 12119 | 60 |
| HERNANDO | 12053 | 27 | SUWANNEE | 12121 | 61 |
| HIGHLANDS | 12055 | 28 | TAYLOR | 12123 | 62 |
| HILLSBOROUGH | 12057 | 29 | UNION | 12125 | 63 |
| HOLMES | 12059 | 30 | VOLUSIA | 12127 | 64 |
| INDIAN RIVER | 12061 | 31 | WAKULLA | 12129 | 65 |
| JACKSON | 12063 | 32 | WALTON | 12131 | 66 |
| JEFFERSON | 12065 | 33 | WASHINGTON | 12133 | 67 |
| LAFAYETTE | 12067 | 34 | | | |

## What should I do next?

For this order to be effective, it must be signed by the **judge**. This form should be typed or printed in black

Instructions for Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

ink. After completing this form, you must first send a copy to the other **party** or his or her **attorney**, if he or she is represented by an attorney, for approval or objection to the form before you send it to the judge assigned to your case. If the opposing party or his or her attorney, if represented, approves the form order, you may send the original proposed order and two copies to the judge assigned to your case with a letter telling the judge that you have first sent a copy of this proposed order to the opposing counsel or party, if unrepresented, and that they have no objection to the judge signing this order.  If the other party or his or her attorney, if represented, has an objection to the proposed order as completed by you, you must tell the judge that you have sent a copy of this proposed order to the opposing party or his or her counsel, if represented, and that they specifically object to the entry of the proposed form **Income Deduction Order**. You must also send stamped self-addressed envelopes to the judge addressed to you and the opposing party or his or her attorney, if represented.  You should keep a copy for your own records. If the judge signs the **Income Deduction Order**, the judge will mail you and the opposing party (or their attorney) copies of the signed order in the envelopes you provide to the court.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information see section 61.1301, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

The Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances.  **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516.  You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.
**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

To serve and receive documents by e-mail, you must designate your e-mail address by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General)**, Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special Instructions...

When the **Income Deduction Order** becomes effective (either immediately or delayed until arrearage), you must then also send a copy of the **Income Deduction Order,** by certified mail, return receipt requested, to the obligor's employer along with a **Notice to Payor,** Florida Family Law Rules of Procedure Form 12.996(b), for the **Income Deduction Order** to take effect.

It is your responsibility to determine what extra steps and/or forms, if any, must be taken, supplied, and/or filed to insure the **Income Deduction Order** is implemented.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,

IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
            Petitioner,
    and
_____,
            Respondent.

**INCOME DEDUCTION ORDER**

TO: ANY PRESENT OR SUBSEQUENT EMPLOYERS/PAYORS OF OBLIGOR
*{name}* _____

YOU ARE HEREBY ORDERED to make regular deductions from all income due and payable to the above-named obligor in accordance with the terms of this order as follows:

1.  This Income Deduction Order shall be effective

    *{Choose only one}*
    _____ immediately.
    _____ upon a delinquency in the amount of $_____ but not to exceed one month's payment, pursuant to the order establishing, enforcing, or modifying the obligation.
    _____ beginning *{date}* _____.

2.  You shall deduct:

    $_____ per _____ for ongoing child support. Child support shall be automatically reduced or terminated consistent with the schedule in paragraph 7; and
    $_____ per _____ for retroactive child support; and
    $_____ per _____ for child support arrears totaling $_____ as of _____; and
    $_____ per _____ for bridge-the-gap alimony; and
    $_____ per _____ for permanent alimony; and
    $_____ per _____ for rehabilitative alimony; and
    $_____ per _____ for durational alimony; and
    $_____ per _____ for permanent alimony; and
    $_____ per _____ for retroactive alimony; and
    $_____ per _____ for alimony arrears totaling $_____ as of_____; and
    $_____ per_____ for _____; and
    $_____ per_____ for Clerk's Fee (4% of each payment not to exceed $5.25 per payment);
    **$_____Total amount of income to be deducted each_____.**

Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

3.  You shall pay the deducted amount to the "State of Florida Disbursement Unit," and mail it to the State of Florida Disbursement Unit P.O. Box 8500, Tallahassee, FL 32314-8500, (tel.) (877) 769-0251. All payments must include the obligor's name (last, middle, first), obligor's social security number, obligee's name (last, middle, first), name of county where court order originated, and case number/depository number. All payments must be made by check, money order, cashier's check, certified check, or through the Internet with access provided by the State of Florida https://fl.smartchildsupport.com/. No credit will be given for any payments made directly to the obligee without a court order permitting direct payments.

4.  If a delinquency accrues after the order establishing, modifying, or enforcing the obligation has been entered and there is no order for repayment of the delinquency or a preexisting arrearage, a payor shall deduct an additional 20 percent of the current support obligation or other amount agreed to by the parties until the delinquency and any attorneys' fees and costs are paid in full. No deduction may be applied to attorneys' fees and costs until the delinquency is paid in full.

5.  You shall not deduct in excess of the amounts allowed under the Consumer Credit Protection Act, 15 U.S.C. §673(b), as amended.

6.  You shall deduct *{Choose only one}* (    ) the full amount, (    ) _____%, or (    ) none of the income which is payable to the obligor in the form of a bonus or other similar one-time payment, up to the amount of arrearage reported in the Income Deduction Order or the remaining balance thereof, and forward the payment to the State of Florida Disbursement Unit. For purposes of this subparagraph, "bonus" means a payment in addition to an obligor's usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not include any commission payments due an obligor.

7.  Child Support Reduction/Termination Schedule. Child support shall be automatically reduced or terminated as set forth in the following schedule:

| Please list children by initials from eldest to youngest | | Insert in this column the day, month, and year the child support obligation terminates for each designated child (see instructions) | | Insert in this column the amount of child support for all minor children remaining (including designated child). |
|---|---|---|---|---|
| **Child 1** (Eldest) Initials & year of birth: | *From the effective date of this Income Deduction Order **until** the following date:* | | *child support for Child 1 and all other younger child(ren) should be paid in the following monthly amount:* | |

Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

| | | | | |
|---|---|---|---|---|
| **Child 2** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 2 and all other younger child(ren) should be paid in the following monthly amount:* | |
| **Child 3** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 3 and all other younger child(ren) should be paid in the following monthly amount:* | |
| **Child 4** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 4 and all other younger child(ren) should be paid in the following monthly amount:* | |
| **Child 5** Initials & year of birth: | *After the date set forth in the row above until the following date:* | | *child support for Child 5 and all other younger child(ren) should be paid in the following monthly amount:* | |

*(Continue on additional pages for additional children)*

8. This Income Deduction Order shall remain in effect so long as the underlying order of support is effective or until further order of the court.

**STATEMENT OF OBLIGOR'S RIGHTS, REMEDIES, AND DUTIES**

9. The obligor is required to pay all amounts and fees specified within this Income Deduction Order.

10. The amounts deducted may not be in excess of that allowed under the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.

11. This income deduction order applies to all of the obligor's current and subsequent payors and periods of employment.

12. A copy of the Income Deduction Order will be served upon the obligor's payor or payors.

13. Enforcement of the Income Deduction Order may only be contested on the ground of mistake of fact regarding the amount owed pursuant to the order establishing, enforcing, or modifying the obligation, the arrearages, or the identity of the obligor, the payor, or the obligee.

14. The obligor is required to notify the obligee and, when the obligee is receiving IV-D services, the IV-D agency, within 7 days of any changes in the obligor's address, payors, and the addresses of the obligor's payors.

Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

15. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs, income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.

16. If any form of child support is provided for above, attached hereto and incorporated herein by reference is an INCOME WITHHOLDING FOR SUPPORT (IWO) Form notice in accordance with OMB Form 0970-0154 and 42 U.S.C. §666(b)(6)(A)(ii).


ORDERED on_____.


_____
CIRCUIT JUDGE


I certify that a copy of this document was served *{check all used}* to the person(s) listed below on *{date}*.

_____ Petitioner: (    ) e-mailed (    ) mailed (    ) faxed  (    ) hand delivered

_____ Attorney for Petitioner: (    ) e-mailed  (    ) mailed (    ) faxed (    ) hand delivered

_____ Respondent: (    ) e-mailed  (    ) mailed (    ) faxed  (    ) hand delivered

_____ Attorney for Respondent: (    ) e-mailed  (    ) mailed (    ) faxed (    ) hand delivered

_____ Other: _____: (    ) e-mailed  (    ) mailed (    ) faxed  (    ) hand delivered


_____
Title


Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.996(b)
## NOTICE TO PAYOR
## (10/21)

### When should this form be used?

This form should be used when an **Income Deduction Order** has been entered by the Court which is to take effect immediately.

This form should be typed or printed in black ink. After completing this form, you should file this document with the **clerk of the circuit court** in the county in which the action is pending. You should keep a copy for your own records.

### What should I do next?

A copy of this form, and a copy of the Income Deduction Order, must be sent to the **obligor's** payor by certified mail, return receipt requested. The return receipt should be sent to the person that prepared this form so that it can filed with the clerk along with Florida Family Law Rules of Procedure Form 12.996(c), **Notice of Filing Return Receipt**.

A copy of this form must also be served on the other party or his or her attorney. Service must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-

mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special Instructions. . .

The Obligor's Social Security Number must be written on the copies of the Notice to Payor that are mailed to the Obligor's Payor and served on the other party or his or her attorney.  The Social Security Number should **NOT** be written on the copy of the Notice to Payor filed with the court.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE TO PAYOR

TO:
Name of Obligor's Payor: _____
Payor's Address: _____
_____

RE:                    **Obligor**                                        **Obligee**
Name: _____                    _____
Address: _____                    _____
_____                    _____

**Obligor's Social Security Number: _____.**
**NOTE:  The Obligor's Social Security Number should be placed on the copy of the Notice to Payor that is mailed to the Obligor's Payor.  This line should be left blank on the original Notice to Payor filed with the court.**

**YOU, THE PAYOR, ARE HEREBY NOTIFIED** that, under section 61.1301, Florida Statutes, you have the responsibilities and rights set forth below with regard to the accompanying Income Deduction Order and/or any attachment(s):

1.  You are required to deduct from the obligor's income the amount specified in the income deduction order, and in the case of a delinquency the amount specified in the notice of delinquency, and to pay that amount to the State of Florida Disbursement Unit.  The amount actually deducted plus all administrative charges shall not be excess of the amount allowed under s. 303(b) of the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.

2.  You must implement income deduction no later than the first payment date which occurs more than 14 days after the date the income deduction order was served on you, and you shall conform the amount specified in the income deduction order or, in Title IV-D cases, income deduction notice to the obligor's pay cycle. The court should request at the time of the order that the payment cycle will reflect that of the obligor.

3.  You must forward, within 2 days after each date the obligor is entitled to payment from you, to the State of Florida Disbursement Unit, the amount deducted from the obligor's income, a statement as

Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (10/21)

to whether the amount totally or partially satisfies the periodic amount specified in the income deduction order, or in Title IV-D cases, income deduction notice, and the specific date each deduction is made. If the IV-D agency is enforcing the order, you shall make these notifications to the agency.

4. If you fail to deduct the proper amount from the obligor's income, you are liable for the amount you should have deducted, plus costs, interest, and reasonable attorneys' fees;

5. You may collect up to $5 against the obligor's income to reimburse you for administrative costs for the first income deduction and up to $2 for each deduction thereafter.

6. The notice to payor, or, in Title IV-D cases, income deduction notice, and in the case of a delinquency, the notice of delinquency, are binding on you until further notice by the obligee, IV-D agency, or the court or until you no longer provide income to the obligor.

7. When you no longer provide income to the obligor, you shall notify the obligee and provide the obligor's last known address and the name and address of the obligor's new payor, if known. If you violate this provision, you are subject to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. If the IV-D agency is enforcing the order, you shall make these notifications to the agency instead of the obligee. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction order.

8. You shall not discharge, refuse to employ, or take disciplinary action against an obligor because of the requirement for income deduction. A violation of this provision subjects you to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction, if any alimony or child support obligation is owing. If no alimony or child support obligation is owing, the penalty shall be paid to the obligor.

9. The obligor may bring a civil action in the courts of this state against a payor who refuses to employ, discharges, or otherwise disciplines an obligor because of income deduction. The obligor is entitled to reinstatement of all wages and benefits lost, plus reasonable attorneys' fees and costs incurred.

10. The requirement for income deduction has priority over all other legal processes under state law pertaining to the same income and that payment, as required by the notice to payor or the income deduction notice, is a complete defense by the payor against any claims of the obligor or his or her creditors as to the sum paid.

11. When you receive notices to payor or income deduction notices requiring that the income of two or more obligors be deducted and sent to the same depository, the payor may combine the amounts that are to be paid to the depository in a single payment as long as the payments attributable to each obligor are clearly identified.

12. If you receive more than one notice to payor or income deduction notice against the same obligor, the payor shall contact the court or, in Title IV-D cases, the Title IV-D agency for further instructions.

13. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to the emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs,

income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.

14. All notices to the obligee shall be sent to the address provided in this notice to payor, or any place thereafter the obligee requests in writing.

15. An employer who employed 10 or more employees in any quarter during the preceding state fiscal year or who was subject to and paid tax to the Department of Revenue in an amount of $20,000 or more shall remit support payments deducted pursuant to an income deduction order or income deduction notice and provide associated case data to the State Disbursement Unit by electronic means approved by the department. Payors who are required to remit support payments electronically can find more information on how to do so by accessing the State Disbursement Unit's website https://fl.smartchildsupport.com/. Payment options include Expert Pay, Automated Clearing House (ACH) credit through your financial institution, www.myfloridacounty.com, or Western Union. Payors may contact the SDU Customer Service Employer telephone line at 1-877-769-0251.

16. Additional information regarding the implementation of this Notice to Payor may be found at https://fl.smartchildsupport.com/ .

**I certify that a copy of this document was [check all used]: \_\_\_\_\_ emailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-Mail Address(es): _____
Florida Bar Number: _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM**, **HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* \_\_\_\_\_Petitioner \_\_\_\_\_ Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____, *{state}* \_\_\_\_, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (10/21)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.996(c)
## NOTICE OF FILING RETURN RECEIPT (10/21)

### When should this form be used?

This form should be used when an **Income Deduction Order**, Florida Family Law Rules of Procedure Form 12.996(a), is entered by the court and a **Notice to Payor**, Florida Family Law Rules of Procedure Form 12.996(b), has been sent by certified mail to the **obligor's payor**. When the post office returns the return receipt to you showing that the obligor's payor has received the **Notice to Payor**, you should type or print this form in black ink. After completing this form, you should sign it and attach the return receipt you received from the post office. This form (and the attached return receipt) should be **filed** with the **clerk of the circuit court** in the county in which the action is pending. You should keep a copy for your own records.

### What should I do next?

A copy of this form must also be served on the other party or his or her attorney. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration

provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914**; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                Petitioner,
     and

_____,
               Respondent.

## NOTICE OF FILING RETURN RECEIPT

*{Name}* _____, the [**check only one**] (   )Petitioner (   )Respondent, files the attached Return Receipt in reference to the Notice to Payor sent by certified mail to *{Payor's name}* _____**,** the [**check only one**] (   ) Petitioner's (   ) Respondent's employer.

**I certify that a copy of this document was [check all used]: (   ) emailed (   ) mailed (   ) faxed (   ) hand delivered to the persons(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her Attorney

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____
Florida Bar Number: _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [**fill in **all** blanks] This form was prepared for the: *{choose only **one**}*

_____ Petitioner _____ Respondent

This form was completed with the assistance of:

*{name of individual}* _____ ,

*{name of business}* _____ ,

*{address}* _____ ,

*{city}* _____ , *{state}* _____ , *{zip code}* _____ , *{telephone number}* _____ .